PETITIONER/DEFENDANT
JORE CASAS
U.S.M.#92450-198
F.D.C. HONOLULU unit 5-a
P.O. BOX 30080
HONOLULU, HAWAII 96820

ORIGINAL

UNITED STATES DISTRICT COURT
THE DISTRICT OF HAWAII

CR. NO. 00-00184 HG

| | |
|---|---|
| UNITED STATES OF AMERICA ) | NOTICE OF MOTION TO RECONSIDER: |
| Plaintiff, ) | REQUEST FOR SUBSTITUTE |
| ) | COUNSEL. |
| vs. ) | |
| ) | |
| Jorge Casas ) | |
| Defendant. ) | |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 15 2006

at __ o'clock and 00 min P M
SUE BEITIA, CLERK

## MOTION TO RECONSIDER REQUEST FOR SUBSTITUTE COUNSEL.

Now comes the defendant without counsel and moves this honorable court to reconsider a motion from appointed counsel to withdraw himself from my case on January 26, 2006. On that said date the (A.U.S.A.) Government, entered a motion to counter the withdrawal of counsel. I was then accused by A.U.S.A. of trying to delay my trial, which is FALSE. My first language is Spanish and the Sixth Amendment guarantees the right to understand the nature of the cause of the cause of action against me, and the right to effective counsel. All the documentation provided from my previous Attorney was in English.

I am doing my best to try to understand how the LAW works, and what I am actually accused of and what real evidence the A.U.S.A. have against me. The lack of communication my current Attorney has provided is less than minimal. I also believe that he is working against me. I strongly believe the judge erred by denying the withdrawal of counsel, and my request for substitute counsel.

The ninth circuit has reported that the federal courts are nearly unanimous in their holding that an irreconcilable conflict between a defendant and his attorney that leads to a breakdown in communictions can prevent an attorney from serving as a type of advocate guaranteed by the sixth amendment as interpreted in such cases as Anders v. California, 386 U.S. 738. 18L. Ed. 2d 493, 87 s. Ct. 1396 (1967) and UNITED STATES v. Cronic, 466, U.S. 648, 80 L. Ed. 2d 657, 140 S. Ct. 2039 (1984) See, Plumlee v. Del Papa, No. 04-15101 (9th Circuit 2005). In cases which "Counsel intirely fails to subject the prosecution's case to meaningful adversarial testing, ineffectiveness will presumed under Cronic. Also in Strictland v. Washington, 466 U.S. 688, 691, 80L. Ed. 2d 674 104 S. Ct. 2052 (1984). The sixth amendment requires investigation and preparation, not only to exonerate, but also to secure and protec the rights of the accused. Such constitutional rights are guaranteed to the innocent and the guilty alike, and failure to investigate, communicate and to file appropriate motion is indeffectiveness. See e. g., Kimmelman v. Morrison, 477 U.S. 365, 91L. Ed. 305 106 S. Ct. 2574 (1986). The Ninth Circuit gas reversed convictions due to ineffective pretrial consultations, investigations and preparations. Therefore the defendant prays that this Honorable Court grant my Attorney motion to withdraw and consider my request for substitute counsel.

CC. Mexican Consulate.

<u>DECLARATION</u>

I, _Jorge Casas_____, declare under penalty of perjury that I have read and subscribe to the adove and state that the information contained therein is true and correct to the best of my knowledge.

Executed on _02-12-06_ at _HONOLULU, HAWAII_
             (date)          (place)

_/s/ JC_____
(Signature of Petitioner)


_____
Signature of Attorney (if any)