EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

THOMAS MUEHLECK 3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone: 541-2850
Facsimile: 541-2958
Tom.Muehleck.@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 00-00184-01 HG |
| ) | |
| Plaintiff, ) | |
| ) | UNITED STATES' OPPOSITION TO |
| vs. ) | DEFENDANT'S MOTION TO COMPEL |
| ) | PRODUCTION OF GRAND JURY |
| JORGE CASAS,      (01),) | TRANSCRIPTS; EXHIBITS 1 - 6 |
| aka "Jorge Cano," ) | |
| aka "George," ) | Date: |
| ) | Time: |
| Defendant. ) | Judge: |
| _____) | |

<u>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION
TO COMPEL PRODUCTION OF GRAND JURY TRANSCRIPTS</u>

The defendant's request for grand jury transcripts is basically unsupported.  A party seeking disclosure of grand jury transcripts must demonstrate with particularity existence of a compelling need for disclosure.  <u>Dennis v. United States</u>, 384 U.S. 855, 870 (1966); <u>United States v. Proctor & Gamble, Co.</u>, 356 U.S. 677, 683 (1958); <u>United States v. Walczak</u>, 783 F.2d 852, 857 (9th Cir. 1986).

Access to grand jury transcripts "may not be ordered unless the defendant demonstrates with particularity the existence of a compelling need that is sufficient to outweigh the policy of grand jury secrecy." United States v. DeTar, 832 F.2d 1110, 1113 (9th Cir. 1988). Review of grand jury minutes should not be allowed without concrete allegations of government misconduct. United States v. Leung, 40 F.3d 577, 582 92d Cir. 1994).

Counsel for defendant Casas offers the letter from "an anonymous FBI special agent." Defendant Memorandum, page 2. This exact letter has previously been seen and considered by this Court. See Exhibit 1. Motion of Co-defendant Mona HuiHui to Suppress Evidence (Exhibit B). In response to co-defendant Huihui's motion to suppress the evidence, the United States submitted documents and the Affidavit of Drug Enforcement Administration Special Agent Michael Rothermund. See Exhibit 2.[1]

Agent Rothermund's affidavit addresses the claims of "misconduct and serious misrepresentation" and that case agent Rothermund lied several times in the affidavit for the wiretap.

At conclusion of the hearing on Huihui's motion to suppress the wiretap, the Court found the materials submitted by the United States and Agent Rothermund's affidavit to be

---

[1] Agent Rothermund has since been reassigned to the DEA post at the American Embassy in Bangkok, Thailand.

persuasive. The Court questioned the accuracy of the allegations made in the anonymous letter. The Court denied co-defendant Huihui's motion to suppress. See Exhibit 3.

Defendant Casas also argues that information disclosed by the United States in the case of United State v. Steven Brooks, Cr. No. 98-00591 SOM regarding Agent Rothermund supports his request for disclosure of grand jury transcripts.

Again, defendant's reliance on the United States disclosure is misplaced. In an unrelated investigation in 1998, Special Agent Rothermund signed a consent to search form acknowledging an owner's consent to search when, in fact, another DEA agent had obtained the consent from the owner. Special Agent Rothermund incorrectly signed the consent form although he was not present during the giving of consent.

The Office of Professional Responsibility investigated Special Agent Rothermund's actions of signing the consent to search form and found that Special Agent Rothermund's activities did not warrant discipline. On February 4, 2000, the Office of Professional Responsibility closed the matter, finding that the incident did not call into question Special Agent Rothermund's honesty or integrity.

Furthermore, the Court in United States v. Brooks, barred the defense from offering information that Special Agent Rothermund had signed as a witness to the consent to search form.

The Court ruled that the evidence was irrelevant and unduly prejudiced.  See Exhibit 4.  The Court also barred the defense in <u>United States v. Vanessa Barut</u>, Cr. No. 01-00160 SOM from impeaching Special Agent Rothermund with the information regarding the consent form.  See Exhibits 5 and 6.

<u>Conclusion</u>

Defendant's claim is based on mere speculation and is rebutted by the sworn affidavit of the DEA case agent. Accordingly, defendant's claim does not constitute a particularized need that outweighs the need for grand jury secrecy.  Defendant's motion should be denied.

DATED:  May 5, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/Thomas Muehleck
   THOMAS MUEHLECK
   Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served by First Class Mail:

| | |
|---|---|
| Mr. G. Gary Singh<br>Attorney at Law<br>220 S. King St., Suite 2150<br>Honolulu, HI 96813<br><br>   Attorney for Defendant<br>   Jorge Casas | May 5, 2006 |

                                                  /s/Rowena N. Kang