REGINALD P. MINN 1810
Attorney at Law
Davies Pacific Center
841 Bishop Street, Suite 2116
Honolulu, Hawaii 96813
Telephone: (808) 526-9343

Attorney for Defendant
MONA HIIACA HUIHUI

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN - 9 2001

at 2 o'clock and ___ min __ M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00184 HG (08) |
| Plaintiff, | ) ) | NOTICE OF MOTION; |
| vs. | ) ) | DEFENDANT MONA HIIACA HUIHUI'S MOTION TO SUPPRESS EVIDENCE; |
| JORGE CASAS, (01), aka "Jorge Cano," aka "George," | ) ) ) | MEMORANDUM OF LAW; DECLARATION OF COUNSEL; EXHIBITS "A" - "E"; |
| LEAH CARDENAS, (02), | ) | CERTIFICATE OF SERVICE |
| BASILIA SALAMANCA, (03), | ) | |
| JESUS MARTIN REYES MOJARDIN, (04), aka "The Man," | ) ) | DATE: February 15, 2001 TIME: 1:30 p.m. |
| RAQUEL SALAZAR SALAZAR, (05), aka "Don Alberto," aka "Don Roberto," | ) ) ) | JUDGE: Hon. Helen Gillmor |
| SABINO ALBARRAN, (06), aka "Pelon," | ) ) | |
| ANTONIO MORA-GARCIA, (07), aka "Tono," | ) ) | |
| MONA HIIACA HUIHUI, (08), aka "Jiaca," | ) ) | |
| KARLA KAHAU, (09), | ) | |
| MIGUEL GAYTAN PEREZ, (10), aka "Pato," | ) ) | |
| CARLOS REYES-CASTRO, (11), aka "Sergio," aka "Carlos," | ) ) ) | |
| Defendants. | ) ) | |

**EXHIBIT 1**

## NOTICE OF MOTION

TO: Richard L. Hoke, Jr.
Century Square
1188 Bishop Street, Suite 907
Honolulu, Hawaii 96813

Pamela E. Tamashiro
Dillingham Transportation Bldg.
735 Bishop Street, Suite 430
Honolulu, Hawaii 96813

Fernando L. Cosio
735 Bishop Street, Suite 233
Honolulu, Hawaii 96813

Mary Ann Barnard
P.O. Box 235520
Honolulu, Hawaii 96823

Alvin T. Ito
745 Fort Street Mall, Suite 702
Honolulu, Hawaii 96813

Louis Ching
4475 Kilauea Avenue
Honolulu, Hawaii 96816

Mark R. Zenger
P.O. Box 1170
Honolulu, Hawaii 96807

Mary A. Wilkowski
700 Richards Street, Suite 1804
Honolulu, Hawaii 96813

Thomas Muehleck, Esq.
Assistant United States Attorney
PJKK Federal Building
Room 6-100, 300 Ala Moana Blvd.
Honolulu, Hawaii 96850

PLEASE TAKE NOTICE that the foregoing Motion will be presented before the Honorable **Helen Gillmor**, Judge of the above-entitled Court, in her Courtroom located in the Federal Building, 300 Ala Moana Boulevard, Honolulu, Hawaii on **Thursday, February 15, 2001, at 1:30 p.m.** of said day, or as soon thereafter as counsel may be heard.

DATED: Honolulu, Hawaii, _____1/9/07_____.

_____
REGINALD P. MINN
Attorney for Defendant
MONA HIIACA HUIHUI

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00184 HG (08) |
| | ) | |
| Plaintiff, | ) | DEFENDANT MONA HIIACA |
| | ) | HUIHUI'S MOTION TO |
| vs. | ) | SUPPRESS EVIDENCE |
| | ) | |
| JORGE CASAS, (01), | ) | |
| aka "Jorge Cano," | ) | |
| aka "George," | ) | |
| LEAH CARDENAS, (02), | ) | |
| BASILIA SALAMANCA, (03), | ) | |
| JESUS MARTIN REYES MOJARDIN, (04), | ) | |
| aka "The Man," | ) | |
| RAQUEL SALAZAR SALAZAR, (05), | ) | |
| aka "Don Alberto," | ) | |
| aka "Don Roberto," | ) | |
| SABINO ALBARRAN, (06), | ) | |
| aka "Pelon," | ) | |
| ANTONIO MORA-GARCIA, (07), | ) | |
| aka "Tono," | ) | |
| MONA HIIACA HUIHUI, (08), | ) | |
| aka "Jiaca," | ) | |
| KARLA KAHAU, (09), | ) | |
| MIGUEL GAYTAN PEREZ, (10), | ) | |
| aka "Pato," | ) | |
| CARLOS REYES-CASTRO, (11), | ) | |
| aka "Sergio," | ) | |
| aka "Carlos," | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT MONA HIIACA HUIHUI'S MOTION TO SUPPRESS EVIDENCE

