# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

April 10, 2001 9:00 am

WALTER A.Y.H. CHINN, CLERK

| | |
|---|---|
| CASE NUMBER: | CR. 00-00184 HG-BMK |
| CASE NAME: | U.S.A. v. LEAH CARDENAS (02), BASALIA SALAMANCA (03), JESUS MARTIN REYES MOJARDIN (04), RAQUEL SALAZAR SALAZAR (05), MONA HIIACA HUIHUI (08), and KARLA KAHAU (09) |
| ATTYS FOR PLA: | Thomas C. Muehleck<br>Loretta A. Sheehan |
| ATTYS FOR DEFT: | Richard L. Hoke (02), Pamela E. Tamashiro (03), Fernando L. Cosio (04), Mary Ann Barnard (05), Reginald P. Minn (08), Mark R. Zenger (09) |
| INTERPRETER: | Patricia Harpstrite |

| | | | |
|---|---|---|---|
| JUDGE: | Helen Gillmor | REPORTER: | Stephen Platt |
| DATE: | April 6, 2001 | TIME: | 10:00 - 4:55 |

## MINUTE ORDER

COURT ACTION:

Scott Anderson CST.
Bradford Kaylor CST.
Julie Butterfield CST.
Government rested.

John Zidzik CST on behalf of Defendant Huihui.

Government's Exhibits 1 and 2 admitted. (Government Exhibit 1 (Waiver of Rights Form and Original Audio Tape) was returned to the Government in open court.)

1

**EXHIBIT 3**

Defendant Huihui's Exhibits 1 thru 5 admitted.

Arguments made.

The following six (6) motions came for hearing before the Court on April 6, 2001.

1. **Defendant Raquel Salazar Salazar's Motion Requesting a Franks Hearing to Invalidate Search Warrant and to Suppress Evidence (filed January 8, 2001)**

On January 18, 2001, the Government filed United States' Opposition to Defendant's Motion for Franks Hearing.

Defendant moves to invalidate the search warrant for his house, and to suppress evidence obtained from the search. Defendant argues that the search warrant is invalid due to the allegedly misleading affidavit of Bradford Kaylor dated May 2, 2000, submitted in support of the application for search warrant. (Exh. A, Def. Motion Requesting a Franks Hearing.) Defendant points to an alleged inconsistency between the May 2, 2000 affidavit of Kaylor (Id. ¶ 5) and the November 22, 1999 affidavit of Kaylor (Exh. A, Def. Joinder in Huihui's Motion to Suppress, ¶¶ 24, 30).

The Court FINDS that Defendant has not met his burden under Franks v. Delaware to show (1) deliberate falsehood or reckless disregard for the truth, and (2) insufficient evidence to support a finding of probable cause. 438 U.S. 154, 171-72 (1978).

First, Defendant has presented no evidence that the alleged inconsistency in the affidavits of Bradford Kaylor on May 2, 2000 is due to a deliberate or reckless falsehood or omission. Second, rather than being inconsistent, and despite being based on information from two different informants, the affidavits contain consistent, reliable information about cocaine being delivered to Francisco Servin Soto's home, and of Ramon Meza Solano's involvement in the receipt of cocaine. The May 2, 2000 affidavit contains sufficient evidence to support a probable cause finding of Defendant Salazar's involvement in the delivery of the cocaine to Soto's home and other alleged criminal activities, in support of the search warrant for Defendant's house. (Exh. A, Def. Motion Requesting a Franks Hearing, ¶¶ 5, 13, 14, 16, 17.)

Defendant Raquel Salazar Salazar's Motion Requesting a Franks Hearing to Invalidate Search Warrant and to Suppress Evidence is hereby DENIED.

2.   Defendant Raquel Salazar Salazar's Motion to Suppress Statements (filed January 8, 2001)

On January 25, 2001, the Government filed United States' Opposition to Defendant Raquel Salazar Salazar's Motion to Suppress Statements.

Defendant Salazar moves to suppress statements made during an interview performed subsequent to the search of his house, alleging that he did not knowingly, intelligently, and voluntarily waive his rights under Miranda v. Arizona, 384 U.S. 436 (1966).

