EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

THOMAS MUEHLECK 3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808)541-2850
Facsimile: (808)541-2958
Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.   01-00160-07 SOM |
| | ) | |
| Plaintiff, | ) | NOTICE IN LIMINE; MOTION IN |
| | ) | LIMINE TO PRECLUDE IMPEACHMENT |
| vs. | ) | OF SPECIAL AGENT ROTHERMUND |
| | ) | |
| VANESSA BARUT,          (07), | ) | |
| | ) | Date:    October 31, 2003 |
| Defendant. | ) | Time:    2:00 p.m. |
| | ) | Judge:   Hon. Susan Oki Mollway |

NOTICE OF MOTION

TO:  Myles S. Breiner, Esq.
     345 Queen St Suite 200
     Honolulu, HI 96813

     Attorney for Defendant
     VANESSA BARUT

     YOU ARE HEREBY NOTIFIED that the Motion In Limine to

Preclude Impeachment of Special Agent Michael Rothermund will be

heard before the Honorable Susan Oki Mollway, United States

EXHIBIT 5

District Judge, in her courtroom on October 31, 2003, at 2:00

p.m., or as soon thereafter as counsel may be heard.

DATED:  October 9, 2003, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By:  _T.Muehleck_____

THOMAS MUEHLECK
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 01-00160-07 SOM |
| | ) | |
| Plaintiff, | ) | MOTION IN LIMINE TO PRECLUDE |
| | ) | IMPEACHMENT OF SPECIAL AGENT |
| vs. | ) | ROTHERMUND |
| | ) | |
| VANESSA BARUT,       (07), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MOTION IN LIMINE TO PRECLUDE
IMPEACHMENT OF SPECIAL AGENT ROTHERMUND

The United States of America, through Assistant United States Attorney Thomas Muehleck, moves this Court in limine to preclude impeachment of Special Agent Michael Rothermund on the grounds that the probative value of the impeachment material is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

I.   FACTS

SPECIAL AGENT ROTHERMUND

In an unrelated investigation in 1998, SA Rothermund signed a consent to search form acknowledging an owner's consent to search when, in fact, another DEA agent had obtained the consent from the owner.  SA Rothermund incorrectly believed that if another agent obtained the consent, he could sign the consent form although he was not present during the giving of consent.

The Office of Professional Responsibility investigated SA Rothermund's action of signing the consent to search form and

found that SA Rothermund's activities did not warrant discipline. On February 4, 2000, OPR closed the matter, finding that the incident did not call into question SA Rothermund's honesty or integrity.[1]

II.  ARGUMENT

THIS COURT SHOULD PRECLUDE IMPEACHMENT OF
SPECIAL AGENT ROTHERMUND WITH THE INFORMATION
REGARDING THE CONSENT FORM

This Court should not allow the defense to question SA Rothermund about his witness to a consent to search.  The incident is trivial, and does not reflect upon the integrity or honesty of the agent.  The probative value of such evidence is far outweighed by the twin dangers of unfair prejudice and confusion of the issues.

The due process clause of the United States Constitution imposes an obligation on prosecutors to provide the defense with evidence favorable to the accused that is material either to guilt or punishment.  Brady v. Maryland, 373 U.S. 83 (1963).  A prosecutor's obligation to provide favorable evidence

---

[1] By letter, the Drug Enforcement Administration, Office of Chief Counsel, notified the undersigned AUSA that it had, pursuant to a request of the U.S. Attorney's Office, searched Agent Rothermund's personnel file for: (a) findings of misconduct that reflected upon his truthfulness, possible bias, findings of lack of candor during an administrative inquiry; (b) any past or pending criminal charges; (c) any credible allegation of misconduct that reflected upon truthfulness or possible bias of Agent Rothermund that was the subject of a pending investigation. The Office of Chief Counsel advised that no such evidence was found in Agent Rothermund's file.

to the defense includes evidence relating to the credibility of prosecution witnesses.  Giglio v. Maryland, 405 U.S. 150, 154 (1972).

        In the case law, materiality is often judged retrospectively; "evidence is material only if there is a "reasonable probability" that, had it been disclosed, a different result would have been reached at trial."  United States v. Bagley, 473 U.S. 667, 682 (1985).  A "reasonable probability" of a different result exists when the suppression "undermines the confidence in the outcome of the trial."  Kyles v. Whitley, 514 U.S. 419, 435 (1995), quoting United States v. Bagley, 473 U.S. at 678 (1985).

        The materiality of the evidence turns on the issue of guilt or innocence.  Materiality does not concern the ability of the defense to prepare for trial.  The United States Supreme Court specifically rejected the contention that materiality turns on a defendant's ability to prepare for trial in United States v. Agurs, 427 U.S. 97, 112-3 n.20 (1976).

