# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

11/10/2003 4:30 pm

WALTER A.Y.H. CHINN, CLERK

CASE NUMBER:      CR 01-00160SOM

CASE NAME:        USA vs. (07) Vanessa Barut

ATTYS FOR PLA:    Thomas Muehleck

ATTYS FOR DEFT:   07 Myles Breiner

INTERPRETER:

| | | | |
|---|---|---|---|
| JUDGE: | Susan Oki Mollway | REPORTER: | Debra Chun |
| DATE: | 11/10/2003 | TIME: | 9:55 - 11:10 |

COURT ACTION: EP: Motions in Limine; Motions to Compel; Pretrial Conference -

Defendant (07) Vanessa Barut not present, and her presence is waived for purposes of this hearing.

Arguments.

1) Defendant (07) Vanessa Barut's Motion in Limine No. 1- Granted in part, Denied in part, and withdrawn or rendered irrelevant as to remaining parts. The witness exclusion rule will be enforced, except that the DEA case agent may attend the entire trial. Offers of proof must be made out of the hearing of the jury, but this ruling does not preclude reference to trial evidence during opening statement, except as stated in the court's rulings. Evidence suppressed in the court's earlier ruling may not be referred to unless Defendant testifies contrary to the suppressed statements, in which event those statements may be used for impeachment pursuant to Supreme Court decisions. The government may not refer to Edwin Barut's criminal history in opening statement and must obtain a court ruling before offering evidence concerning his criminal history. The court denies or finds premature or overbroad other matters requested in the motion that have not been withdrawn.

2) Defendant (07) Vanessa Barut's Motion in Limine to Exclude Redacted Report Regarding Debriefing of Joseph Pajardo, Dated 10/24/01 - Denied, but the government may not refer to the content of the Pajardo debriefing in opening statement and must seek

EXHIBIT 6

leave of court before offering any evidence of the content of that debriefing.

3) Defendant (07) Vanessa Barut's Motion in Limine to Exclude any Testimony Regarding Defendant's Post-Machine Interview on 5/30/01 - Granted, unless Defendant testifies contrary to the suppressed statements, in which event those statements may be used for impeachment pursuant to Supreme Court decisions.

4) Defendant (07) Vanessa Barut's Motion in Limine to Exclude Testimony and Evidence Regarding Edwin Barut -Granted in part and Denied in part. The government may not refer to Edwin Barut's criminal history in opening statement and must obtain a court ruling before offering evidence concerning his criminal history.

5) Government's Motion in Limine to Preclude Impeachment of Special Agent Rothermund - Granted.

6) Government's Motion in Limine to Preclude Impeachment of Fernando Gutierrez and Alfredo Sepulveda - Granted.

7) Defendant's Motion to Compel DEA Debriefing Reports of Co-Defendants -Denied except that the government must provide Jencks Act material before witnesses are subjected to cross-examination.

8) Defendant's Motion to Compel Grand Jury Testimony and Statements - Denied except that the government must provide Jencks Act material before witnesses are subjected to cross-examination.

9) Defendant's 8th Motion to Compel Discovery - Granted in part and Denied in part. The government must provide Jencks Act material before witnesses are subjected to cross-examination. Scientific or laboratory reports and routine business records, such as telephone and banking records, must be made available to Defendant, if not previously made available. For testifying co-defendants, the government shall redact the Presentence Investigation Reports so that only portions of the reports that contain summaries of statements by those testifying co-defendants, whether to the government or to the Probation Office, are provided to Defendant. The government shall provide its redacted PSRs to the court for in camera review no later than **November 14, 2003**, and then, upon the court's direction after the court has reviewed the proposed redactions, to defense counsel. The attorneys are cautioned that the PSRs are in draft form only.

Pretrial Conference -

Discussion held.

cc: Thomas Muehleck AUSA and Myles Breiner.

Submitted by: Toni Fujinaga, Courtroom Manager.