MICHAEL J. PARK, 4944
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2302
Honolulu, Hawaii 96813
Telephone: (808) 536-4456
Facsimile: (808) 536-4988

Attorney for Defendant
JORGE CASAS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 00-00184 HG |
| | ) |
| Plaintiff, | ) MOTION TO COMPEL |
| | ) PRODUCTION OF GRAND JURY |
| vs. | ) TRANSCRIPTS; MEMORANDUM |
| | ) OF LAW; DECLARATION OF |
| JORGE CASAS, (01) | ) COUNSEL; EXHIBITS "A & B"; |
| | ) AND CERTIFICATE OF SERVICE |
| Defendant. | ) |
| | ) Date: 5/19/06 |
| | ) Time: 10:00 |
| | ) Judge: Presiding |
| | ) |
| | ) |

<u>MOTION TO COMPEL PRODUCTION
OF GRAND JURY TRANSCRIPTS</u>



**EXHIBIT A**

COMES NOW the defendant, JORGE CASAS, through counsel, Michael J. Park, moves this Honorable Court for an order compelling the government to provide the defense with the grand jury transcripts and all statements of witnesses that testified before the grand jury in the above entitled matter, as well as all prior superseding indictments and the original indictment.

This motion is made pursuant to <u>Federal Rules of Criminal Procedure</u> Rule 6. This motion is based upon the attached memorandum and declaration of counsel and any evidence that may be adduced at the hearing on this matter.

DATED: Honolulu, Hawaii, April 20, 2006.

/s/MICHAEL J. PARK
Attorney for Defendant
JORGE CASAS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00184 HG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION TO COMPEL |
| vs. | ) | PRODUCTION OF GRAND JURY |
| | ) | TRANSCRIPTS |
| JORGE CASAS, (01) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF MOTION
TO COMPEL PRODUCTION OF GRAND JURY TRANSCRIPT

I.  FACTS:

Defendant JORGE CASAS has been charged in a twenty-count second superseding indictment of a drug conspiracy arising out of an alleged incident that occurred from May 1, 1999 through May 4, 2000. A federal grand jury charged Defendant in a superseding indictment on June 6, 2001. A prior superseding indictment was also obtained, and the original indictment was issued on May 25,

2000.

Defendant received a discovery letter from ASUA Thomas Mueleck, dated March 25, 2005, that included notice of a letter, dated July 18, 2000 sent to Mr. Peter Wolf, Federal Public Defender, from an anonymous FBI special agent. This letter described a series of misconduct and serious misrepresentations made by the case agent in this case, DEA agent Michael Rothermund. (See Exhibit "A"). According to the letter - the investigation involved the DEA wiretap case on Maui known as "Operation Power ball" – it describes the misconduct that occurred during the investigation.

The letter asserts, among other things, the following: Case Agent Rothermund lied several times in the affidavit for the wiretap and in various 30 day extensions regarding the necessity requirement and the fact that surveillance had been tried unsuccessfully; DEA had an undercover agent making direct buys from co-defendant Felipe Ruiz-Castro and the covert operation could have gone much further in uncovering the drug ring which would preclude the necessity of a wiretap; and little to no surveillance was attempted prior to requesting a wiretap, contrary to what was represented in the affidavit supporting the wiretap.

Presumably, the case agent's grand jury testimony says that the suspects were

talking about drugs on the phone when there is no credible evidence to support this; as the letter states that the code(s) for determining when the suspects were talking about drugs was never corroborated.

Additionally, in letter dated March 21, 2000, from the U.S. Attorney's Office the government disclosed misconduct of DEA agent Rothermund on a prior investigation. (See Exhibit "B")

II. ARGUMENT

    A.    The Court Should Grant Discovery Because The Defense Has Established A "Particularized Need" For The Transcripts That Outweighs The Grand Jury Policy Of Secrecy.

