IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00184 HG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION FOR CHANGE IN |
| vs. | ) | VENUE |
| | ) | |
| JORGE CASAS, (01) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM IN SUPPORT
OF MOTION FOR CHANGE IN VENUE

I.  FACTS:

Defendant JORGE CASAS has been charged in a twenty-count second superseding indictment of a drug conspiracy arising out of an alleged incident that occurred from May 1, 1999 through May 4, 2000. A federal grand jury charged Defendant in a superseding indictment on June 6, 2001. A prior superseding indictment was also obtained, and the original indictment was issued on May 25,

2000.

The superseding indictment alleges, among other things, the following:

II. ARGUMENT

    A.      Defendant cannot obtain a fair and impartial trial in Hawaii.

Federal Rule of Criminal Procedure 21(a) & (b) states as follows:

(a) For Prejudice. Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there.

(b) For Convenience. Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice.

The district court has discretion when deciding a motion to change venue Ehrlichman v. Sirica 419 U.S. 1310, 1312 (1974).

In the instant case, Mr. Casas requests the court for a change in venue due to prejudice and inconvenience for parties and witnesses.

The request for a change of venue based on defendant's perception that this district is biased and prejudiced against him as this case involved a huge drug conspiracy, that occurred many years ago in Hawaii, involving numerous defendants. The judges who presided over those cases are the same judges who

preside of Defendant's case. Many court staffers still recall prior co-defendant cases and have formulated an opinion on defendant's guilt based on their prior contant with the matter. Additionally, being that Defendant is the last defendant to be prosecuted; he does not believe the court or staff can disassociate Defendant from these prior defendants' cases and proceedings and continue a preconceived belief of defendant's culpability and cannot be unbiased, fair and impartial on his case.

     Further, Defendant questions his court-appointed attorney's advocacy on his case and distrusts his Spanish speaking interpreter's translations. Defendant believes counsel in California will better advocate for him as they routinely go to trial there, contrary to counsel in Hawaii who routinely do not challenge the district attorney's office and not proceed to trial. Defendant views his court-appointed as one of these attorneys who would rather have defendant plea bargain the case rather than zealously advocate for his position. Defendant has recently, challenged the accuracy of his interpreter's translations. Consequently, Defendant is distrustful of the persons appointed to assist with his defense and frustrated with the courts in the district.

With respect to a change in venue for the convenience of parties and witnesses, the indictment alleges Defendant conspired to bring in illicit drugs from the mainland, specifically, Las Vegas, Nevada and San Francisco, California. Consequently, many witnesses both government and lay are from these districts. Other witnesses, co-defendants are incarcerated on the mainland, in California and defendant asserts it would be more convenient for all involved that his trial be moved to California.

III. CONCLUSION

For the foregoing reasons, the court should transfer this matter to another district.

DATED: Honolulu, Hawaii, June 26, 2006.

_____
/s/MICHAEL J. PARK
Attorney for Defendant
JORGE CASAS