Jorge Casas
USM#94250-198
(FDC) Unit 5-a
P.O. Box 30080
Honolulu, Hi. 96820

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUL 17 2006
at 11 o'clock and 47 min. KM
SUE BEITIA, CLERK

July 15, 2006

Mr. Michael J. Park Esq.
Pacific Guardian Center
733 Bishop St. Ste. 2302
Honolulu, Hi. 96813

**RE: USA v. Casas, CR.No. 00-00184 HG**

Dear Mr. Park,

In-regards to your letter dated July 12, 2006, I have several issues to bring to your attention, and further request I am in need of:

a). As to 18 U.S.C. 3500 (Jencks), and (FRCP) Rule 16 discovery by law I am entitled to the hand and type written statements of the investigating officers from Las Vegas involving 1000 grams of crystal methamphetamine and from the "two" Honolulu P.D. who handled the Brian Jones incident (Six kilos of Cocaine)

b). There seems to be some confusion of your interpretation as to what A.U.S.A. Susan Cushman and the fingerprint report states "your client's fingerprints were found on exhibit N-102, which is a CD case that was recovered from Brian Joshua Jones property"

c). Your statement was "how did your fingerprints get on the packing of the Cocaine"

d). No I will not Stipulate to chain of custody of the transcripts and drug evid.

e). The inconsistent statement on $ money amounts compare to the trial transcripts of the Marino, and the Jamies trial I've previously provided, then compare to the letter from A.U.S.A. Cushman these amount's are contradictory

Now as to (b) and (c) Mr. Park I am not the one who should question your integrity, however the statement you've made (c) seems misleading as to what (b) states. I've already assured you that there is No way that my fingerprints could be on any of the drug seizures because I am not responsible for these drug packages or shipments. Therefore I request, before you make any more accusations against me you better be precise, because I am researching these allegations thoroughly, which this type of representation is conflicting and would amount to another Sixth Amendment violation, "Right to Counsel".

Lastly, with all do respects to the new interpreter Ms. Luz Vega I strongly believe that she will have a hard time in her translations on my behalf. Therefore, I will request another licensed professional to interpret my interest's in this matter. Also the order from Judge H.

Gillmor for my discovery be provided in spanish.

This is another form of "due process" violation in the sense that my trial is right around the corner, and the only thing that I have received in spanish were some physical phone transcripts. I understand that the Government does not have to provide my discovery until at the late'st the Friday before my triAL STARTS, and yes I am aware that all trials here in the District of Hawaii are usually held on Tuesday.

I have been trying my best to assist in my case as I am forced to ask for the assistance of fellow inmate's to help me understand and to address my concerns to you through interpretation. Therefore, it seems that this need of assistance would clearly violate our Attorney/client privilege. Furthermore, it would be of the best interest's of Justice to move on (FRCP) Rule 21 to change venue as a Jury here may not understand the wire tap recordings, and already I've come to find that a lot of these physical phone transcript's are not accurate.

Mr. Park, it is up to you to see to it that I receive a fair trial, and these so called conflicts must stop!! I Thank You for time!!

SINCERELY,

_____                                         _____
Date                                                         Jorge Casas #94250-198

      P.S. I add about the last name confusion "Mexican People
          have several last names, it is all part of the family
          tree, and the respect that we keep as we are named after
          Parents both maiden and the last name of our fathers,
          Grand parents"ect. just check a Phone book from Mexico
          and you find numerous middle and last name of Mexican
          people.

Jorge Casas
USM#94250-198
(FDC) Unit 5-a
P.O. Box 30080
Honolulu, Hi. 96820


**RE: <u>USA v. CASAS</u>, CR.No. 00-00184 HG**

    First I'd like to remined the Courts that spanish is my first language, therefore I am writing you this through translation.

    Secondly, My apologies to the Courts, A.U.S.A. Ms. Susan Cushman, my previous interpreter Mr. Miguel Saibene, and to my Attorney Mr. Michael J. Park for the complexity of my case and the inconvenience it has caused.

    I have prepared several exhibits to justify my claims "due process" violations, they are as follows:

    A). Speedy trial Act. 3161(h)(1)(H), as stated "it is unreasonable to transport a criminal defendant beyond ten days from one district to another" 43 days to the District of Hawaii

    B). Discovery rule (FRCP) rule 12, 16, 26.2, and 18 U.S.C. 3500 (Jencks), including an up to date 2006 independent drug analysis

    C). Two separate discovery orders to provide in spanish by a U.S. Magistrate and Judge H. Gillmor in which the Government failed to comply with

    D). Violation of Sixth Amendment right to counsel "conflict free" and Attorney client privilege communication, by the fact that my entire discovery has been in english, and I am forced to ask other fellow inmate's to read my material and translate to me, and write my concerns through translations to the Courts and to my Attorney

    E). My previous interpreter Mr. Miguel Saibene at times did not relay my translations correctly to the Courts and to my Attorney. He also refused to show me the notes he was taking at Attorney client conference

    F). The only part of my discovery I did receive in spanish (physical phone transcripts) that were not accurate to what one and the other say

    G). Attorney has tried to mislead me several times see attachments (letter to judge Gillmor, letter to Mr. Park, and most recent letter

    H). Several request to my Attorney for a full investigation of D.E.A. Agent Michael Rothermund it is clear when you compare the F.B.I. letter to the Marino trial as Judge Mollway even seems to have recognized the incompetence of this investigation

    I). Criminal Docket: U.S. District Court District of Hawaii <u>USA v. Casas</u>, CR.No. 00-00184 HG 01/18/2002-488- (Attorney payment voucher #02011700149) by Attorney Alvin Ito as to Jorge Casas, in the amount of $6,806.73 by Judge Helen Gillmor /9 CCA Delegate (eps)(entered 01/25/2002).... I was never appointed counsel Alvin Ito nor as Mr. Ito ever represented me in my criminal matter. Check arr-

est date and initial appearance date (2005).

In light of the above stated "due process" violations of the Fifth Amendment and the Sixth Amendment "right to counsel", affected the defendant's substantial rights. The Government's failure to comply with the Court orders to provide my discovery in spanish, violates "due process" of law. I am aware that the Government is not obligated to produce the discovery demands until just days before trial, however, the Sixth Amendment guarantee's the right to fully understand the nature of the cause of action, in which I've made numerous request for my infomation in my native language.

It seems quite apparent that it will be hard to obtain a fair trial here, by the fact of the language differences. The vast majority of the phone calls are in spanish, the Jury will more than likely not understand these conversation

I believe out of fundamental fairness the only appropriate solution for this would be a change of venue to the District of California. What ever remedy the Courts should decide should be determined in the furtherance and integrity of the Constitution Fifth and Sixth Amendment regardless of my current citizenship situation. I Thank You for your time.

SINCERELY,

_____                                          _____
       Date                                                          Jorge Casas, #94250-198