IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 00-00184 HG-01 |
| | ) | |
| | ) | **ORDER DENYING APPEAL AND** |
| Plaintiff, | ) | **REQUEST TO THE DISTRICT** |
| | ) | **COURT TO RECONSIDER A** |
| vs. | ) | **PRETRIAL MATTER DETERMINED** |
| | ) | **BY THE MAGISTRATE JUDGE** |
| | ) | **ORDER DENYING DEFENDANT** |
| JORGE CASAS, | ) | **CASAS' MOTION TO COMPEL** |
| | ) | **PRODUCTION OF GRAND JURY** |
| Defendant. | ) | **TRANSCRIPTS** |
| | ) | |
| _____ | ) | |

**ORDER DENYING APPEAL AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE ORDER DENYING DEFENDANT CASAS' MOTION TO COMPEL PRODUCTION OF GRAND JURY TRANSCRIPTS**

Defendant Jorge Casas appeals from an order entered by the magistrate judge denying his motion to compel grand jury transcripts and statements of witnesses who testified before the grand jury. For the reasons set forth below, the Court finds that the magistrate judge's order is not clearly erroneous or contrary to law. Casas' appeal is denied.

**PROCEDURAL HISTORY**

On April 20, 2006, Defendant Jorge Casas ("Casas") filed a Motion to Compel Production of Grand Jury Transcripts ("Motion", Doc. 681.)

1

On May 5, 2006, the United States filed its Opposition to Defendant's Motion to Compel Production of Grand Jury Transcripts ("Opposition", Doc. 690.)

On May 19, 2006, a United States Magistrate Judge orally denied Casas' Motion.

On May 24, 2006, the United States Magistrate Judge issued a written Order Denying Defendant's Motion to Compel Production of Grand Jury Transcripts (Doc. 695.)

On June 1, 2006, Casas filed an "Appeal and Request to the District Court to Reconsider a Pretrial Matter Determined by the Magistrate Judge Order Denying Defendant Casas' Motion to Compel Production of Grand Jury Transcripts" ("Appeal", Doc. 701.)

On July 17, 2006, the Court orally denied Casas' Appeal.

## BACKGROUND

The Second Superseding Indictment, filed on June 6, 2001 ("Indictment"), charges Casas with violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846 and 18 U.S.C. § 2.  Casas is charged with being a member of a large drug conspiracy that operated on the island of Maui, Hawaii from May 1, 1999 to May 4, 2000.  The Indictment alleges that Casas was one of the members of a conspiracy who arranged to have methamphetamine, cocaine, and other drugs brought from the mainland of the United States to be sold on Maui.  Authorities arrested Casas on January 26, 2005, pursuant to an arrest warrant, in San Diego, California.  On

March 10, 2005, Casas was arraigned on the Indictment in the United States District Court for the District of Hawaii.

In his Motion, Casas sought grand jury transcripts and all statements of witnesses that testified before the grand jury, as well as all prior superseding indictments and the original indictment.  Casas bases his Motion on: (1) a March 25, 2005 letter from Assistant United States Attorney (AUSA) Thomas Mueleck that included notice of a July 13, 2000 letter sent to Mr. Peter Wolff, Federal Public Defender, from an anonymous Federal Bureau of Investigation (FBI) agent regarding the alleged misconduct of Drug Enforcement Agent Michael Rothermund ("Agent Rothermund") in preparing the affidavit for the wiretap used in this case and in testifying at the grand jury hearing in this case (Motion at Exhibit A); and (2) a March 21, 2000 letter from AUSA Loretta Sheehan disclosing an incident in which Agent Rothermund signed a consent to search form when the consent to search had actually been obtained by another agent (Motion at Exhibit B.)

In his Appeal, Casas asks the Court to reconsider his motion to compel based on the above two grounds.  Casas also attaches a portion of a transcript in a related co-defendant case (<u>United States v. Thomas Marino, Sr.</u>; Criminal No. 00-00185 SOM-BMK) which, he contends, shows misconduct by Agent Rothermund as well as by the AUSA.  Casas contends that such alleged misconduct

3

warrants disclosure of the grand jury transcripts and other requested materials.

## STANDARD OF REVIEW

Where a party has appealed from a magistrate judge's order on a non-dispositive motion, the "district judge shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Local Rule 74.1 of the Local Rules of the United States District Court for the District of Hawaii; see Fed. R. Civ. P. 72.

## ANALYSIS

The proper functioning of the grand jury system depends upon the secrecy of grand jury proceedings. See Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 218-219 (1979). Safeguarding the confidentiality of grand jury proceedings encourages voluntary testimony by grand jury witnesses against the accused and protects grand jury witnesses from retribution and other inducements. Id.

Access to grand jury transcripts "may not be ordered unless the defendant demonstrates with particularity the existence of a compelling need that is sufficient to outweigh the policy of grand jury secrecy." United States v. DeTar, 832 F.2d 1110, 1113 (9th Cir. 1987); see United States v. Leung, 40 F.3d 577, 582 (2nd Cir. 1994) ("A review of grand jury minutes should not be permitted without concrete allegations of Government

misconduct"). The need to impeach testimony or refresh recollection at trial can establish a particularized need for disclosure of grand jury transcripts if the need for disclosure outweighs the interest in secrecy of the grand jury process. <u>United States v. Fischbach and Moore, Inc</u>., 776 F.2d 839, 845 (9th Cir. 1985).

