IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                            )<br>                            )<br>            Plaintiff,      )<br>                            )<br>     vs.                    )<br>                            )<br>                            )<br>JORGE CASAS,                )<br>                            )<br>            Defendant.      )<br>_____ ) | CRIMINAL NO. 00-00184 HG-01<br><br>**ORDER DENYING MOTION FOR**<br>**CHANGE OF VENUE** |

**ORDER DENYING MOTION FOR CHANGE OF VENUE**

Defendant Jorge Casas has moved for a change of venue, under Fed. R. Crim. P. 21, based on convenience to the parties and witnesses, alleged bias and prejudice against him by the judges and court personnel in this district, and the allegedly ineffective advocacy of his counsel and untrustworthiness of his Spanish speaking interpreters.  Because, as discussed below, none of these grounds has any merit, Casas' motion for change of venue is denied.

**PROCEDURAL HISTORY**

On June 26, 2006, Defendant Jorge Casas ("Casas") filed a Motion for Change of Venue ("Motion", Doc. 703.)

On June 27, 2006, the United States filed an Opposition to Defendant's Motion to Change Venue ("Opposition", Doc. 705.)

1

On July 17, 2006, this matter came on for hearing.

## BACKGROUND

Casas is charged in a Second Superseding Indictment, filed on June 6, 2001 ("Indictment"), with violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846 and 18 U.S.C. § 2.  Casas is charged with being a member of a large drug conspiracy that operated on the island of Maui, Hawaii from May 1, 1999 to May 4, 2000.  The Indictment alleges that Casas was one of the members of a conspiracy who arranged to have methamphetamine, cocaine, and other drugs brought from the mainland of the United States to be sold on Maui.  Authorities arrested Casas on January 26, 2005, pursuant to an arrest warrant, in San Diego, California.  On March 10, 2005, Casas was arraigned on the Indictment in the United States District Court for the District of Hawaii.

## ANALYSIS

Casas moves, under Rule 21(a) and (b) of the Federal Rules of Criminal Procedure and the Sixth Amendment of the United States Constitution for a change of venue.  "The standards governing a change of venue ultimately derive from the due process clause of the fourteenth amendment which safeguards a defendant's sixth amendment right to be tried by a panel of impartial, indifferent jurors."  Casey v. Moore, 386 F.3d 896, 906 (9th Cir. 2004) (citation and quotations omitted).  Fed. R. Crim. P. 21(a) provides for change of venue:

2

> **(a) For Prejudice.** Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there.

As the United States Circuit Court of Appeals for the Ninth Circuit Court of Appeals has described, a defendant seeking to transfer venue for prejudice must show presumed or actual prejudice:

> Prejudice is presumed when the record demonstrates that the community where the trial was held was *saturated* with *prejudicial and inflammatory* media publicity about the crime.[1]  Prejudice is rarely presumed because 'saturation' defines conditions found only in extreme situations.  To establish actual prejudice, the defendant must demonstrate that the jurors exhibited actual partiality or hostility that could not be laid aside.

United States v. Sherwood, 98 F.3d 402, 410 (9th Cir. 1996) (citations and quotations omitted; emphasis original; footnote added).

Fed. R. Crim. P. 21(b) also provides for a change of venue:

---

[1] "Three factors should be considered in determining presumed prejudice: (1) whether there was a barrage of inflammatory publicity immediately prior to trial, amounting to a huge ... wave of public passion; (2) whether the news accounts were primarily factual because such accounts tend to be less inflammatory than editorials or cartoons; and (3) whether the media accounts contained inflammatory or prejudicial material not admissible at trial." Daniels v. Woodford, 428 F.3d 1181, 1211 (9th Cir. 2005) (citations and quotations omitted).

>  **(b) For Convenience**. Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice.

"A district court has broad discretion in ruling on a motion for change of venue . . . " Sherwood, 98 F.3d at 410.

Casas moves for a change of venue based on convenience to the parties and witnesses, alleged bias and prejudice against him by the judges and court personnel in this district, and the allegedly ineffective advocacy of his counsel and untrustworthiness of his Spanish speaking interpreters.

The Ninth Circuit observes: "[o]ur venue law grows out of important concerns that a criminal jury trial be held near the place where the crime was committed and where prosecution can conveniently proceed." United States v. Angotti, 105 F.3d 539, 541 (9th Cir. 1997). In the instant case, the Government alleges that the cocaine was sent from California to Hawaii, where the couriers and cocaine were intercepted, and where the evidence, the majority of the Government witnesses, and the prosecution team are located. Maui was the central hub of the drug conspiracy. Inconvenience to the defendant is not sufficient to require a change of venue. Wagner v. United States, 416 F.2d 558, 562 (9th Cir. 1969) ("It might well have been more convenient to one or more defendants to have had a change of venue to one or more other districts, but that reason is

insufficient to require the trial judge to order a change of venue . . . . The ultimate decision in such matters must largely rest in the sound judicial discretion of the trial judge.").

The Court does not find persuasive Casas' unsupported assertions that "counsel in California will better advocate for him as they routinely go to trial there" and that his Spanish speaking interpreters are untrustworthy or inaccurate. The Court frequently tries criminal cases. The Court has previously appointed Casas two experienced interpreters and, at the hearing on July 17, 2006, ordered that defense counsel could request yet another interpreter in order to address Casas' concerns. The Court, however, finds Casas' allegations to be unfounded and not a basis for a change of venue.

Casas' concern of prejudice because judges and court personnel in this district may be familiar with prior cases involving his co-defendants is without merit. Not only is Casas' motion devoid of any factual support for this speculative assertion, but 12 impartial jurors will determine Casas' guilt or innocence, not the Court or court personnel.

Finally, Casas has not made any showing regarding pretrial publicity, much less that it has been so extensive as to require a presumption of prejudice and warrant a change of venue. <u>Ainsworth v. Calderon</u>, 138 F.3d 787 (9th Cir. 1998); <u>see</u> <u>also</u> <u>United States v. Bailleaux</u>, 685 F.2d 1105, 1108 (9th Cir. 1982)

("It is not all publicity that causes prejudice to a defendant, but only that publicity that operates to deprive the defendant of a fair trial.").

## CONCLUSION

For the foregoing reasons, Casas has not met his burden for obtaining a change of venue.

Casas may file a new motion to change venue if additional relevant information requiring a change in venue becomes available.

Casas' Motion for Change of Venue (Doc. 703) is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 24, 2006.



                     /s/ Helen Gillmor
                     Chief United States District Judge

---

United States v. Casas; Crim. No. 00-00184 HG-01; **ORDER DENYING MOTION FOR CHANGE OF VENUE**