EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

SUSAN CUSHMAN
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email: Susan.Cushman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  00-00184 HG |
| | ) | |
| Plaintiff, | ) | PROPOSED JOINT JURY |
| | ) | INSTRUCTIONS; |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| JORGE CASAS, | ) | Date:   August 8, 2006 |
| | ) | Time:   9:00 a.m. |
| Defendant. | ) | Judge: Helen Gillmor |
| | ) | |


PROPOSED JOINT JURY INSTRUCTIONS

        The parties, through the undersigned counsel for the

United States, hereby request the following proposed Standard

Jury Instructions and the joint jury instructions for Chief Judge

Helen Gillmor:  1, 2(A), 3, 4, 5, 6, 7, 9, 10, 11, 12, 15(A), 16,

17, 18, 18(B), 19, and 20(A).  Additional jury instructions are

attached hereto.

Permission of the Court is requested to subsequently withdraw any of the attached instructions, to modify them, or to offer such additional instructions as may, during the course of the trial, become appropriate.

DATED: July 26, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


   /s/ Susan Cushman
By_____
  SUSAN CUSHMAN
  Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII


HELEN GILLMOR
Chief United States District Judge


**GENERAL FEDERAL JURY**
**INSTRUCTIONS IN CRIMINAL CASES**

**INDEX**

| | | |
|---|---|---|
| 1 | | DUTY OF JUDGE |
| 2 | | DUTY TO FOLLOW INSTRUCTIONS |
| | A | Single Defendant |
| 3 | | REASONABLE DOUBT |
| 4 | | DEFENDANT'S DECISION NOT TO TESTIFY |
| 5 | | EVIDENCE - EXCLUDING ARGUMENT OF COUNSEL |
| 6 | | EVIDENCE - OBJECTIONS |
| 7 | | EVIDENCE - EXCLUDING STATEMENTS OF JUDGE |
| 9 | | EVIDENCE - DIRECT AND CIRCUMSTANTIAL |
| 10 | | EVIDENCE - CREDIBILITY OF WITNESSES |
| 11 | | EVIDENCE - EXPERT WITNESSES |
| 12 | | IMPEACHMENT - GENERALLY |
| 15 | | IMPEACHMENT OF DEFENDANT |
| | A | General Instruction |
| 16 | | ON OR ABOUT |
| 17 | | KNOWINGLY |
| 18 | | CAUTION - PUNISHMENT |
| | B | Single Defendant, Multiple Counts in Indictment |
| 19 | | DUTY TO DELIBERATE |
| 20 | | VERDICT |
| | A | Verdict Form - Single Defendant |

JOINT PROPOSED JURY INSTRUCTION NO. _____

CONSPIRACY

Section 846 of Title 21 of the United States Code provides in pertinent part that it shall be unlawful for any person to conspire to commit a violation of certain federal drug laws where the commission of the violation was the object or goal of the conspiracy.  One of those drug laws is Section 841(a)(1) of Title 21 of the United States Code which makes it an offense for a person to knowingly and intentionally distribute, possess with intent to distribute, or manufacture a controlled substance.

Methamphetamine and cocaine, in any amount, are controlled substances.

Title 21, United States Code, Section 846

GIVEN       _____
REFUSED     _____
MODIFIED    _____

JOINT PROPOSED JURY INSTRUCTION NO. _____

CONSPIRACY

Count 1 of the Second Superseding Indictment charges that from a date unknown, but from at least on or about May 1, 1999, to on or about May 4, 2000, in the District of Hawaii and elsewhere, Jorge Casas, the defendant, did willfully and unlawfully conspire with other persons known and unknown to the Grand Jury, to possess with intent to distribute 50 grams, to wit 1,000 grams, or more of methamphetamine, its salts, isomers and salts of its isomers, which is a prohibited drug substance, and in excess of 500 grams, to wit six (6) kilograms, or more of cocaine its salts, optical and geometric isomers, and salts of its isomers, which is a prohibited drug substance. Both methamphetamine and cocaine are Schedule II controlled substances. This conduct is charged in Count 1 as constituting a violation of Title 21, United States Code, Section 841.

Section 841(a)(1) of Title 21 of the United States Code provides in part:

(a) " . . . it shall be unlawful for any person knowingly or intentionally--

(1)  . . . to possess with intent to distribute . . .

or manufacture a controlled substance.

