EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

SUSAN CUSHMAN
Assistant U.S. Attorney
PJKK Federal Bldg., Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: 541-2850
Facsimile: 541-2958
E-mail: susan.cushman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00184-01 HG |
| | ) | |
| Plaintiff, | ) | UNITED STATES' OPPOSITION TO |
| | ) | DEFENDANT'S MOTION IN LIMINE |
| vs. | ) | |
| | ) | TRIAL DATE: 8/8/2006 |
| JORGE CASAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

      The United States, by and through its attorney, the United States Attorney for the District of Hawaii, respectfully submits the following responses to defendant's motion in limine filed on July 27, 2006.

DEFENDANT'S REQUEST TO EXCLUDE CO-CONSPIRATOR'S STATEMENTS
---

1) Fed. R. Evid. 801(d)(2)(E) provides that a statement is not hearsay if it is offered against a party and is a statement by a co-conspirator of a party during the course of and in furtherance of the conspiracy.  The theory under which a co-conspirator's out of court statement is admitted is that each member of the conspiracy is considered to be an agent of every other member of the conspiracy, and an agent's admissions are binding on the principal.

2) A separate hearing on the admissibility of statements is not required.  In determining whether a co-conspirator's statement's are admissible, the trial court is not restricted to evidence independent of the statements sought to be admitted and may rely on the statements themselves in determining their admissibility.  Bourjaily v. United States, 483 U.S. 171, 180-81 (1987).  A trial judge may conditionally admit co-conspirator's statements subject to the satisfaction of their requirements for admission and make a final determination at the close of the evidence.  Those requirements are: 1) whether a conspiracy existed; 2) whether the declarant and defendant were members of the conspiracy; 3) whether the statements were made during and in furtherance of the conspiracy.  Also, a co-conspirator's statement is admissible if it is more likely than not that the declarant and defendant were members of the same

conspiracy when the statement was made, and the statement was in furtherance of the conspiracy.  It is sufficient if the statement intended to promote the conspiracy even if it did not actually do so.  United States v. Williams, 989 F. 2d 1061, 1068, (9th Circuit 1993).

      3) Undersigned counsel is mindful of the foundational requirements necessary to admit co-conspirators statements, and submits that this is an evidentiary question that may be addressed at trial.

DEFENDANT'S REQUEST TO
PRECLUDE VOUCHING FOR WITNESSES' CREDIBILITY

      4) Undersigned counsel is aware of what constitutes improper argument with respect to vouching for the credibility of government witnesses.

DEFENDANT'S REQUEST TO
EXCLUDE FED. R. EVID. 404(B)

      5) Undersigned counsel provided defendant with written notice of the government's intent to introduce at trial in their case-in-chief evidence that the defendant fled the jurisdiction when he was asked to turn himself in and was arrested five years later as he was crossing the boarder from Mexico to the United States.  The defendant was traveling under a different name and had a forged visa.  Intentional flight constitutes consciousness of guilt.  The government requests that the Court so instruct the

jury and has already submitted a supplemental jury instructions for the Court's consideration.

Wherefore, it is respectfully requested that defendant's motion in limine is denied in all respects.

DATED: July 27, 2006, at Honolulu, Hawaii.

                EDWARD H. KUBO, JR.
                United States Attorney
                District of Hawaii
                    /s/ Susan Cushman
                By_____
                  SUSAN CUSHMAN
                  Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing document was served on the following at their last known addresses:

Served Electronically through CM/ECF:

Michael J. Park        mparkatty@hawaii.rr.com         July 27, 2006

/s/ Patricia Redondo