IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 00-00184 HG |
| | ) |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF |
| | ) MOTION |
| vs. | ) |
| | ) |
| JORGE CASAS, (01) | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF MOTION

FACTS:

The defendant, JORGE CASAS is charged in a twenty count indictment with conspiring to knowingly and intentionally distribute and to possess with intent to distribute cocaine and methamphetamine, its salts, isomers and salts of its isomers. Counts 3, 4, 7, 8, 10, 13, and 15- 20 which specifically refer to the Defendant, are based on telephone conversations he had on various

dates during the period February 10, 2000 through May 1, 2000 with Felipe Ruiz-Castro, one alleged co-conspirator.

ARGUMENT IN SUPPORT OF MOTION TO EXCLUDE ALLEGED CO-CONSPIRATOR'S STATEMENTS:

A co-conspirator's statement is admissible under Federal Rules of Evidence 801(d)(2)(E) to show a defendant's participation in a conspiracy. United States v. Peralta, 941 F.2d 1003, 1007 (9th Cir. 1991). However, [b]efore admitting a statement of a co-conspirator into evidence against a defendant, the court must have independent evidence of the existence of the conspiracy and of the defendant's connection to it, and must conclude that the statement was made both during and in furtherance of the conspiracy. United States v. Layton, 720 F.2d 548, 555 (9th Cir. 1983); and Peralta, 941 F.2d at 1007.

This requires the government to prove three essential elements by a preponderance of the evidence before a co-conspirator's statement is admitted: (1) the existence of a conspiracy; (2) the declarant and the "nonoffering party" Jorge Casas are involved in the conspiracy; and, (3) the statements are made during the course and in furtherance of the conspiracy Bourjaily v. United States, 107 S. Ct. 2775, 2778 (1987).

Although a pretrial evidentiary hearing is not mandated, such hearing is requested here because of the number of statements involved. See, Bourjaily, 107 S. Ct. at 2779 n. 1; United States v. Tamez, 941 F. 2d 770, 775 (9th Cir. 1991); but see United States v. James, 590 F.2d 575 (5th Cir. 1979), (suggesting that a pre-trial determination is appropriate). Without a pre-trial hearing on the admission of the statements a tremendous amount of court time will be used which will disrupt the orderly flow of this trial.

To prove conspiracy the government must show (1) an agreement to accomplish an illegal objective, (2) one or more overt acts in furtherance of this illegal objective, and (3) the required intent to carry out the substantive offense. United States v. Schmidt, 947 F.2d 362, 367 (9th Cir. 1991); United States v. Penagos, 823 F.2d 346, 348 (9th Cir. 1987); and United States v. Melchor-Lopez, 627 F.2d 886, 890 (9th Cir. 1980). There not be direct evidence of an agreement, circumstantial evidence may suffice to show the existence of an agreement. Inferences of an agreement may be made "if there be concert of action, all the parties working together understandingly, with a single design for the accomplishment of a common purpose. Melchor-Lopez, 627 F.2d at 890-891. It is not necessary that all of the specifics be worked out to prove an agreement.

United States v. Pemberton, 730 F.2d 730, 733 (9th Cir. 1988).

The alleged statements themselves are not sufficient to establish a conspiracy. There must be some independent evidence of a conspiracy, in addition to the statements, before a co-defendant's statements can be admitted. Tamez, 941 F.2d at 775; and United States v. Gordon, 844 F.2d 1397, 1402 (9th Cir. 1988). Once an agreement is shown, evidence of a defendant's slight connection to the conspiracy is sufficient to prove knowing participation. United States v. Dunn, 564 F.2d 348, 357 (9th Cir. 1977). "Knowledge of the objective of the conspiracy" is material to a conspiracy conviction. Schmidt, 947 F.2d at 367.

> [Mere] association with members of a conspiracy, the existence of and opportunity to join the conspiracy, or simple knowledge, approval Of, or acquiescence in the objective or purpose of the conspiracy, without an intention and agreement to accomplish a specific illegal objective, is not sufficient to make one a conspirator. Melchor-Lopez, 627 F.2d at 890. Furthermore, family ties or other close associations are not enough to establish a conspiracy. United States v. Castaneda, 9 F.3d 761 (9th Cir. 1993).

The statements must demonstrate a "concert of action" between the defendant and the declarant. United States v. Layton, 855 F.2d 1388, 1398 (9th Cir. 1988). The statements must be made (1) during the course of the conspiracy, and (2) in furtherance of the conspiracy. United States v. Arias-Villanueva, 998 F.2d 1491,

1502 (9thy Cir. 1993).

Statements made after the conspiracy ceases or made after arrest are not statements made during the course of a conspiracy. See United States v. Smith, 623 F.2d 627 (9th Cir. 1980). However, statements of a co-defendant made prior to the defendant's entry in the conspiracy are admissible as long as it is shown that the defendant is "aware of the conspiracy's features and general aims." United States v. Mikhsian, 5 F.3d 1306, 1312 (9th Cir. 1993).

Mere conversations or narrative declarations of past events are not admissible under Federal Rules of Evidence 801 (d)(2)(E). Arias-Villanueva, 998 F. 2d at 1502 (citations omitted).

Here, the Court must be satisfied that there was an agreement between Felipe Ruiz-Castro and Jorge Casas to distribute cocaine and methamphetamine before determining whether any of Ruiz-Castro's statements are admissible. It is therefore requested that the Court require the government to proffer its proof as to the existence of the conspiracy and how Jorge Casas is a member of that conspiracy.

## ARGUMENT TO PRECLUDE GOVERNMENT FROM VOUCHING FOR THE CREDIBILITY OF ITS WITNESSES

Defendant Jorge Casas moves in limine for an order to the government to

avoid any vouching for the credibility of government witnesses, whether by testimony of other witnesses, argument of counsel or by enhancing the titles or responsibilities of said witnesses.

"[A] prosecutor may not express his opinion of the defendant's guilt or his belief in the credibility of government witnesses." United States v. Sanchez, 176 F.3d 1214, 1224 (9th Cir. 1999)) (quoting United States v. Molina, 934 F. 2d 1440, 1444 (9th Cir. 1991)). "Attempts to bolster a witness by vouching for his credibility are...improper if the jury could reasonably believe that the prosecutor indicated a personal belief in the witness' credibility." United States v. Eyster, 948 F.2d 1196, 1206 (11th Cir. 1991). A petitioner must be granted a new trial where the remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." See Donnelly v. DeChristoforo, 94 S.Ct. 1868 (1974).

## CHARACTER EVIDENCE NOT ADMISSIBLE TO PROVE CONDUCT; EXCEPTIONS OTHER CRIMES

Defendant Jorge Casas moves in limine for an Order excluding and precluding from use at trial which the govenment may attempt to adduce testimonial or

documentary evidence relating to any other "bad acts" involving the defendant under HRE 404.

DATED: Honolulu, Hawaii, July 27, 2006.

_____
MICHAEL J. PARK
Attorney for Defendant
JORGE CASAS

## CERTIFICATE OF SERVICE

I, MICHAEL J. PARK, hereby certify that a true and exact copy of the foregoing document was duly mailed and/or hand-delivered to the following:

Susan Cushman, Esq.
Assistant United States Attorney
PJKK Federal Building
300 Ala Moana Boulevard, Room 6100
Honolulu, Hawaii 96813

Attorney for Plaintiff
UNITED STATES OF AMERICA

DATED: Honolulu, Hawaii, July 27, 2006.

_____
MICHAEL J. PARK
Attorney for Defendant