EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

SUSAN CUSHMAN
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email: Susan.Cushman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  00-00184 HG |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S SUPPLEMENTAL |
| | ) | TRIAL MEMO, RE: CHAIN OF |
| | ) | CUSTODY OF DRUG EVIDENCE AND |
| vs. | ) | SUPPLEMENTAL ANALYSIS |
| | ) | |
| JORGE CASAS, | ) | |
| | ) | Date:  August 8, 2006 |
| Defendant. | ) | Time:  9:00 a.m. |
| | ) | Judge:  Helen Gillmor |

GOVERNMENT'S SUPPLEMENTAL TRIAL MEMO,
RE: CHAIN OF CUSTODY OF DRUG EVIDENCE AND SUPPLEMENTAL ANALYSIS

         Comes now the United States of America, by and through
its undersigned counsel, and hereby submits the following
supplemental trial memo as it relates to chain of custody of drug
evidence and the admissibility of DEA chemist Tina Wu Chang's
supplemental laboratory analysis marked Exhibit 63 for
identification.  The following is alleged in support of this
memo:

1) With respect to the issue of chain of custody of Exhibit 56 and other drug exhibits on which admission as not yet been requested, the Ninth Circuit stated in United States v. Harrington, 923 F. 2d 1371, 1374 (9th Cir. 1991), that: [t]he prosecution must introduce sufficient proof so that a reasonable juror could find that the items in the bag are in 'substantially the same condition' as when they were seized. The District Court may admit the evidence if there is a "reasonable probability that the article has not been changed in important respects." United States v. Gallego, 276 F. 2d 914, 917 (9th Cir. 1960).  Furthermore, in the absence of any evidence of tampering, a presumption exists that public officers "properly discharged their official duties", and the prosecution is not required to produce all persons who had possession of the evidence. Id. at 917.  Finally, a break in the chain of custody goes only to the weight of the evidence and not admissibility. Harrington at 1374.

2) There is sufficient foundational testimony from both Special Agent Cadogan and DEA Chemist Chang that the methamphetamine contained in Exhibit 56 is in substantially the same condition as when the crime was committed.  Factors to be considered in determining whether the evidence is in substantially the same condition include "the nature of the article, the circumstances surrounding the preservation and

custody of it, and the likelihood of intermeddlers tampering with
it." Gallego at 917.  Agent Cadogan testified that he alone
processed and heated sealed Exhibit 56 including the pink plastic
wrapping which contained the methamphetamine.  He placed his
initials along the heat seal, wrote the DEA case number in the
exhibit, and sent it to the DEA lab in San Francisco.  He also
prepared a DEA 7 which described Exhibit 56 and accompanied it to
the lab. When Agent Cadogan identified Exhibit 56 in court, he
said it was in substantially the same condition as when he sent
it to the lab except the methamphetamine had been removed from
the pink plastic wrapping and had been re-heat sealed.  Agent
Cadogan's initials and original seal are still clearly visible.

   3)  Chemist Chang testified that when Exhibit 56 arrived at
the lab on April 12, 2000, the evidence technician compared what
was received with the description contained in the DEA 7 prepared
by Agent Cadogan.  Evidence is only checked into the lab if it
matches the description on the DEA 7. Next Exhibit 56 was
assigned a bar code which is used to track its movement at the
lab.  Exhibit 56 was initially analyzed by Chemist Chappell who
is presently on vacation.  Chemist Chang reanalyzed Exhbit 56
about one month ago in anticipation of this trial.  She testified
that she received Exhibit 56 from the locked vault, compared it
with the DEA 7 and previous analysis performed by Chemist
Chappell.  Only after she was certain that Exhibit 56 was in the

same condition as when it had previously been removed from the vault, including intact seals, did she perform her analysis. There is absolutely no evidence in the record to suggest that Exhibit 56 had been tampered with in any respect.

4) There is testimony in the record that Exhibit 56 traveled back and forth from San Francisco to Honolulu for trial in other related cases.  The presumption of regularity should be applied given that Exhibit 56 was traveling from the DEA lab to the DEA in Honolulu for trial.  There is no requirement that the prosecution produce all persons who had possession of the evidence. Furthermore, there is no evidence in the record of any impropriety regarding the integrity of this exhibit.

5) With respect to the admissibility of Chemist Chang's supplemental analysis, Exhibit 63 for identification, the court should admit the exhibit.  The original analysis was performed by Chemist Chappell in April 2000, and was provided to defense counsel pursuant to Rule 16 Discovery and as Exhibit 57 in the Exhibit Note Book.  The government was unaware that a supplemental analysis even existed until Chemist Chang testified to that fact on August 11, 2006.  Defendant has suffered no prejudice as a result of this late disclosure.  Chemist Chang's report is essentially identical to Chemist Chappell's report with respect to the weight, quantity, and quality of methamphetamine. Defense counsel has had the weekend to review Exhibit 63.

4

Furthermore, defense counsel has already had the benefit of having a hired an independent chemist who retested Exhibit 56. Clearly, the government erred in not locating and turning over Exhibit 63 prior to trial.  However, there is no harm, surprise, or prejudice to be suffered by the defendant should the court admit Exhibit 63.

DATED: August 14, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Susan Cushman
   SUSAN CUSHMAN
   Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing document was served on the following at their last known addresses:


<u>Served Electronically through CM/ECF</u>:

Michael J. Park        mparkatty@hawaii.rr.com        August 14, 2006




  /s/ Patricia Redondo