

MICHAEL J. PARK, 4944
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2302
Honolulu, Hawaii 96813
Telephone: (808) 536-4456
Facsimile: (808) 536-4988

Attorney for Defendant
JORGE CASAS

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 1 4 2006

at ____ o'clock and 35 min. ___M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 00-00184 HG |
| Plaintiff, | ) MEMORANDUM OF LAW ON<br>) CHAIN OF CUSTODY AND |
| vs. | ) DISCOVERY VIOLATION;<br>) CERTIFICATE OF SERVICE |
| JORGE CASAS, (01) | ) |
| Defendant. | ) Date: AUGUST 14, 2006<br>) Time: 9:00<br>) Judge: HELEN GILLMOR |

## MEMORANDUM OF LAW ON
## CHAIN OF CUSTODY AND DISCOVERY VIOLATION

Defendant, JORGE CASAS, by and through undersigned counsel,

ORIGINAL

MICHAEL J. PARK, submits this Court memorandum of law on chain of custody and discovery violation under Rule 16.

DATED: Honolulu, Hawaii, August 13, 2006.

/s/ MICHAEL J. PARK
Counsel for Defendant

## MEMORANDUM OF LAW

I. Whether the United States is required to show a chain of custody for each drug evidence?

Prosecution must establish chain of custody in order to introduce evidence in form of object connected with commission of crime. United States v. Harrington, 923 F.2d 1371, 1374 (9th Cir. 1991)

Narcotic drugs are fungible and being such, evidence of a continuous chain of possession is often necessary in establishing a proper foundation for their admissibility. United States v. Le Pera, 443 F.2d 810 (9th Cir. 1971)

Where "the offered evidence is of the type that is not readily identifiable or is susceptible of alteration, a testimonial tracing of the chain of custody is necessary." United States v. Abreu, 952 F2d 1458, 1467 (1st Cir)

For chemist's analysis and the physical evidence to be admitted into evidence, burden is on government to make a prima facie showing that, at time of chemist's tests and the trial, the physical evidence tested and introduced in evidence were the same physical evidence, and in substantially the same condition as those seized from defendant. United States v. Godoy, 528 P2d 281, (9th Cir. 1976)

For physical evidence, the foundational elements for establishing chain of custody sufficient for a prima facie showing of authenticity are:

1. The witness (link in the chain) initially received the object at a certain time and place.
2. The witness safeguarded the object; the witness testifies to circumstances making it unlikely that substitution or tampering occurred.
3. The witness ultimately disposed of the object (retention, destruction, or transfer to another person).
4. As best as he or she can tell, the exhibit is the object he or she previously handled.
5. As best as he or she can tell, the exhibit is in the same condition as it was when he or she ultimately received the object. Imwinkelried, Evidentiary Foundations, 2d Edition, (1980)

The factors to be considered by the trial judge in deciding whether this criterion has been met include the nature of the article, the circumstances surrounding its preservation and custody, and the likelihood of intermeddlers having tampered with it. Gallego v. United States, 276 F.2d 914, 917 (9th Cir. 1960)

In United States v. Harrington, 923 F.2d 1371, 1374 (9th Cir. 1991), the Court held the foundation sufficiently established where an officer testified that he was present when the criminalist placed the recovered items into a bag, that the bag which he examined at the time of trial contained all of the recovered items and that a record attached to the bag indicated where the bag had been from its seizure until the time of trial, and who had viewed or possessed the bag.

In this case, Casas argues that the government is required to show a chain of custody of the seized white powdery substance from the time it was seized by the DEA or police officer to the time of trial.

Turning to the evidence, the government intends to introduce three analysis reports of Chemist, Tina Wu Chang (Laboratory Evidence Management System Report), and three Evidence History Reports (chain of custody logs). Regarding the evidence history reports, each custody log reflects a long history of the custody and handling of the substances seized by the government, in this investigation. In each custody log, there are numerous custodians who handled the drug evidence, there are numerous chemists who analyzed the drug evidence, and there are clear break in the physical custody of the drug evidence. The logs reflect that the drug evidence was transferred out of custody of the crime lab located in San Francisco to Hawaii on a few occasions.

The government is required to show a sufficient chain of custody to show the substances are the same and in the same or substantially the same condition as when it was seized in Las Vegas and Honolulu, respectively. United States v. Godoy, 528 P2d 281, (9th Cir. 1976)

In this case, Defendant Casas argues the Government cannot meet this burden without laying sufficient foundation or testimony from the individuals listed in the chain of custody logs as well as those individuals who had possession of the drug evidence while it was out of the custody of the DEA laboratory. United States v. Harrington, 923 F.2d 1371, 1374 (9th Cir. 1991) and United States v. Le Pera, 443 F.2d 810 (9th Cir. 1971).

Presently, the government does not have the following witnesses: (1) the initial evidence tech who received the white powdery in the mail from the recovering officer; who would give a description (weight, amount, color, packaging etc) essentially confirming the substance and packaging to authenticate the substance was in fact the substance/parcel mailed from the recovering officer in Las Vegas. The initial evidence tech in San Francisco would also be needed to testify to custody procedure(s) used upon receipt of the parcel, and that it was in fact complied with in this case. (2) Numerous other persons (custodians) named on the evidence history report, are identified as having handled the substance while it was in the custody of the crime laboratory in San Francisco. Testimony of their role and handling of the substances and to ensure that no alteration or tampering had occurred is necessary. (3) Two prior chemist's reports and the steps they followed

to comply with scientific tests of the substances, the results and custody procedure. (4) The witness and documentary evidence ensuring preservation of the substance when it left the lab in San Francisco and when it was returned to the lab.

