FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 1 6 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 00-00184 HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JORGE CASAS, (01) | ) | |
| aka "Jorge Cano," | ) | |
| aka "George," | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JURY INSTRUCTIONS

The court's jury instructions in the numerical order as read to the jury are attached hereto.

DATED:   Honolulu, Hawaii, August 16, 2006.

HELEN GILLMOR
Chief United States District Judge

INSTRUCTION NO. 1

Members of the Jury:

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is also my duty at the end of the trial to instruct you on the law applicable to the case.

INSTRUCTION NO. 2/

You, as jurors, are the judges of the facts. But in determining what happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now defining for you.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

INSTRUCTION NO. 3

The indictment or formal charge against a defendant is not evidence.  The defendant is presumed to be innocent and does not have to present any evidence to prove innocence.  The government has the burden of proving every element of the charge beyond a reasonable doubt.  If it fails to do so, you must return a not guilty verdict.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable

doubt that the defendant is guilty, it is your duty to find the

defendant guilty.

INSTRUCTION NO. 4

      The law does not compel a defendant in a criminal case to testify.  No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

INSTRUCTION NO. 5

As stated earlier, it is your duty to determine the facts, and in doing so, you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in doing so, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

INSTRUCTION NO. _6_

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

INSTRUCTION NO. 7

During the trial I may occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he or she should respond to the questions of counsel. Do not assume from anything I have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

INSTRUCTION NO. 9

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 9

You have listened to tape recordings, some of which are in English language, some of which are in the Spanish language, and some of which contain a mixture of both.

Where the words on the tape recording are in English, you are instructed that the tape recording is the evidence, not the transcript. Although you were given a transcript of the recording to help identify the speakers and as a guide to help you listen to the tape, bear in mind that the tape recording is the evidence, not the transcript. If you heard something different from what appeared in the transcript, what you heard is controlling.

You are further instructed, however, that where the words on the tape recording are in Spanish, you must accept the English translation contained in the transcript and disregard any different meanings of the Spanish words. In this instance, the transcript is the evidence, not the tape recording.

Where the tape recording contains both English and Spanish, the evidence for the English words is what you heard on the recording; the evidence for the Spanish words is what appears on the transcript.

INSTRUCTION NO. 10

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard the charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 11

Now I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider the witness' (1) relationship to the government or the defendant, (2) interest, if any, in the outcome of the case, (3) manner of testifying, (4) opportunity to observe or acquire knowledge concerning the facts about which the witness testified, and (5) candor, fairness and intelligence. You should also consider the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

INSTRUCTION NO. 12

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is for you alone to decide how much credibility or weight, if any, to give the testimony of that witness.

INSTRUCTION NO. 13

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness. The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to be given to the testimony.

INSTRUCTION NO. 14

You have heard testimony from Felipe Ruiz Castro and Brian Joshua Jones, witnesses who have received benefits from the government in connection with this case.

These witnesses admitted being accomplices to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.

These witnesses also pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining these witness' believability.

For these reasons, in evaluating the testimony of these witnesses, you should consider the extent to which or whether these witness' testimony may have been influenced by any of these factors. In addition, you should examine these witness' testimony with greater caution than that of other witnesses.

INSTRUCTION NO. 15

You have heard evidence of other wrongs engaged in by the defendant. You may consider that evidence only as it bears on the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident and for no other purpose.

INSTRUCTION NO. 16

Intentional flight by a defendant after he is suspected of the crime for which he is now on trial, may be considered by you in light of all the other evidence in the case. The burden is upon the government to prove intentional flight. Intentional flight after a defendant is accused of a crime is not alone sufficient to conclude that he is guilty. Flight does not create a presumption of guilt. At most, it may provide the basis for an inference of consciousness of guilt. But flight may not always reflect feelings of guilt. Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt. In your consideration of the evidence of flight, you should consider that there may be reasons for the defendant's actions that are fully consistent with innocence.

INSTRUCTION NO. 17

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

INSTRUCTION NO. 18

You will note that the indictment charges that the offense was committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

INSTRUCTION NO. 19

Section 846 of Title 21 of the United States Code
provides in pertinent part that it shall be unlawful for any
person to conspire to commit a violation of certain federal drug
laws where the commission of the violation was the object or goal
of the conspiracy.  One of those drug laws is Section 841(a)(1)
of Title 21 of the United States Code which makes it an offense
for a person to knowingly and intentionally distribute, possess
with intent to distribute, or manufacture a controlled substance.

Methamphetamine and cocaine, in any amount, are
controlled substances.

INSTRUCTION NO. _20_

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

INSTRUCTION NO. 21

Count 1 of the Second Superseding Indictment charges
that from a date unknown, but from at least on or about May 1,
1999, to on or about May 4, 2000, in the District of Hawaii and
elsewhere, Jorge Casas, the defendant, did willfully and
unlawfully conspire with other persons known and unknown to the
Grand Jury, to possess with intent to distribute crystal
methamphetamine "ice", its salts, isomers and salts of its
isomers, which is a prohibited drug substance, and cocaine its
salts, optical and geometric isomers, and salts of its isomers,
which is a prohibited drug substance.  Both crystal
methamphetamine "ice" and cocaine are Schedule II controlled
substances.  This conduct is charged in Count 1 as constituting a
violation of Title 21, United States Code, Section 841.

