# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

August 17, 2006  4:30 pm

SUE BEITIA, CLERK

| | |
|---|---|
| CASE NUMBER: | CR. 00-00184HG |
| CASE NAME: | U.S.A. vs. (01) JORGE CASAS |
| ATTYS FOR PLA: | Susan Cushman<br>Florence T. Nakakuni<br>Michael Rothermund, Case Agent, DEA |
| ATTYS FOR DEFT: | Michael J. Park |
| INTERPRETER: | Irma Ramirez-Zelada |

JUDGE:  Helen Gillmor

## MINUTE ORDER

The Defendant orally moved to exclude Exhibits 56, 48A through F, 62, 63, 64, 65, 66 and 67.  Defendant's oral motion is **DENIED**.

## Chain of Custody as to Exhibit 56 and Exhibits 48A through F

The Government seeks to admit a package of drugs, identified as methamphetamine and marked as Exhibit 56, and cocaine packages marked as Exhibits 48A through F.  With regard to the admissibility of Exhibit 56 and Exhibits 48A through F, "[t]he prosecution must introduce sufficient proof so that a reasonable juror could find that the items in the bag are in 'substantially the same condition' as when they were seized."  United States v. Harrington, 923 F.2d 1371, 1374 (9th Cir. 1991) (citing Gallego v. United States, 276 F.2d 914, 917 (9th Cir. 1960)).  "The district court may admit the evidence if there is a 'reasonable probability the article has not been changed in important respects.'"  Id. (citing Gallego, 276 F.2d at 917).  "In the absence of any evidence of tampering, a presumption exists that public officers 'properly discharge[] their official duties.'"

1

Id. "The possibility of a break in the chain of custody goes only to the weight of the evidence." Id. The Government is not required "to produce as witnesses all persons who were in a position to come in contact with the article sought to be introduced in evidence." Gallego, 276 F.2d at 917.

In this case, the Government has introduced chain of custody evidence as to the drugs. Special Agent Cadogan of the Drug Enforcement Agency (DEA) testified that after seizing the methamphetamine contained in Exhibit 56, he processed and heat sealed it. Agent Cadogen placed his initials on the seal, wrote the DEA case number on the exhibit, and sent it to the DEA laboratory in San Francisco, along with a form that described the drugs. Agent Cadogan identified Exhibit 56 in Court and testified that it was in substantially the same condition as when he sent it to the laboratory except that the methamphetamine had been removed from the plastic wrapping for testing and had been re-heat sealed. Agent Cadogan's initials and the original seal were clearly visible. Task Force Officer Anthony Colon provided similar testimony regarding seizure and processing of the cocaine contained in Exhibits 48A through F.

The chemist at the San Francisco laboratory, Chemist Chang, testified as to the procedures for receiving, processing, and testing the drug evidence. Chemist Chang testified that Exhibit 56 was assigned a bar code to track its location in the laboratory. Chemist Chang testified as to the sealing and handling of Exhibit 56. Chemist Chang also testified as to the method of receiving (including the assignment of a bar code), processing, and testing of Exhibits 48A through F.

Geoffrey Wellein with the Drug Enforcement Administration (DEA), who acts as the drug evidence custodian, testified as to the procedures for receiving the drug evidence in Hawaii that governed previous processing of the drugs for prior trials. Agent Wellein testified that he was the drug evidence custodian for the current trial who received and maintained custody of the methamphetamine contained in Exhibit 56 and the cocaine contained in Exhibits 48A through F. He testified that Exhibit 56 and Exhibits 48A through F were intact and properly safeguarded.

The Court finds that the Government has introduced sufficient evidence of the chain of custody such that a reasonable juror could find that the evidence contained in

Exhibit 56 and Exhibits 48A through F has not been altered.

Defendant's oral motion to exclude Exhibit 56 and Exhibits 48A through F on chain of custody grounds is **DENIED**.

### Government's Production of Exhibits 62, 63, 64, 65, 66 and 67

Chemist Chappell performed an original analysis of the methamphetamine contained in Exhibit 56 in April 2000. Chemist Chang performed a subsequent drug analysis on the methamphetamine contained in Exhibit 56 and prepared a written report of her analysis in July 2006, approximately one month prior to trial (Exhibit 63). In December 2003, Chemist Chang performed an analysis and prepared a written report regarding the cocaine contained in Exhibits 48A through F (Exhibits 64 and 65).

The Defendant contends that the Government did not produce Chemist Chang's reports (Exhibits 63, 64, and 65) analyzing the methamphetamine and cocaine to the defense prior to trial. Chemist Chang testified at trial on August 11, 2006. The Government represented that it produced Chemist Chang's reports several days prior to her testifying at trial. The Government sought to introduce Chemist Chang's reports into evidence over Defendant's objection on the ground that they were not produced prior to trial.

There are only insignificant difference between Chemist Chang's reports and the prior drug analysis reports produced to Defendant. Defendant arranged for an independent analysis of the methamphetamine and cocaine prior to trial.

Defendant also objects to the introduction of the chain of custody logs (marked for identification as Exhibits 62, 66, and 67) because the Government did not produce them prior to trial. The Government did not move to introduce the logs.

Fed. R. Crim. P. 16 provides for discovery in criminal cases. To remedy a violation of Fed. R. Crim. P. 16 the Court may grant a continuance, prohibit introduction of the evidence, or enter such order as it deems just under the circumstances. See Fed. R. Crim. P. 16(d)(2). The sanction should not be harsher than necessary to accomplish the goals of Rule 16. See United States v. Gee, 695 F.2d 1165, 1169 (9th Cir. 1983).

Under the circumstances present here, the Court finds that the Defendant will not suffer undue prejudice so as to warrant the exclusion of Exhibits 63, 64 or 65. The Government had already produced earlier analysis reports with similar results and the Defendant independently tested the drugs. The Defendant was able to review the supplemental reports over the weekend. The Court offered the Defendant a brief continuance to further review the supplemental reports and to retain an expert to review the supplemental reports, but Defendant declined to do so.

Defendant's oral motion to exclude Exhibits 63, 64, and 65 as a sanction for a Fed. R. Crim. P. 16 violation is **DENIED**. Defendant's oral motion to exclude the chain of custody logs (Exhibits 62, 66 and 67) as a sanction for a Fed. R. Crim. P. 16 violation is **DENIED AS MOOT.**

Submitted by: David H. Hisashima, Courtroom Manager
Submitted by: Mary Rose Feria, Courtroom Manager