MICHAEL J. PARK,   4944
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2302
Honolulu, Hawaii   96813
Telephone:   (808) 536-4456
Facsimile:    (808) 536-4988

Attorney for Defendant
JORGE CASAS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00184 HG-01 |
| | ) | |
| Plaintiff, | ) | DEFENDANT JORGE CASAS' |
| | ) | SENTENCING MEMORANDUM; |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| JORGE CASAS, | ) | Sentencing: February 15, 2007 |
| | ) | Time: 1:30 p.m. |
| | ) | |
| Defendant. | ) | The HONORABLE HELEN |
| | ) | GILLMOR |
| | ) | |
| | ) | |
| | ) | |

DEFENDANT JORGE CASAS' SENTENCING MEMORANDUM

COMES NOW the defendant, JORGE CASAS, through above named

counsel, and hereby respectfully submits this request for departure in sentencing, pursuant to as provided under Section 3553(a), the Order of this Court regarding sentencing Guidelines, the Notice of Attorneys dated December 1, 2005, and Rule 32 of the Federal Rules of Criminal Procedure.

I.   ARGUMENT

   A.   FACTORS THAT MAY WARRANT A SENTENCE OUTSIDE THE ADVISORY GUIDELINE RANGE

Defendant faces more severe restrictions in prison as a deportable alien:

The defendant's status as a deportable alien unnecessarily places on him a more restrictive status of confinement, and denies him access to BOP's drug treatment, early release, and community confinement programs that are otherwise available to the general prison population. U.S. v. Davoudi, 172 F3d 1130 (9th Cir. 1999), U.S. v. Farouil, 124 F.3d 838 (7th Cir. 1997)  The Defendant requests this court to consider this factor as it was not considered under the advisory guidelines. Deportation is a life sentence of banishment in addition to the punishment which a citizen would suffer from the identical acts." Jordan v. DeGeorge, 341 U.S. 223, 232 (1951).

   Adverse effect on defense preparation due to pretrial confinement:

Mr. Casas requests the Court to consider his pretrial detention and the

practical barriers it caused in his defense preparation. Mr. Casas speaks Spanish as his first language. His case involved volumes of discovery and transcripts of co-defendant trials all in English; thus necessitating a court interpreter for review. Due to his pretrial incarceration, he had a limited ability to read the discovery and prepare for trial. Although he was provided with some discovery in Spanish and a Spanish speaking interpreter, he nonetheless was subjected to with dealing with this language barrier as best as he could while incarcerated. Defendant requests this Court to consider this as an unusual mitigating circumstance warranting departure from the advisory guideline range.

SECTION 3553(a) Factor

(a) Factors to be considered in imposing a sentence. – The court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider-

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational

training, medical care, or other correctional treatment in the most effective manner.

A sentencing court may depart from the sentencing guideline if it finds that there exists a mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Guideline that should result in a sentence different from that described.  18 U.S.C. Section 3553(b); see also U.S.S.G. Ch. 1., Pt. A, 4(b) and United States v. Takai, 941 F2d 738, at 742 (9th Cir. 1991).

As mentioned in defendant's sentencing statement, PSR and, the records and files and as argued above, there are mitigating circumstances justifying a lower sentence from the advisory guideline range.

DATED:   Honolulu, Hawaii, February 5, 2007.

Respectfully submitted,

_____
/s/MICHAEL J. PARK
Counsel for Defendant
JORGE CASAS

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

- Rustam Barbee
rustam@honoluluattorney.com,rustambarbee@yahoo.com
- Susan Cushman
Susan.Cushman@usdoj.gov,Pat.Redondo@usdoj.gov,USAHI.ECFNarcotics@usdoj.gov
- Reginald P. Minn
rpminn@gmail.com
- Thomas Muehleck
tom.muehleck@usdoj.gov,rowena.kang@usdoj.gov,USAHI.ECFNarcotics@usdoj.gov
- **Michael J. Park**
mparkatty@hawaii.rr.com,lawdog@hawaii.rr.com


Served manually by hand delivery or first class mail:

- **Ellie Asasaki**
Senior U.S. Probation Officer
U.S. Courthouse
300 Ala Moana Boulevard, Room C-126
Honolulu, Hawaii   96813


DATED:   Honolulu, Hawaii, February 5, 2007.

_____
/s/MICHAEL J. PARK
Counsel for Defendant