COMES NOW, Defendant MONA HIIACA HUIHUI, by and through her attorney, Reginald P. Minn, and moves this Court to suppress (1) tape recorded telephone conversations of Defendant Huihui obtained by means of a wiretap order, (2) evidence seized from Defendant's suitcase pursuant to a warrantless search of this luggage on or

3

about March 30, 2000 at the Las Vegas, Nevada airport, and (3) evidence seized from Defendant's apartment located at 2023 Date Street in Honolulu on or about May 4, 2000.

This Motion is based on the attached Declaration of Counsel and Memorandum of Law, the records and files of this case, and such evidence as is presented at the hearing on Motion.

DATED: Honolulu, Hawaii, _____1/9/01_____.

_____
REGINALD P. MINN
Attorney for Defendant
MONA HIIACA HUIHUI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00184 HG (08) |
| Plaintiff, | ) ) | MEMORANDUM OF LAW |
| vs. | ) ) | |
| JORGE CASAS, (01), <br> aka "Jorge Cano," <br> aka "George," <br> LEAH CARDENAS, (02), <br> BASILIA SALAMANCA, (03), <br> JESUS MARTIN REYES MOJARDIN, (04), <br> aka "The Man," <br> RAQUEL SALAZAR SALAZAR, (05), <br> aka "Don Alberto," <br> aka "Don Roberto," <br> SABINO ALBARRAN, (06), <br> aka "Pelon," <br> ANTONIO MORA-GARCIA, (07), <br> aka "Tono," <br> MONA HIIACA HUIHUI, (08), <br> aka "Jiaca," <br> KARLA KAHAU, (09), <br> MIGUEL GAYTAN PEREZ, (10), <br> aka "Pato," <br> CARLOS REYES-CASTRO, (11), <br> aka "Sergio," <br> aka "Carlos," | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OF LAW

Pursuant to Franks v. Delaware, 438 U.S. 154 (1978), evidence may be suppressed where it is seized under a warrant which is supported by an affidavit containing false statements. As stated in Franks:

5

> Because it is the magistrate who must determine independently whether there is probable cause, it would be an unthinkable imposition upon his authority if a warrant affidavit revealed after the fact to contain a deliberately or recklessly false statement, were to stand beyond impeachment. Id. at 165.

In dealing with both material misstatements in the affidavit as well as material omissions, the Ninth Circuit has held that the Fourth Amendment mandates that a defendant be permitted to challenge a warrant affidavit valid on its face when it contains deliberate or reckless omissions of facts that tend to mislead. See United States v. Ippolito, 774 F.2d 1482, 1486-87 (9th Cir. 1985); United States v. Stanert, 762 F.2d 775, 780-81 (9th Cir. 1985).

There is no "good faith" exception to the Franks doctrine, and a warrant based upon knowing or recklessly made falsehoods in the affidavit will be invalid. United States v. Leon, 468 U.S. 897, 914 (1984); Mills v. Graves, 930 F.2d 729, 733 (9th Cir. 1991). Moreover, misstatements or omissions in an affidavit made by any government official justifies a Franks hearing and the invalidation of a search warrant even if the affiant did not know about it. United States v. DeLeon, 979 F.2d 761 (9th Cir. 1992); United States v. Johns, 851 F.2d 1131, 1134 n.1 (9th Cir. 1988). Therefore, if, after a hearing, a defendant has established by a preponderance of the evidence that the false statement was included intentionally or with reckless disregard for the truth, and the false statement was necessary to the finding of probable cause, then the search warrant must be voided and the fruits of the search excluded from trial. Franks, 438 U.S. at 155.

In this case, essential evidence intended to be used by the government against Defendant Huihui was obtained by means of a wiretap conducted under the authority of a

6

warrant. The application for the warrant was made pursuant to the statutory scheme described in 18 U.S.C. §2510 *et seq.* Hence, the affidavits of DEA Special Agent Michael Rothermund in support of the application for the wiretap warrant and extensions averred the futility of normal investigative procedures. 18 U.S.C. §2518(1)(c). See Exhibit "A".