As to the knowing and intelligent waiver of his rights, Defendant alleges that he was not informed of the charges against him until the end of his interview. The only evidence before the Court, however, is Detective Kaylor testimony that Defendant Salazar was advised of his Miranda rights prior to being interviewed, and was advised of the charges against him both prior to, and at the end of, his interview. (See also Attach. entitled "Advice of Rights Waiver," United States' Opp. to Def. Salazar Salazar's Motion to Suppress Statements.) Defendant has presented no evidence to the contrary.

Defendant's response to being informed of the charges against him at the end of the interview -- "Conspiracy of what?" -- does not demonstrate that Defendant was not previously informed of, or did not understand, the charges against him. Defendant's response does not negate the testimony of Detective Kaylor that he was advised of the charges against him both immediately prior to, and at the conclusion of, his interview.

Defendant also alleges that the waiver of his Miranda rights was not voluntary. There is no evidence before the Court, however, of intimidation or coercion. The search of Defendant's home, performed pursuant to a valid search warrant, was for the most part "low-key." Although Defendant's family members were handcuffed for a short period while the officers secured the home, they were later allowed to walk freely around the home and to prepare a meal. Although one of Defendant's dogs was shot while attacking an officer, the shooting did not occur until after Defendant had been transported away from the home. There is no evidence that Defendant knew about the shooting of his dog when he made the statements he now wishes to suppress.

The Court FINDS that Defendant Salazar knowingly, intelligently, and voluntarily waived his Miranda rights.

Defendant Raquel Salazar Salazar's Motion to Suppress Statements is hereby DENIED.

3

3. **Defendant Raquel Salazar Salazar's Motion for Severance of Defendants for Trial** (filed January 8, 2001)

On January 16, 2001, Defendant Jesus Martin Reyes Mojardin filed a Joinder in Defendant Raquel Salazar Salazar's Motion for Severance of Defendants for Trial.

On January 19, the Government filed United States' Opposition to Defendant Raquel Salazar Salazar's Motion for Severance.

The Court RESERVES its ruling on the motions for severance. If Defendants Salazar and Mojardin wish the Court to rule on their motions for severance, they shall file a written indication by June 1, 2001.

4. **Defendant Raquel Salazar Salazar's Motion to Transfer Venue to Southern California** (filed March 21, 2001)

On March 23, the United States' Opposition to Defendant's Motion to Transfer Venue was filed.

On March 30, 2001, Defendant Jesus Martin Reyes Mojardin filed a Joinder in the Motion to Transfer Venue to Southern California.

The Court RESERVES its ruling on the motions to transfer venue. If Defendants Salazar and Mojardin wish the Court to rule on their motions to transfer venue, they shall file a written indication by June 1, 2001.

5. **Defendant Mona Hiiaca Huihui's Motion to Suppress Evidence** (filed January 9, 2001)

Joining in Defendant Huihui's Motion to Suppress Evidence are Defendant Raquel Salazar Salazar (on January 16, 2001); Defendant Karla Kahau (on January 24, 2001); Defendant Basilia Salamanca (on January 26, 2001); Defendant Jesus Martin Reyes Mojardin (on January 31, 2001); and Defendant Leah Cardenas (on April 6, 2001).

On February 2, 2001, the United States filed an Opposition to Defendant's Motion to Suppress. On February 7, 2001, the United States filed an Opposition to Defendant Raquel Salazar Salazar's Motion to Suppress Evidence. On February 22, 2001, the United States filed a Response to Defendant Mojardin's Motion to Join Defendant

4

Huihui's Motion to Suppress. On April 4, 2001, Defendant Mona Hiiaca Huihui's Reply was filed. On April 5, 2001, the Government filed United States' Memorandum Regarding Necessity for Court Authorized Interception of Wire Communications. On April 6, 2001, Defendant Salamanca and Defendant Cardenas withdrew their motions.

Defendant moves to suppress evidence of (1) tape recorded telephone conversations of Huihui pursuant to a wiretap order; (2) evidence seized from her suitcase by a warrantless search on March 30, 2000 at the Las Vegas, Nevada airport; and (3) evidence seized from her apartment at 2023 Date Street on May 4, 2000 pursuant to a search warrant.