> It has been argued that the standard should focus on the impact of the undisclosed evidence on the defendant's ability to prepare for trial, rather than the materiality of the evidence to the issue of guilt or innocence [citation omitted].  Such a standard would be unacceptable for determining the materiality of what has been generally recognized as "Brady material" for two reasons.  First, that standard would necessarily encompass incriminating evidence, as well as exculpatory evidence, since

3

> knowledge of the prosecutor's entire case
> would always be useful in planning the
> defense. Second, such an approach would
> primarily involve an analysis of the adequacy
> of the notice given to the defendant by the
> State, and it always has been the Court's
> view that the notice component of due process
> refers to the charge rather than the
> evidentiary support for the charge.

Id.

Courts are quick to find impeachment evidence to be

material, and requiring disclosure, where the impeachment

evidence concerns informants who have been granted immunity.

See, e.g., Carriger v. Stewart, 132 F.3d 463 (9th Cir. 1997),

cert. denied, 523 U.S. 1133 (1998)(need for disclosure is

particularly acute where the government presents witnesses who

have been granted immunity from prosecution in exchange for their

testimony); United States v. Bernal-Obeso, 989 F.2d 331, 333-34

(9th Cir. 1993)(immunized informants are cut from untrustworthy

cloth and must be managed and watched carefully; all material

information casting a shadow on their credibility must be

disclosed.); accord Singh v. Prunty, 142 F.3d 1157, 1162 (9th

Cir.), cert. denied, 119 S.Ct. 388 (1998)(disclosure should have

been made where government witness received substantial benefits

in exchange for testimony at murder trial, given importance of

witness' testimony to the prosecution's case).

Where the impeachment evidence does not concern

cooperating defendants, however, courts take a more conservative

view of what is material.  See, e.g., United States v. Kerr, 981 F.2d 1050, 1052 (9th Cir. 1992)(impeachment evidence not material where notes concerned a second possible source of the government witness' cocaine, but the government had not alleged that defendant was the sole source of witness' cocaine, and also concerned an unrelated homicide and "other tangential matters"); United States v. Pelullo, 14 F.3d 881, 887 (3d Cir. 1994)(impeachment evidence not material because, inter alia, inconsistencies in dates would not devastate thrust of witness' testimony on diversion of funds); United States v. Thornton, 1 F.3d 149, 158-59 (3d Cir.)(undisclosed DEA payments not material where testimony of government witness was corroborated by other testimony and was not central to government's case), cert. denied 510 U.S. 982 (1993).

An argument can be made that the incident is admissible in that it provides evidence for cross examination under Fed. R. Evid. 608(b).  This is not so, for two reasons.

First, while 608(b) provides that specific instances of conduct may be inquired into on cross-examination, in the discretion of the court, "if probative of truthfulness or untruthfulness," such evidence should be excluded if it concerns remote or trivial incidents.  "Although 608(b) of the Federal Rules of Evidence does state that specific instances of conduct may be admissible to impeach a witness, that rule does not

'require or imply that every negative bit existing concerning a witness may be dragged into a case no matter how remote or minor the alleged misconduct." United States v. Lafayette, 983 F.2d 1102, 1106 (D.C. Cir. 1993).

Second, the Ninth Circuit has tied the materiality of impeachment evidence to the Fed. R. Evid. 403 balancing test. In United States v. Streit, 962 F.2d 894, 901 (9th Cir.), cert. denied, 506 U.S. 962 (1992), the Ninth Circuit found no error in the lower court's ruling that three internal Federal Bureau of Investigation documents which concerned the charged crime did not have to be disclosed because "while the documents might have some limited impeachment value, they would not have to be disclosed because their probative value was outweighed by the danger of unfair prejudice, confusion of the issues and undue delay." Id.; see also United States v. Phibbs, 999 F.2d 1053, 1070 (6th Cir. 1993), cert. denied 510 U.S. 1119 (1994)(no abuse of discretion in refusing to permit cross-examination of agent regarding internal disciplinary investigation that had been resolved in his favor).

The incident involving SA Rothermund does not concern Agent Rothermund's conduct during this investigation. While the defense can argue that this incident has some impeachment value, it also is sufficiently remote and minor to warrant exclusion.

Fed. R. Evid. 403 mandates, moreover, exclusion of the impeachment evidence as the probative value of the evidence is significantly outweighed by the dangers of unfair prejudice and confusion of the issues.  The DEA has concluded their investigation and has found this incident does not call into question Agent Rothermund honesty or integrity.  Impeachment on this issue would misdirect the trial of Defendant into a trial of the Agent Rothermund.  This would unfairly prejudice the government and would confuse the issues at stake in the case.

Based on the foregoing argument and authority, therefore, the government asks that this Court grant the government's motion in limine and preclude questioning of Agent Rothermund on the issue raised.[2]

DATED: October  9 , 2003, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By _____
THOMAS MUEHLECK
Assistant U.S. Attorney

_____

[2] The United States understands that the Court previously ruled that the defendant in United States v. Brooks, Cr. No. 98-00581 SOM could not raise this matter during cross-examination of Agent Rothermund.  The Ninth Circuit Court of Appeals affirmed the Court's exclusion of the evidence.  United States v. Brooks, 64 Fed. Appx. 641, May 15, 2003.

7