Federal Rule of Criminal Procedure 6(e)(3)(C)(i) specifically provides for disclosure of grand jury transcripts "when so directed by a court preliminarily to or in connection with a judicial proceeding[.]" Courts that have construed a defendant's right to grand jury transcripts have generally held that a defendant must show "a particularized need" for the transcripts which outweighs the "policy of secrecy." Pittsburgh Plate Glass Co v. United States, 360 U.S. 395, 400 (1959). The Ninth Circuit has held that the "need to impeach testimony or refresh recollection at trial can establish a particularized need for disclosure of grand jury transcripts." United States v. Fischbach And Moore. Inc., 776 F.2d 839, 845 (9th Cir. 1985).

In the instant case, Mr. Casas has met the "particularized need" burden. During the discovery in this case, defense obtained an anonymous letter addressed to Mr. Peter Wolf, Federal Public Defender regarding alleged misconduct and false statements of case agent Michael Rothermund. This letter described a series of misconduct and serious misrepresentations made by the case agent in this case, DEA agent Michael Rothermund. The letter asserts, among other things, the following: Case Agent Rothermund lied several times in the affidavit for the wiretap and in various 30 day extensions regarding the necessity requirement and the fact that surveillance had been tried unsuccessfully; DEA had an undercover agent making direct buys from co-defendant Felipe Ruiz-Castro and the covert operation could have gone much further in uncovering the drug ring which would preclude the necessity of a wiretap; and little to no surveillance was attempted prior to requesting a wiretap, contrary to what was represented in the affidavit supporting the wiretap. Moreover, defense is of the belief case agent Rothermund testified to the grand jury who returned an indictment against Mr. Casas. Clearly, this witness is crucial to the defense because he may have intentionally misled the grand jurors and the defense needs to investigate the veracity and honesty of the government's witness at grand jury. Production of the grand jury transcripts to avoid a possibility of injustice, and.

B.  The Court Should Order The Disclosure Because the need for disclosure on the grand jury proceedings is greater than the need for continued secrecy as this is the last defendant in this case.

The decision whether to order the disclosure of grand jury testimony is one committed to the sound discretion of the trial court. <u>United States v. Fuentes</u>, 432 F2d 405 (5th Cir. 1970). That decision rests on a determination of whether the policies behind the traditional veil of secrecy that surrounds grand jury proceedings will be undermined by disclosure. The Supreme Court in <u>United States v. Procter and Gamble Co.</u>, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958) quoted with approval the Third Circuit's concise delineation of the reasons behind the policy of secrecy:

"(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect (sic) innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from

the expense of standing trial where there was no probability of guilt." 356 U.S. 677, 681 n. 6, 78 S.Ct. 983, 2 L.Ed.2d 1077 quoting with approval from <u>United States v. Rose, 215 F2d 617, 628, 629 (3d Cir. 1954)</u>.

In the instant case, Defendant is believed to be the last of the defendants to be prosecuted in this investigation. None of the reasons behind the policy of secrecy apply at this point for this case. The defense is of the belief the grand jury testimony of case agent Rothermund may be misleading. Clearly, the grand jury testimony and statements of the witnesses are relevant and material to the defense. The statements of this witness is suspect as evidenced by the misconduct described in the letters and affect the credibility of case agent Rothermund, the most crucial government witness called to bring an indictment at the grand jury.

> C. The Court Should Invoke Its Supervisory Power And Order The Disclosure.

Under the circumstances of this case, the court has the inherent power to fashion an order to promote the proper administration of justice. See <u>United States v Azmstrona</u>, 621 Fed.2d 951, 954-55 (9th Cir. 1980).

The court clearly has the authority to order the government to disclose the grand jury testimony, notwithstanding the "policy of secrecy." Qt. <u>United States v. Samango</u>, 607 F.2d 877, 881 (9th Cir. 1979) (district court, as overseer of grand

jury, may exercise its "supervisory power" only where "there is a clear basis in fact and law for doing so").