"The standards the district court should follow when lifting the secrecy of grand jury proceedings are (1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and, (3) that only the relevant parts of the transcripts should be disclosed." <u>United States v. Plummer,</u> 941 F.2d 799, 806 (9th Cir. 1991).

Casas has not shown a compelling need for any grand jury materials. This Court has already considered the July 13, 2000 letter from an anonymous FBI agent regarding the alleged misconduct of Agent Rothermund in ruling on co-defendant Mona Huihui's motion to suppress evidence. The anonymous letter alleges, inter alia, that Agent Rothermund "lied several times in the affidavit for the wiretap and in the various 30 day extensions regarding the necessity requirement and the fact that surveillance had been tried unsuccessfully." Huihui moved to suppress the wiretap based on Agent Rothermund's alleged misconduct as described in the July 13, 2000 letter. The United

States submitted an affidavit of Agent Rothermund in response to the allegations of misconduct.  After a hearing on the motion to suppress, the Court found the materials submitted by the United States and Agent Rothermund's affidavit to be persuasive.  The Court also found the contents of the letter to be unreliable.  The Court found that "Special Agent Rothermund did not lie in the affidavits underlying the wiretap or its extensions and did not mislead the Court."  (See Doc. 277, April 6, 2001 Minute Order in Criminal No. 00-00184 HG, at 5.)

    The March 21, 2002 letter from AUSA Loretta Sheehan disclosing an incident in which Agent Rothermund signed a consent to search form when the consent to search had actually been obtained by another agent also does not show a compelling need for the grand jury materials.  The March 21, 2000 letter discloses an incident in which Agent Rothermund, in an unrelated investigation in 1998, signed a consent to search form acknowledging the owner's consent to search when, in fact, another Drug Enforcement Agent had obtained consent from the owner.  Agent Rothermund should not have signed the consent form because he was not present when the owner consented.  The Court has considered the relevancy of Agent Rothermund's action of signing the consent form in two other cases.  The Court has excluded it as irrelevant and unduly prejudicial (United States v. Brooks, Criminal No. 98-00591, "Order Denying Defendant's

6

Motion for Judgment of Acquittal and/or New Trial", dated September 8, 2000) and has found that it could not be used to impeach Agent Rothermund (<u>United States v. Vanessa Barut</u>, Criminal No. 01-00160 SOM-07, November 10, 2003 Minute Order). Agent Rothermund's signing of the consent form is unrelated to this case and the magistrate judge did not err in finding that it did not demonstrate a compelling need for the grand jury materials.

Finally, Casas has attached an excerpt of a transcript of proceedings in <u>United States v. Marino</u>, (Criminal Number 00-00185 SOM-BMK). Casas contends, without explaining how, that this transcript excerpt shows misconduct on the part of Agent Rothermund and the AUSA. Because Casas makes this argument for the first time on appeal the Court need not consider it. But even considering Casas' argument, he has still not shown a compelling need for the grand jury materials.

The transcript excerpt involves an exchange between Agent Rothermund, the Court, and the prosecution and defense regarding a debriefing report prepared by Agent Rothermund in an separate case. The United States had not produced the debriefing report as Jencks material under the Jencks Act, 18 U.S.C. § 3500.[1] At

---

[1] Section 3500(b) provides: "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in

trial, during direct examination, the witness testified that he had signed the debriefing statement.  This raised the question of whether the debriefing statement should have been produced to the defense under Jencks.  After a lengthy colloquy, the Court determined that although the debriefing statement was Jencks material, the defense had not shown sufficient prejudice to warrant sanctions.  Contrary to Casas' implication, the Court did not find, and the transcript does not show, that Agent Rothermund, or anyone from the United States Attorney's Office, engaged in misconduct.  Rather, the Court noted that it appeared that, until trial, the prosecutor did not know that the debriefing report had been shown to and affirmed by the witness such that it should have been disclosed under Jencks and that, at worst, the prosecutor may have been negligent.

In sum, the Court does not find any clear error with regard to the magistrate judge's order denying defendant's motion to compel production of grand jury transcripts.  Even considering Casas' new argument, although presented for the first time on

---

the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use." The term "statement" includes any written statement signed or otherwise adopted or approved by the witness.  See 18 U.S.C. §3500(e)(1).

appeal, Casas has not demonstrated with particularity the existence of a compelling need for the requested grand jury materials that is sufficient to outweigh the policy of grand jury secrecy.

### CONCLUSION

For the foregoing reasons,

(1) Defendant Casas' "Appeal and Request to the District Court to Reconsider a Pretrial Matter Determined by the Magistrate Judge Order Denying Defendant Casas' Motion to Compel Production of Grand Jury Transcripts" (Doc. 701) is **DENIED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 24, 2006.



　　　　　　　　　　　　　　　　　　 /s/ Helen Gillmor
　　　　　　　　　　　　　　　　　Chief United States District Judge

---

United States v. Casas; Crim. No. 00-00184 HG-01;  **ORDER DENYING APPEAL AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE ORDER DENYING DEFENDANT CASAS' MOTION TO COMPEL PRODUCTION OF GRAND JURY TRANSCRIPTS**