Title 21, United States Code, Section 841(a)(1).

GIVEN      _____
REFUSED    _____
MODIFIED   _____

2

JOINT PROPOSED JURY INSTRUCTION NO. _____
8.16 CONSPIRACY - ELEMENTS

Jorge Casas is charged in Count 1 of the Second Superseding Indictment with conspiring to possess with intent to distribute a controlled substance in violation of Section 841(a)(1) of title 21 of the United States Code.  In order for Defendant Jorge Casas to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about between the dates of May 1, 1999, and May 4, 2000, there was an agreement between two or more persons to possess with intent to distribute 50 grams or more of methamphetamine, its salts, its isomers and salts of its isomers, and/or 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers, Schedule II controlled substances.

Second, Defendant Jorge Casas became a member of the conspiracy knowing of at least one of its objectives and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to commit one or more crimes.

The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a

person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

Ninth Circuit Manual of Model Jury Instructions, 2003; Instruction 8.16, as modified.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

JOINT PROPOSED JURY INSTRUCTION NO. _____

CONSPIRACY

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with each other in the overall scheme, a defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1)  the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2)  the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3)  the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

Ninth Circuit Manual of Model Jury Instructions, 2003
Instruction 8.18, as modified.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

JOINT PROPOSED JURY INSTRUCTION NO. _____

CONSPIRACY-LIABILITY FOR SUBSTANTIVE OFFENSE
COMMITTED BY CO-CONSPIRATOR (PINKERTON CHARGE)

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers as charged in Count 11 of the Second Superseding Indictment and/or you may find the defendant guilty of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers as charged in Count 14 of the Second Superseding Indictment if the government has proved each of the following elements beyond a reasonable doubt:

1.    a person identified in Counts 11 and 14 of the Second Superseding Indictment committed either or both the crimes of possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers as alleged in that count and/or 500 or more grams of a mixture or substance containing a detectable amount of cocaine it salts, optical and geometric isomers, and salts of its isomers;

2.    the person was a member of the conspiracy charged in Counts 11 and 14 of the Second Superseding Indictment;

3.    the person committed either or both of the crimes of possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers in furtherance of the conspiracy and/or possession with intent to distribute 500 or more grams of a mixture or substance containing a detectable amount of cocaine it salts, optical and geometric isomers, and salts of its isomers;

4.    the defendant was a member of the same conspiracy at the time the offenses charged in Counts 11 and 14 were committed; and

5.    the offenses fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

Ninth Circuit Manual of Model Jury Instructions, 2003
Instruction 8.20.

GIVEN        _____
REFUSED      _____
MODIFIED     _____

JOINT PROPOSED JURY INSTRUCTION NO. _____

9.13 CONTROLLED SUBSTANCE–
POSSESSION WITH INTENT TO DISTRIBUTE
(21 U.S.C. § 841(a)(1))

The defendant is charged in Count 11 of the Second Superseding Indictment with possession of crystal methamphetamine with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed crystal methamphetamine; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was crystal methamphetamine.  It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.


Ninth Circuit Model Criminal Jury Instructions, 2003
Instruction 9.13

GIVEN       _____
REFUSED     _____
MODIFIED    _____

JOINT PROPOSED JURY INSTRUCTION NO. _____

9.13 CONTROLLED SUBSTANCE–
POSSESSION WITH INTENT TO DISTRIBUTE
(21 U.S.C. § 841(a)(1))

The defendant is charged in Count 14 of the Second Superseding Indictment with possession of cocaine with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed cocaine; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was cocaine.  It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.