The questions of authentication, foundation, condition, change, and analysis of the drug evidence in question cannot be met by the government, as required under law. The white powdery substances mailed to the DEA laboratory in San Francisco have no clear identifying quality to it, thus the initial authentication by the crime lab (evidence regarding bar codes, stamps, labels, postmarks, and numbering of parcels) is necessary. Further, the logs reflect numerous individuals who handled and tested the drug evidence, and a loss of physical custody of the substances by the crime lab. There is some testimonial evidence presented thus far that show a change in the package of the white powdery substance recovered in the Las Vegas investigation and the packaged substance offered in court. There is a discrepancy in the weight of the drug evidence and insufficient testimony by the chemist of the required custodial procedures for each custodial person in the DEA lab to show preservation, and that no alteration, substitution or alteration has occurred - from the seizure of the drug evidence to the date of trial - cannot be shown by the government and call

the integrity of the evidence into dispute. Moreover, there are glaring gaps with the actual drug evidence that are still unaccounted for.

II. Government failed to comply with Federal Rule of Criminal Procedure, Rule 16.

The sanction to be imposed for failure to comply with Rule 16 rests in the sound discretion of the District Court. United States v. Burgess, 791 F.2d 676, 681 (9th Cir. 1986)

A district court faced with a violation of Rule 16 may order discovery, grant a continuance, prohibit introduction of the evidence or enter such order as it deems just under the circumstances. Fed.R.Crim.P., Rule 16

The sanction chosen should not be "harsher than necessary to accomplish the goals of Rule 16. United States v. Gee, 695 F.2d 1165, 1169 (9th Cir. 1983) or disproportionate to the conduct of counsel. United States v. Aceves-Rosales, 832 F.2d 1155, 1157 (9th Cir. 1987)

Prior to trial, Casas requested discovery, pursuant to Federal Rule of Criminal Procedure, Rule 16(a)(1)(C), of: all books, papers, documents, photographs, and tangible objects which are in the possession, custody or control of the government and which are material to the preparation of the defense or intended for use by the government as evidence in its case during trial.

The government agreed that it would permit defense counsel to examine before trial the discovery and exhibits that the Government intends to offer. The

parties met and discussed and viewed reports and evidence. However, the Government did not disclose or provide the chemist analysis reports of Tina Wu Chang, nor the evidence history reports (custody logs) prior to the trial.

During an afternoon recess on the fourth day of trial, after jury selection, opening statements and the testimony of a number of government witnesses as well as the government's chemist; the prosecutor provided defense counsel with three Chemical Analysis Reports of Tina Wu Chang, the government's chemist and three Evidence History Reports. The three Chemical Analysis Reports are DEA laboratory reports showing the identification and results of analysis by Chemist Tina Wu Chang, of the alleged white substances/parcels mailed to the crime lab located in San Francisco by a Las Vegas DEA officer and the Honolulu police. The three Evidence History Reports are the chain of custody logs for the alleged white substances/parcels recovered during the Las Vegas and Honolulu investigations.

Defendant Cases requests to exclude the analysis reports and chain of custody logs, arguing that late production of these documents violate Rule 16.

It is clear that the Prosecution knew or should have known that the Chemical Analysis Reports and Evidence History Reports were in the possession of the DEA San Francisco crime laboratory. Although the government turned over these reports

as soon as they learned of their existence and received the reports, the court should nevertheless reject an argument that the defense has not been harmed. Rule 16(a)(1)(C) requires the government, upon request, to produce materials "within the possession, custody or control of the government." (Emphasis added.) "The government," for purposes of this Rule, is not limited to the prosecuting attorney. Documents "in the possession, custody or control of any federal agency participating in the same investigation" fall within the scope of Rule 16. United States v. Bryan, 868 F.2d 1032 1036 (9th Cir. 1989) Because the reports at issue, were in the DEA's file, the prosecutor is deemed to have had knowledge of and access to them. Id. Further, it is clear that this case involved drug evidence and that sufficient chain of custody and analysis of the drug evidence would be needed. However, the prosecutor made a tactical decision not to include the evidence history reports or list any of the chain of custody witnesses on their witness list. This decision not to disclose the chain of custody logs would allow the exclusion of all the custodians listed on the evidence history report from having to testify at trial. Defendant Casas argues that the prosecution should be held to their decision not to identify these witnesses on their witness list. The Court should not allow the government to now name these custodians and call them as witnesses to testify on

behalf of the government.

If the government is now allowed to call the various custodian witnesses to fulfill the basic foundational requirements to allow receipt of the chemist's analysis of the substances in question, the Defendant will suffer irreparable harm as defendant has completed selection of the jurors. If the names of the custodians/witnesses were known at the time of jury selection the make-up of the jury as well as the selection processes may have changed.

DATED: Honolulu, Hawaii, August 13, 2006.

/s/MICHAEL J. PARK
Attorney for Defendant
JORGE CASAS

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

~ Susan Cushman
Susan.Cushman@usdoj.gov
USAHI.ECFNarcotics@usdoj.gov;Pat.Redondo@usdoj.gov

Served by First Class Mail or hand-delivery:

(No manual recipients)

DATED: Honolulu, Hawaii, August 13, 2006.

/s/MICHAEL J. PARK
Attorney for Defendant