Section 841(a)(1) of Title 21 of the United States Code
provides in part:

(a)  " . . . it shall be unlawful for any person
knowingly or intentionally--

(1)  . . . to possess with intent to distribute . . .
or manufacture a controlled substance.

INSTRUCTION NO. 22

       The government is not required to prove that the amount or quantity of the controlled substance was as charged in the indictment.  It need only prove beyond reasonable doubt that there was a measurable or detectable amount of the controlled substance.

INSTRUCTION NO. _23_

You are instructed, as a matter of law, that methamphetamine and "ice" are each a controlled substance. "Ice" means a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity.

INSTRUCTION NO. 24

Jorge Casas is charged in Count 1 of the Second Superseding Indictment with conspiring to possess with intent to distribute a controlled substance in violation of Section 841(a)(1) of title 21 of the United States Code.  In order for Defendant Jorge Casas to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about between the dates of May 1, 1999, and May 4, 2000, there was an agreement between two or more persons to possess with intent to distribute crystal methamphetamine "ice", its salts, its isomers and salts of its isomers, and/or a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers, Schedule II controlled substances.

Second, Defendant Jorge Casas became a member of the conspiracy knowing of at least one of its objectives and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership - an agreement of two or more persons to commit one or more crimes.

The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

INSTRUCTION NO. 25

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with each other in the overall scheme, a defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1)   the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2)   the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3)   the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

INSTRUCTION NO. 26

The defendant is charged in Count 11 of the Second Superseding Indictment with possession of crystal methamphetamine "ice" with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed crystal methamphetamine "ice"; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was crystal methamphetamine "ice".  It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

INSTRUCTION NO. 27

     A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

     More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

INSTRUCTION NO. _28_

The defendant is charged in Count 14 of the Second
Superseding Indictment with possession of cocaine with intent to
distribute in violation of Section 841(a)(1) of Title 21 of the
United States Code.  In order for the defendant to be found
guilty of that charge, the government must prove each of the
following elements beyond a reasonable doubt:

First, the defendant knowingly possessed cocaine; and

Second, the defendant possessed it with the intent to
deliver it to another person.

It does not matter whether the defendant knew that the
substance was cocaine.  It is sufficient that the defendant knew
that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess
with intent to deliver or transfer possession of a controlled
substance to another person, with or without any financial
interest in the transaction.

INSTRUCTION NO. 29

A defendant may be found guilty of possession with
intent to distribute crystal methamphetamine "ice", its salts,
isomers and salts of its isomers, as charged in Count 11 of the
Second Superseding Indictment and/or possession with intent to
distribute a mixture or substance containing a detectable amount
of cocaine its salts, optical and geometric isomers, and salts of
its isomers, as charged in Count 14 of the Second Superseding
Indictment even if the defendant personally did not commit the
act or acts constituting the crime but aided and abetted in its
commission.  To prove a defendant guilty of aiding and abetting,
the government must prove beyond a reasonable doubt:

First, possession with intent to distribute crystal
methamphetamine "ice", its salts, isomers and salts of its
isomers was committed by someone and/or possession with intent to
distribute a mixture or substance containing a detectable amount
of cocaine its salts, optical and geometric isomers, and salts of
its isomers was committed by someone;

Second, the defendant knowingly and intentionally
aided, counseled, commanded, induced or procured that person to
commit each element of possession with intent to distribute
crystal methamphetamine "ice", its salts, isomers and salts of
its isomers and/or a mixture or substance containing a detectable

amount of cocaine its salts, optical and geometric isomers, and salts of its isomers; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit possession with intent to distribute crystal methamphetamine "ice", its salts, isomers and salts of its isomers and/or possession with intent to distribute a mixture or substance containing a detectable amount of cocaine, it salts, optical and geometric isomers, and salts of its isomers.  You must all unanimously agree as to the particular crime in which the defendant aided and abetted.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

INSTRUCTION NO. 30

The defendant Jorge Casas is charged in Counts 3, 4, 7, 8, 10, 13, 15, 16, 17, 18, 19 and 20 of the Second Superseding Indictment with illegal use of a communication facility in violation of Section 843(b) of Title 21, United States Code.  In order for the defendant to be guilty of that charge, the government must prove beyond a reasonable doubt that the defendant knowingly or intentionally used a telephone to help bring about the conspiracy to possess with intent to distribute crystal methamphetamine "ice" and/or cocaine, as charged in Count 1 of the Second Superseding Indictment.

INSTRUCTION NO. 31

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine whether the accused is guilty or not guilty from the evidence in this case. The defendant is not on trial for any act or conduct or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way, in arriving at an impartial verdict as to the accused.

INSTRUCTION NO. 32

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors, to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 33

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

(Explain verdict)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, that you should never state or specify your numerical division at any time.