On or about July 31, 2000, undersigned counsel received a letter from AUSA Thomas Muehleck in which he enclosed an unsigned letter purportedly from an undisclosed FBI Special Agent asserting that essential allegations in the affidavits filed in support of the application for the wiretap warrant and its extensions were either false or incomplete. See Exhibit "B". The letter reflects knowledge of the case beyond what was available in the public domain and beyond what was available to the defendants through discovery at that time. The letter shows an awareness of the case agent, the lead defendant, the "necessity requirement" for a wiretap warrant, the existence of a number of warrant extensions, the development of the case on Maui, the investigation code name, and the mechanics of the covert investigation. AUSA Muehleck dismisses the claims in this letter and states that "the allegations in the letter are false, however, the letter is enclosed for whatever use you deem appropriate."

On May 3, 2000, DEA Special Agent Michael Rothermund signed a 47-page affidavit which supported an application to search numerous residences and vehicles including Defendant Huihui's apartment located at 2023 Date Street in Honolulu. In support of the request to search her residence, the affidavit contained, inter alia, references to telephone conversations between Defendant Huihui and Felipe Ruiz, and a reference to a statement provided to police after Defendant Huihui was arrested in Las

7

Vegas with a suitcase which contained a substantial amount of methamphetamine. See Exhibit "C". Regarding the latter statement to Las Vegas officers, Rothermund averred as follows:

> On March 30, 2000, Las Vegas Agents conducted a consensual encounter on both Huihui and Kahau at the Las Vegas Airport pursuant to a canine dog alert on their luggage. Las Vegas Agents seized approximately two pounds of crystal methamphetamine from one of their pieces of checked luggage. <u>Both Huihui and Kahau gave statements admitting that they knew there was a controlled substance in their luggage that they were transporting to Felipe Ruiz in Maui, HI.</u> [Emphasis added.]

However, in the course of discovery the government provided reports from the Las Vegas officers who arrested Defendant Huihui. These reports clearly indicate that Defendant Huihui and co-defendant Kahau did not confess to knowingly transporting contraband. On the contrary, Defendant Huihui apparently told the Las Vegas police that she was merely informed that she was transporting clothing to Felipe Ruiz. See Exhibit "D".

Also, based on conversations with other defense counsel in this case and related cases, the undersigned counsel believes that Defendant Huihui may be able to demonstrate other instances were Special Agent Rothermund provided misleading information in the latter affidavit or other filings in related cases. In <u>USA v. Wendy Bettis</u>, Cr. No. 00-00183 DAE, Defendant Bettis has also alleged that Agent Rothermund provided misleading information regarding her activities in the same 47-page affidavit executed on May 3, 2000. See Exhibit "E".

Based on the foregoing, Defendant urges this Court to convene a <u>Franks</u> hearing to determine whether (1) the relevant wiretap order was premised upon an affidavit containing false statements, (2) whether the warrant for the search of Defendant's

8

apartment located at 2023 Date Street was also based upon an affidavit which contained false statements, and (3) whether the warrantless search of Defendant's luggage at the Las Vegas Airport on March 30, 2000, was justified under an exception to the warrant requirement, and/or whether the evidence seized at the Las Vegas Airport constitutes tainted fruit of an unlawful wiretap.

DATED: Honolulu, Hawaii, _____1/9/01_____.

REGINALD P. MINN
Attorney for Defendant
MONA HIIACA HUIHUI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00184 HG (08) |
| | ) | |
| Plaintiff, | ) | DECLARATION OF COUNSEL |
| | ) | |
| vs. | ) | |
| | ) | |
| JORGE CASAS, (01), | ) | |
| aka "Jorge Cano," | ) | |
| aka "George," | ) | |
| LEAH CARDENAS, (02), | ) | |
| BASILIA SALAMANCA, (03), | ) | |
| JESUS MARTIN REYES MOJARDIN, (04), | ) | |
| aka "The Man," | ) | |
| RAQUEL SALAZAR SALAZAR, (05), | ) | |
| aka "Don Alberto," | ) | |
| aka "Don Roberto," | ) | |
| SABINO ALBARRAN, (06), | ) | |
| aka "Pelon," | ) | |
| ANTONIO MORA-GARCIA, (07), | ) | |
| aka "Tono," | ) | |
| MONA HIIACA HUIHUI, (08), | ) | |
| aka "Jiaca," | ) | |
| KARLA KAHAU, (09), | ) | |
| MIGUEL GAYTAN PEREZ, (10), | ) | |
| aka "Pato," | ) | |
| CARLOS REYES-CASTRO, (11), | ) | |
| aka "Sergio," | ) | |
| aka "Carlos," | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF COUNSEL

I, Reginald P. Minn, hereby declare as follows:

1. That I am counsel for Defendant MONA HIIACA HUIHUI.

2. That the facts and statements set forth in the foregoing document are true and correct to the best of my knowledge and belief.

10

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Honolulu, Hawaii, __1/7/01__.