### A. Wiretap Affidavit

Defendant challenges the affidavit of DEA Special Agent Michael D. Rothermund submitted in support of the February 8, 2000 application for a wiretap order. (Exh. A, Def. Huihui's Motion to Suppress Evidence.) Defendant offers a July 13, 2000 anonymous letter by a purported FBI agent. (Id., Exh. B.) The letter alleges, inter alia, that Special Agent Rothermund "lied several times in the affidavit for the wiretap and in the various 30 day applications for extensions regarding the necessity requirement and the fact that surveillance had been tried unsuccessfully." (Id.)

Because of the anonymous nature of the letter, and because most, if not all, of the information provided in the letter was in the public domain as of July 13, 2000, the Court finds its contents to be unreliable.

Furthermore, the Court finds Special Agent Rothermund's affidavit dated February 2, 2001 to be credible and persuasive. (Exh. 4, United States' Opp. to Def. Huihui's Motion to Suppress.) The Court finds that Special Agent Rothermund did not lie in the affidavits underlying the wiretap or its extensions and did not mislead the Court. Although a wiretap should not be the first approach taken by law enforcement authorities, in this case, the wiretap was reasonably necessary to learn the identities of Ruiz's associates, the sources of Ruiz's supply of cocaine, and the location of the drug proceeds. (Id. ¶ 2a.)

The wiretap order and extensions were properly issued pursuant to 18 U.S.C. § 2510 et seq.

### B. Search Warrant Affidavit

Defendant Huihui also challenges the affidavit of Special Agent Rothermund dated May 3, 2000, submitted in support of an application for a search warrant for, among other locations, Defendant Huihui's house located at 2023 Date Street, #5, Honolulu, Hawaii.

The affidavit contains an incorrect statement, admitted by the Government to be incorrect, that Defendants Kahau and Huihui "gave statements admitting that they knew there was a controlled substance in their luggage that they were transporting to Felipe RUIZ in Maui, HI" (Rothermund Aff., Exh. 5, United States' Opp. to Def. Huihui's Motion to Suppress, at 25). The Court finds the misstatement to be unintentional.

The misstatement originated with Special Agent Chris Cadogan, who informed Special Agent Rothermund that Defendants Huihui and Kahau made such statements. (Cadogan Report of Investigation, Exh. 4, United States' Opp. to Def. Huihui's Motion to Suppress.) There is no evidence that Special Agent Cadogan intended to mislead Special Agent Rothermund or the Court. Rather, it appears that the misstatement was the conclusion drawn by Special Agent Cadogan from (1) Defendant Kahau's admission that Felipe Ruiz had given Huihui $2,500.00 in U.S. currency, travel expenses, and round trip tickets to Las Vegas, as payment for delivering a suitcase, and (2) Defendant Kahau's statement to Detective Butterfield that Defendant Huihui gave her $500.00 of the $2,500.00 that Ruiz had given to Defendant Huihui. (Id.) The statements of the women claimed they did not inquire about the contents of the suitcase or why so much money would be paid for the mere delivery of a suitcase. The Court finds that the misstatement of Special Agent Rothermund was made unintentionally and was not reckless.

Even without the misstatement, sufficient information existed in the affidavit to support a finding of probable cause to issue the search warrant for Defendant Huihui's Date Street apartment. (Rothermund Aff. of May 3, 2000, Exh. 4, United States' Opp. to Def. Huihui's Motion to Suppress, at 24-26.)

C.     Airport Search

The evidence before the Court is that Defendant Huihui consented to the search of her suitcase on March 30, 2000. There is no evidence to the contrary.

The Court FINDS that Defendant has not met her burden under Franks v. Delaware to show (1) deliberate falsehood or reckless disregard for the truth, and (2) insufficient evidence to support a finding of probable cause. 438 U.S. 154, 171-72 (1978).

Defendant Mona Hiiaca Huihui's Motion to Suppress Evidence, joined by Defendants Salazar, Kahau, and Mojardin, is hereby DENIED.

6.  Defendant Mona Hiiaca Huihui's Motion to Strike Alias and to Correct Spelling of Defendant's Name (filed February 7, 2001)

GRANTED.

Submitted by: David H. Hisashima, Courtroom Deputy

cc: Thomas C. Muehleck, Esq./Loretta A. Sheehan, Esq. ✓
Mary Ann Barnard, Esq.
Reginald P. Minn, Esq.
Fernando L. Cosio, Esq.
Mark R. Zenger, Esq.
Judge Gillmor's chambers