The rule is well-established that "in the absence of controlling authority to the contrary, a district court may issue such orders as are necessary to ensure justice. Courts do not hesitate to rely on their inherent supervisory power to order the government in criminal cases to divulge the names of prospective trial witnesses. In United States v. Richter, 488 F.2d 170, 173-74 (9th Cir. 1973), the court stated:

> It is recognized that wide latitude is reposed in the district court to carry out successfully its mandate to effectuate, as far as possible, the speedy and orderly administration of justice. "A federal court has the responsibility to supervise the administration of criminal justice in order to ensure fundamental fairness." [Citations omitted.] It would be ill-advised to limit improvidently this inherent power for fear of misuse. The firing point of the legal system is with the trial judge who is best situated to administer the law and protect the rights of all. Such discretion is not limitless, but appellate review provides a proper check. Accord Arizona v. Manypenny, 672 F.2d 761, 765 (9th Cir.) (district court has inherent supervisory power to enter orders "not expressly sanctioned by rule or statute"), cert. denied, 459 U.S. 850 (1982).

## III. CONCLUSION

For the foregoing reasons, the court should order the government to disclose the grand jury testimony and all statements of grand jury witnesses.

DATED: Honolulu, Hawaii, April 20, 2006.

_____
MICHAEL J. PARK
Attorney for Defendant
JORGE CASAS

Case 1:00-cr-00184-HG   Document 701-3   Filed 06/01/2006   Page 10 of 18

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 00-00184 HG |
| | ) |
| Plaintiff, | ) DECLARATION OF COUNSEL |
| | ) |
| vs. | ) |
| | ) |
| JORGE CASAS, (01) | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## DECLARATION OF COUNSEL

I, MICHAEL J. PARK, hereby declare as follows:

1. That I am counsel for defendant JORGE CASAS, having been appointed pursuant to the Criminal Justice Act.

2. That upon review of the discovery of this matter, ASUA Thomas Mueleck disclosed a letter, dated July 18, 2000 sent to Mr. Peter Wolf, Federal Public Defender, from an anonymous FBI special agent. This letter described a series of misconduct and serious misrepresentations made by the case agent in this

case, DEA agent Michael Rothermund.

3. That Declarant is of the belief that the testimony and statements of Agent Rothermund to the grand jury was instrumental in the grand jurors bringing an indictment against defendant CASAS.

4. That Declarant has attached as Exhibit "A" to the foregoing memorandum, a copy of a letter dated July 18, 2000, received from ASUA Thomas Mueleck.

5. That Declarant is of the belief that case agent Rothermund committed misconduct on a prior investigation as explained in letter dated March 21, 2000, from the U.S. Attorney's Office.

6. That Declarant has attached as Exhibit "B" to the foregoing memorandum, a copy of a letter dated March 21, 2000, received from the U.S. Attorney's Office.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Honolulu, Hawaii, April 20, 2006.

_____

/s/MICHAEL J. PARK
Attorney for Defendant
JORGE CASAS

Case 1:00-cr-00184-HG    Document 701-3    Filed 06/01/2006    Page 13 of 18



United States Attorney
District of Hawaii

#5

PJKK Federal Building
300 Ala Moana Blvd., Room 6-100
Honolulu, Hawaii 96850

(808) 541-2850
FAX (808) 541-2958

March 21, 2000

Milton Grimes, Esq.
2382 Southeast Bristol, Ste. B
Newport Beach, CA 92660

      Re: <u>United States v. Steven Brooks</u>
           Cr. No. 98-00591 SOM

Dear Mr. Grimes:

      Pursuant to our obligations under <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and its progeny, please be advised of the following information regarding DEA Special Agent Michael Rothermund.

      During an unrelated drug investigation, Special Agent Rothermund signed a "consent to search" form acknowledging an owner's consent to search her property during an unrelated drug investigation. During that investigation, Special Agent Rothermund signed a consent form acknowledging himself as a witness to the owner's consent when in fact another DEA agent had obtained the consent to search from the owner. Special Agent Rothermund wrongfully believed that if another agent obtained the consent, he could sign the consent form although he was not present during the giving of consent.

      Please be reminded that while this material may be appropriate for disclosure under existing case authority, use and desimination of this material beyond possible impeachment is improper. The United States has moved <u>ex parte</u> and under seal for an order limiting the use of the disclosed information and to prohibit any further disclosure by the defense in this case.