Ninth Circuit Model Criminal Jury Instructions, 2003
Instruction 9.13

GIVEN      _____
REFUSED    _____
MODIFIED   _____

JOINT PROPOSED JURY INSTRUCTION NO. _____

AIDING AND ABETTING

A defendant may be found guilty of possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, as charged in Count 11 of the Second Superseding Indictment and/or possession with intent to distribute 500 or more grams of a mixture or substance containing a detectable amount of cocaine its salts, optical and geometric isomers, and salts of its isomers, as charged in Count 14 of the Second Superseding Indictment even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding abetting, the government must prove beyond a reasonable doubt:

First, possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers was committed by someone and/or possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine its salts, optical and geometric isomers, and salts of its isomers was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers and/or 500 or more grams of a mixture or substance

containing a detectable amount of cocaine its salts, optical and geometric isomers, and salts of its isomers; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers and/or possession with intent to distribute 500 or more grams of a mixture or substance containing a detectable amount of cocaine, it salts, optical and geometric isomers, and salts of its isomers.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Ninth Circuit Manual of Model Jury Instructions, 2003
Instruction 5.1

GIVEN      _____
REFUSED    _____
MODIFIED   _____

2

JOINT PROPOSED JURY INSTRUCTION NO. _____

The defendant Jorge Casas is charged in Counts 7, 8, 10, 13, 15, and 16 of the Second Superseding Indictment with illegal use of a communication facility in violation of Section 843(b) of Title 21, United States Code.  In order for the defendant to be guilty of that charge, the government must prove beyond a reasonable doubt that the defendant knowingly or intentionally used a telephone to help bring about the conspiracy to possess with intent to distribute methamphetamine and cocaine, as charged in Count 1 of the Second Superseding Indictment.

Ninth Circuit Manual of Model Jury Instructions, 2003 Instruction 9.25 amended.

GIVEN       _____
REFUSED     _____
MODIFIED    _____

JOINT PROPOSED JURY INSTRUCTION NO. _____

TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES-
IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

You have heard testimony from Felipe Ruiz Castro and Brian Joshua Jones, witnesses who have received benefits from the government in connection with this case.

These witnesses admitted being accomplices to the crime charged.  An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.

These witnesses also pleaded guilty to a crime arising out of the same events for which the defendant is on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of these witnesses, you should consider the extent to which or whether these witness' testimony may have been influenced by any of these factors.  In addition, you should examine these witness' testimony with greater caution than that of other witnesses.

Ninth Circuit Manual of Model Jury Instructions, 2003
Instruction 4.9

GIVEN        _____
REFUSED      _____
MODIFIED     _____

JOINT PROPOSED JURY INSTRUCTION NO. _____

This instruction applies to the testimony of Felipe Ruiz Castro and Brian Joshua Jones only. Under applicable law, if the government makes a request therefor, a United States District Court may impose a sentence on a person below a level otherwise established by law so as to reflect that person's substantial assistance in the investigation or prosecution of another person who has committed an offense. The court, it its sole discretion, decides whether or not to grant such a request.

```
GIVEN      _____
REFUSED    _____
MODIFIED   _____
```

JOINT PROPOSED JURY INSTRUCTION NO. _____

4.3 OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You have heard evidence of other wrongs engaged in by the defendant.  You may consider that evidence only as it bears on the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident and for no other purpose.

<u>Ninth Circuit Manual of Model Jury Instructions</u>, 2003
Instruction 4.3

GIVEN       _____
REFUSED     _____
MODIFIED    _____

JOINT PROPOSED JURY INSTRUCTION NO. _____

You are about to listen to tape recordings, some of which are in English language, some of which are in the Spanish language, and some of which contain a mixture of both.

Where the words on the tape recording are in English, you are instructed that the tape recording is the evidence, not the transcript.  Although you have been given a transcript of the recording to help identify the speakers and as a guide to help you listen to the tape, bear in mind that the tape recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you heard is controlling.

You are further instructed, however, that where the words on the tape recording are in Spanish, you must accept the English translation contained in the transcript and disregard any different meanings of the Spanish words.  In this instance, the transcript is the evidence, not the tape recording.

Where the tape recording contains both English and Spanish, the evidence for the English words is what you hear on the recording; the evidence for the Spanish words is what appears on the transcript.


GIVEN     _____
REFUSED   _____
MODIFIED  _____

# CLEAN SET
# OF JURY INSTRUCTIONS

INSTRUCTION NO. _____

CONSPIRACY

Section 846 of Title 21 of the United States Code provides in pertinent part that it shall be unlawful for any person to conspire to commit a violation of certain federal drug laws where the commission of the violation was the object or goal of the conspiracy. One of those drug laws is Section 841(a)(1) of Title 21 of the United States Code which makes it an offense for a person to knowingly and intentionally distribute, possess with intent to distribute, or manufacture a controlled substance.