_____
REGINALD P. MINN
Attorney for Defendant
MONA HIIACA HUIHUI

11



**U.S. Department of Justice**

United States Attorney
District of Hawaii

PJKK Federal Building  (808) 541-2850
300 Ala Moana Blvd., Room 6-100   FAX (808) 541-2958
Honolulu, Hawaii 96850

July 28, 2000

Richard L. Hoke, Jr.
Century Square
1188 Bishop Street, Suite 907
Honolulu, HI 96813

Pamela Tamashiro
Dillingham Transportation Bldg
735 Bishop Street, Suite 430
Honolulu, HI 96813

Fernando L. Cosio
735 Bishop Street, Suite 233
Honolulu, HI 96813

Birney Bervar
Davies Pacific Center
841 Bishop Street, Suite 1800
Honolulu, HI 96813

Alvin T. Ito
745 Fort Street, Suite 702
Honolulu, HI 96813

Louis Ching
4475 Kilauea Avenue
Honolulu, HI 96816

Reginald Minn
Davies Pacific Center
841 Bishop Street, Suite 2116
Honolulu, HI 96813

Mark Zenger
500 Ala Moana Blvd., Suite 480
Honolulu, HI 96813

Mary A. Wilkowski
700 Richards Street, Suite 1804
Honolulu, HI 96813

    Re: United States v. Leah Cardenas, et al.
       Cr. No. 00-00184 HG

Dear Counsel:

  The enclosed anonymous letter was forwarded by Peter C. Wolff, Jr., Federal Public Defender. An identical letter was sent to Samuel P. King, Jr. The allegations in the letter are false, however, the letter is enclosed for whatever use you deem appropriate.

            Very truly yours,

            STEVEN S. ALM
            United States Attorney
            District of Hawaii

            *T. Muehleck*
            THOMAS MUEHLECK
            Assistant U.S. Attorney

Encl.

cc: Honorable Helen Gillmor
   United States District Judge

TM:jv

EXHIBIT "B"

JUL 18 2000

300 Ala Moana Boulevard
Room 4-230
Honolulu, HI 96850
July 13, 2000

Mr. Peter Wolf, Federal Public Defender
Federal Public Defender's Office
300 Ala Moana Boulevard #7-104
Honolulu, HI 96850

Dear Mr. Wolf:

Unfortunately, there is no mechanism in our system to give you this information other than in this manner. My sworn duty as a FBI Special Agent is to uphold the law and the truth. I have done much soul searching prior to writing this.

Several falsehoods have come to my attention that I can no longer remain silent about. The case in question involves the DEA wiretap case on Maui known as Operation Powerball. The problems are:

1) The case agent, Michael Rothermund, lied several times in the affidavit for the wiretap and in the various 30 day extensions regarding the necessity requirement and the fact that surveillance had been tried unsuccessfully. DEA had an undercover agent making direct undercover buys from Felipe Ruiz-Castro. The undercover agent could have gone much further in dismantling the organization if he would have been given the opportunity. The affidavit does not say this. In fact, I was told that no one even bothered to ask the undercover agent what his opinion was as to how successful he might have been if afforded the opportunity to continue in his undercover role. In addition, no, or very little, surveillance was attempted prior to the beginning of this wiretap despite

what the affidavit says. However, surveillance was maintained 16 hours a day for more than two months after the wiretap was in place without being compromised. Especially, the last extension to the wiretap was not done for the reasons specified in the affidavit but because the U.S. Attorney's Office was not ready to proceed with indictments. Why isn't this simple truth listed in the affidavit requesting the last extension? The case agent simply lied to protect the U.S. Attorney's Office.

2) The reason that the case agent lied was because being the affiant of a wiretap affidavit would enhance his early promotion to GS-13. That is a pretty poor excuse for intentionally misleading the Honorable Helen Gillmor.

3) Low level drug users were indicted for Unlawful Use of A Communication Facility simply because DEA and the AUSA had to justify the more than $500,000 expense of this wiretap case by indicting a large number of defendants. Most of these defendants have no business being in federal court.

4) The government could not convict these low level defendants if all of them requested a trial as the wire was never corroborated. I have been told that not one single person ordered drugs over the wire, was then put under surveillance, and drugs were subsequently seized to corroborate that the monitors knew which calls were drug related and which were not. That is to say that the code(s) for determining when the suspects were talking about drugs was never corroborated. Presumably, the case agent's Grand Jury testimony says that the suspects were definitely talking about drugs on the phone when there is no credible evidence to back this up. It is apparent that the case agent also lied to the Grand Jury in this regard and the AUSA abused the Grand Jury system.

In the Bureau, we serve at the pleasure of the Director and without Civil Service protection. As such, I cannot sign my name.