      I'm also enclosing six grand jury transcripts. They are as follows:

           1) September 16, 1998 testimony of Gerald Lawson
           2) September 30, 1998 testimony of Gerald Lawson
           3) March 24, 1999 testimony of Gerald Lawson
           4) April 14, 1999 testimony of Gerald Lawson

**EXHIBIT B**

\#6

Mr. Milton Grimes, Esq.
Page 2

      5) September 16, 1998 testimony of Gerald Lawson
      6) September 30, 1998 testimony of Gerald Lawson

    Finally, please find enclosed two pages of Gerald Lawson's notes.

    If you have any questions regarding the above, please do not hesitate to contact me.

    Thank you for your time and attention.

                        Sincerely Yours,

                        STEVEN S. ALM
                        United States Attorney
                        District of Hawaii

                        *Loretta A. Sheehan*
                        Loretta A. Sheehan
                        Assistant U.S. Attorney

300 Ala Moana Boulevard
Room 4-230
Honolulu, HI 96850
July 13, 2000

Mr. Peter Wolf, Federal Public Defender
Federal Public Defender's Office
300 Ala Moana Boulevard #7-104
Honolulu, HI 96850

Dear Mr. Wolf:

Unfortunately, there is no mechanism in our system to give you this information other than in this manner. My sworn duty as a FBI Special Agent is to uphold the law and the truth. I have done much soul searching prior to writing this.

Several falsehoods have come to my attention that I can no longer remain silent about. The case in question involves the DEA wiretap case on Maui known as Operation Powerball. The problems are:

1) The case agent, Michael Rothermund, lied several times in the affidavit for the wiretap and in the various 30 day extensions regarding the necessity requirement and the fact that surveillance had been tried unsuccessfully. DEA had an undercover agent making direct undercover buys from Felipe Ruiz-Castro. The undercover agent could have gone much further in dismantling the organization if he would have been given the opportunity. The affidavit does not say this. In fact, I was told that no one even bothered to ask the undercover agent what his opinion was as to how successful he might have been if afforded the opportunity to continue in his undercover role. In addition, no, or very little, surveillance was attempted prior to the beginning of this wiretap despite


EXHIBIT A

what the affidavit says. However, surveillance was maintained 16 hours a day for more than two months after the wiretap was in place without being compromised. Especially, the last extension to the wiretap was not done for the reasons specified in the affidavit but because the U.S. Attorney's Office was not ready to proceed with indictments. Why isn't this simple truth listed in the affidavit requesting the last extension? The case agent simply lied to protect the U.S. Attorney's Office.

2) The reason that the case agent lied was because being the affiant of a wiretap affidavit would enhance his early promotion to GS-13. That is a pretty poor excuse for intentionally misleading the Honorable Helen Gillmor.

3) Low level drug users were indicted for Unlawful Use of A Communication Facility simply because DEA and the AUSA had to justify the more than $500,000 expense of this wiretap case by indicting a large number of defendants. Most of these defendants have no business being in federal court.

4) The government could not convict these low level defendants if all of them requested a trial as the wire was never corroborated. I have been told that not one single person ordered drugs over the wire, was then put under surveillance, and drugs were subsequently seized to corroborate that the monitors knew which calls were drug related and which were not. That is to say that the code(s) for determining when the suspects were talking about drugs was never corroborated. Presumably, the case agent's Grand Jury testimony says that the suspects were definitely talking about drugs on the phone when there is no credible evidence to back this up. It is apparent that the case agent also lied to the Grand Jury in this regard and the AUSA abused the Grand Jury system.

In the Bureau, we serve at the pleasure of the Director and without Civil Service protection. As such, I cannot sign my name.

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

Thomas Muehleck
tom.muehleck@usdoj.gov
rowena.kang@usdoj.gov;USAHI.ECFNarcotics@usdoj.gov


Served by First Class Mail or hand-delivery:

(No manual recipients)

        DATED:   Honolulu, Hawaii, April 20, 2006.


                                /s/MICHAEL J. PARK
                                Attorney for Defendant