Methamphetamine and cocaine, in any amount, are controlled substances.

INSTRUCTION NO. _____

CONSPIRACY

Count 1 of the Second Superseding Indictment charges that from a date unknown, but from at least on or about May 1, 1999, to on or about May 4, 2000, in the District of Hawaii and elsewhere, Jorge Casas, the defendant, did willfully and unlawfully conspire with other persons known and unknown to the Grand Jury, to possess with intent to distribute 50 grams, to wit 1,000 grams, or more of methamphetamine, its salts, isomers and salts of its isomers, which is a prohibited drug substance, and in excess of 500 grams, to wit six (6) kilograms, or more of cocaine its salts, optical and geometric isomers, and salts of its isomers, which is a prohibited drug substance.  Both methamphetamine and cocaine are Schedule II controlled substances.  This conduct is charged in Count 1 as constituting a violation of Title 21, United States Code, Section 841.

Section 841(a)(1) of Title 21 of the United States Code provides in part:

(a)  " . . . it shall be unlawful for any person knowingly or intentionally--

(1)  . . . to possess with intent to distribute . . . or manufacture a controlled substance.

INSTRUCTION NO. _____

8.16 CONSPIRACY - ELEMENTS

Jorge Casas is charged in Count 1 of the Second Superseding Indictment with conspiring to possess with intent to distribute a controlled substance in violation of Section 841(a)(1) of title 21 of the United States Code.  In order for Defendant Jorge Casas to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about between the dates of May 1, 1999, and May 4, 2000, there was an agreement between two or more persons to possess with intent to distribute 50 grams or more of methamphetamine, its salts, its isomers and salts of its isomers, and/or 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers, Schedule II controlled substances.

Second, Defendant Jorge Casas became a member of the conspiracy knowing of at least one of its objectives and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to commit one or more crimes.

The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a

person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

INSTRUCTION NO. _____

CONSPIRACY

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with each other in the overall scheme, a defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1)  the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2)  the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3)  the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

INSTRUCTION NO. _____

CONSPIRACY-LIABILITY FOR SUBSTANTIVE OFFENSE
COMMITTED BY CO-CONSPIRATOR (PINKERTON CHARGE)

Each member of the conspiracy is responsible for the
actions of the other conspirators performed during the course and
in furtherance of the conspiracy.  If one member of a conspiracy
commits a crime in furtherance of a conspiracy, the other members
have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of
possession with intent to distribute 50 grams or more of
methamphetamine, its salts, isomers and salts of its isomers as
charged in Count 11 of the Second Superseding Indictment and/or
you may find the defendant guilty of possession with intent to
distribute 500 grams or more of a mixture or substance containing
a detectable amount of cocaine, its salts, optical and geometric
isomers, and salts of its isomers as charged in Count 14 of the
Second Superseding Indictment if the government has proved each
of the following elements beyond a reasonable doubt:

1.    a person identified in Counts 11 and 14 of the
Second Superseding Indictment committed either or both the crimes
of possession with intent to distribute 50 grams or more of
methamphetamine, its salts, isomers and salts of its isomers as
alleged in that count and/or 500 or more grams of a mixture or
substance containing a detectable amount of cocaine it salts,
optical and geometric isomers, and salts of its isomers;

2.    the person was a member of the conspiracy charged in Counts 11 and 14 of the Second Superseding Indictment;

3.    the person committed either or both of the crimes of possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers in furtherance of the conspiracy and/or possession with intent to distribute 500 or more grams of a mixture or substance containing a detectable amount of cocaine it salts, optical and geometric isomers, and salts of its isomers;

4.    the defendant was a member of the same conspiracy at the time the offenses charged in Counts 11 and 14 were committed; and

5.    the offenses fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

INSTRUCTION NO. _____

9.13 CONTROLLED SUBSTANCE–
POSSESSION WITH INTENT TO DISTRIBUTE
(21 U.S.C. § 841(a)(1))

The defendant is charged in Count 11 of the Second Superseding Indictment with possession of crystal methamphetamine with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed crystal methamphetamine; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was crystal methamphetamine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

INSTRUCTION NO. _____

9.13 CONTROLLED SUBSTANCE–
POSSESSION WITH INTENT TO DISTRIBUTE
(21 U.S.C. § 841(a)(1))

The defendant is charged in Count 14 of the Second
Superseding Indictment with possession of cocaine with intent to
distribute in violation of Section 841(a)(1) of Title 21 of the
United States Code.  In order for the defendant to be found
guilty of that charge, the government must prove each of the
following elements beyond a reasonable doubt:

First, the defendant knowingly possessed cocaine; and

Second, the defendant possessed it with the intent to
deliver it to another person.

It does not matter whether the defendant knew that the
substance was cocaine.  It is sufficient that the defendant knew
that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess
with intent to deliver or transfer possession of a controlled
substance to another person, with or without any financial
interest in the transaction.

INSTRUCTION NO. _____

AIDING AND ABETTING

A defendant may be found guilty of possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, as charged in Count 11 of the Second Superseding Indictment and/or possession with intent to distribute 500 or more grams of a mixture or substance containing a detectable amount of cocaine its salts, optical and geometric isomers, and salts of its isomers, as charged in Count 14 of the Second Superseding Indictment even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding abetting, the government must prove beyond a reasonable doubt:

First, possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers was committed by someone and/or possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine its salts, optical and geometric isomers, and salts of its isomers was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers and/or 500 or more grams of a mixture or substance

containing a detectable amount of cocaine its salts, optical and geometric isomers, and salts of its isomers; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers and/or possession with intent to distribute 500 or more grams of a mixture or substance containing a detectable amount of cocaine, it salts, optical and geometric isomers, and salts of its isomers.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

INSTRUCTION NO. _____

The defendant Jorge Casas is charged in Counts 7, 8, 10, 13, 15, and 16 of the Second Superseding Indictment with illegal use of a communication facility in violation of Section 843(b) of Title 21, United States Code.  In order for the defendant to be guilty of that charge, the government must prove beyond a reasonable doubt that the defendant knowingly or intentionally used a telephone to help bring about the conspiracy to possess with intent to distribute methamphetamine and cocaine, as charged in Count 1 of the Second Superseding Indictment.

INSTRUCTION NO. _____

TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES-
IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

You have heard testimony from Felipe Ruiz Castro and
Brian Joshua Jones, witnesses who have received benefits from the
government in connection with this case.

These witnesses admitted being accomplices to the crime
charged.  An accomplice is one who voluntarily and intentionally
joins with another person in committing a crime.

These witnesses also pleaded guilty to a crime arising
out of the same events for which the defendant is on trial.  This
guilty plea is not evidence against the defendant, and you may
consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of these
witnesses, you should consider the extent to which or whether
these witness' testimony may have been influenced by any of these
factors.  In addition, you should examine these witness'
testimony with greater caution than that of other witnesses.

INSTRUCTION NO. _____

This instruction applies to the testimony of Felipe Ruiz Castro and Brian Joshua Jones only.  Under applicable law, if the government makes a request therefor, a United States District Court may impose a sentence on a person below a level otherwise established by law so as to reflect that person's substantial assistance in the investigation or prosecution of another person who has committed an offense.  The court, it its sole discretion, decides whether or not to grant such a request.

INSTRUCTION NO. _____

4.3 OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You have heard evidence of other wrongs engaged in by the defendant.  You may consider that evidence only as it bears on the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident and for no other purpose.

INSTRUCTION NO. _____

You are about to listen to tape recordings, some of which are in English language, some of which are in the Spanish language, and some of which contain a mixture of both.

Where the words on the tape recording are in English, you are instructed that the tape recording is the evidence, not the transcript.  Although you have been given a transcript of the recording to help identify the speakers and as a guide to help you listen to the tape, bear in mind that the tape recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you heard is controlling.

You are further instructed, however, that where the words on the tape recording are in Spanish, you must accept the English translation contained in the transcript and disregard any different meanings of the Spanish words.  In this instance, the transcript is the evidence, not the tape recording.

Where the tape recording contains both English and Spanish, the evidence for the English words is what you hear on the recording; the evidence for the Spanish words is what appears on the transcript.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing document was served on the following at their last known addresses:

<u>Served Electronically through CM/ECF</u>:

Michael J. Park        mparkatty@hawaii.rr.com        July 26, 2006


                                    <u>/s/ Patricia Redondo</u>