Jorge Casas
U.S.M.#94250-198
(FDC) Unit 5-a
Honolul, HI. 96820

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR.No. 00-00184 HG |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM OF LAW IN SUPPORT OF APPOINTMENT FOR SUBSTITUTE COUNSEL.** |
| JORGE CASAS, | ) | |
| Defendant. | ) | |

**INTRODUCTION**

In the instant case, the defendant has been deprived of procedural due process to the Fourth, Fifth, and Sixth Amendments. Due to Prosecutorial misconduct, by violating court orders, several Brady violations, that any reasonable competent attorney would have objected to before and during trial, and demanded it be produced as the discovery orders require, caused prejudice to the instant case.

Accordingly, for reasons set forth below, will show the defendant had been deprived of a fair and just trial.

**BACKROUND**

Prior to trial defense counsel should have known the language barrier of the defendant, is as it should be considered a disability. The Government violated "two" court orders to provide my discovery in Spanish. The court later changed its order and ordered us to proceed to trial, not only with my discovery in english, but it was incomplete as well. Due to my language problem, I was forced to seek assistance from (FDC) staff, aids and fellow inmates, to try to understand my personal legal matters which the assistance I got were from people that have no experience in Federal law.

-1-

The defendant's language barrier should have placed defense counsel into a higher standard of review, and made sure everything was done accordingly as due process requires. The defendant had already anticipated a language problem with his "two" previous attorneys, therefore immediately after the appointment of Mr. Park (counsel), the defendant requested under Fed.R.Crim.P. Rule 21 to change venue. Mr. Park misunderstood my reasons for the request, and stated to the court "the defendant feels that the attorney's here are no good" which was untrue, and that motion was denied.

As the defendant made attempts in trying to understand what discovery he did have avilable, he was forced to seek translations from fellow inmates because of communication problems with the court appointed interpreter (check FDC phone and visitation records to verify). This violates the attorney-client privileged communication clause of the Sixth Amendment. At trial the interpreter attempted to assist in her best way possible, however, it seemed that she lacked the experience, as her performance fell below a minimal standard. See exhibit (A). With all do respect to my interpreter, to date I still cannot understand her trial notes.

During the coarse of my research, in my discovery I found a FBI letter, exhibit (B) addressed to a Mr. Peter Wolf of the Federal defenders office, in Honolulu, HI. This letter suggests misconduct of the lead investigator in my case, DEA agent M. Rothermund, upon further review of my discovery I found further misconduct, not only by DEA agent Rothermund, but by the Government as well, in a case that is relevant and was part of my discovery. See United States v. Marino, CR.No. 00-00185 SOM-BMK.

I brought this to the attention of counsel, unaware of how to pursue this I requested counsel to motion for production of the Grand jury proceedings, under Fed.R.Crim.P. Rule 6(e), specifically identifying the Marino case.

For reasons unknown, counsel motioned under Rule 6(e) but left out the Marino case and that motion was denied. After I discovered that counsel left that very important factor out, I immediately wrote to the District Court Judge, the Honorable Helen Gillmor, see exhibit (C), informing her of this error, and stating "I will

respectfully request counsel to refile adding the Marino case". I also informed her Honor of a conflict of interest that has been occurring between counsel and I.

To date I have not received the written denial order (grounds stated) for the second attempt in trying to receive the material sought "possible misconduct to the Grand Jury". I have made numerous requests to counsel in a material manner before and after trial only to have these request also ignored. See exhibit (D).

I have recently became aware, that under Fed.R.Crim.P. Rules 16(a), and U.S.C. 3500, that I am entitled to this material under the discovery Rule (testimony of Government witnesses) approximately "Four" days prior to trial, or upon request of counsel, after the Government's examination but before cross examination, which counsel failed to do.

To further complicate the matter, counsel failed to call DEA agent Rothermund to the stand, especially when he knew of the possible misconduct, as was in the Marino case supra, in violation of the Sixth Amendment Confrontation Clause. See Crawford v. Washington, 541 U.S. 36 (2004).

Another very important discovery violation under Brady, and I have made several attempts through counsel prior to trial, that counsel just seems to ignore, and their is evidence of its existence, in the Marino and in United States v. Jaimes, CR.No. 03501 SOM. "Six" days of debriefing, 24 pages, this material is of all importance to me, to give me an understanding of why? I was brought into this and had criminal charges filed against me regardless of my language disability, I am entitled to this material.

I still do not understand how Felipe Ruiz Castro (co-defendant) in the instant case with a prior felony drug conviction, was arrested and charged in this matter in a 142 count indictment, admitted being leader/organizer, see exhibit (E), was responsible for multiple drug conspiracy's that included heroin, cocaine, crystal methamphetamine and marijuana, and operating a continuing criminal enter prize only received a sentence of 97 months.

Prior to trial I made it "clear" that I'm not responsible for all these people or the drugs that are charged in the indictment. I believe counsel failed my interests in this matter, by not moving under Fed.R.Crim.P. Rule 14 to sever the charges, causing extreme prejudice to my case, as the jury was informed on "two" separate occasions of the charges in the indictment which included herion, cocaine, crystal methamphetamine and marajauna. This was untrue and defense counsel knew this.

Before trial, counsel lied to me in a material way see Exhibit (F) as he accused me of my finger prints being on packages of drugs that were seized. This is untrue, and made me suspicious of counsel protecting and representing my interest. I then brought this to the attention of the courts, only to have this referred to as just a mistake. This so called mistake just furthered our conflict as they became worse.

There has been a speedy trial violation in the transportation statue of 18 U.S.C. 3161 (h)(1)(H) as stated 'unreasonableness to transport from on district to another beyond 'ten' days." see United States V. Taylor, 821 F.2d 1377 (9th Cir 1987), rev'd on the grounds, 487 U.S.326,108 S.Ct. 2413, 101 L.Ed. 2d 297 (1988). Also I do not know the time tolling in the instant case, however, see Zender V. States, U.S., No. 05-5592, (6/05/06).

Another silent error; I went through trial in my prison clothing, except for white shirt provided by counsel, counsel hadn't even checked with me to see If a family member or someone could send something to wear, by the third day the white shirt became dirty and obvious.

Another Brady, violation occurred even through trial, I received more of my discovery the night before trial about 8:00pm and it was only in English, check (FDC) case manager, Ms Reith to verify.

Lastly, perhaps most importantly, after trial with a verdict of guilty, I made attempts in trying to contact counsel before th Seven day limitation expired, to motion for a new trial as required under Fed.R.Crim.P. rule 33, counsel never responded within that time frame, I was forced to write the District Court Judge the Honorable Helen Gillmor, to inform her of this. See exhibit (G).

**ARGUMENT**

Sentencing is a critical stage of a criminal proceeding, perhaps the most important. Effective legal representation at sentencing is critical in reaching determinations that accurately and fairly administer justice. The sentencing court has broad discretion and a judge may "conduct an inquiry broad in scope, largely unlimited either as to the kind of information she may consider, or the source from which it may come". United States v. Tucker, 404 U.S. 443, 446, 30 L.Ed 2d 592, 92 S.Ct. 589 (1972). However, the sentencing decision must rest on reliable information and appropriate considerations. A sentence that rest on "improper or inaccurate" information or allegations that are "materially untrue" violates due process. Dorszynski v. United States, 418 U.S. 424, 431 n. 7, 41 L.Ed. 2d 855m 94 S.Ct. 3042 (1974); Towsend v. Burke, 334 U.S. 736, 741, 92 L.Ed. 2d 1690, 68 S.Ct. 1252 (1948).

Defendant has the right to substitute counsel or to proceed pro se with hybrid counsel if counsel is determined to be incompetent or ineffective at any time during the proceeding. Defendant my hire substitute counsel or have the courts appoint a replacement. If the court denies the defendant substitute counsel after a showing of ineffectiveness or a conflict of interest, the issue could be raised in a section 2255 proceeding and reviewed for abuse of discretion.

If the relationship between lawyer and client completely collapses, the refusal to substitute new counsel violates the defendant's Sixth Amendment right to effective assistance of counsel. Brown v. Craven, 424 F.2d 1166, 1170 (9th Cir.1970); United States v. Moore, 159 F.3d 1158 (9th Cir. 1998).

The Ninth Circuit has identified specific factors the court must consider in making discretionary decisions on the refusal to substitute counsel. United States v. Rutgard, 116 F.3d 1270, 1278 (9th Cir.1997); United States v. George, 85 F.3d 1433, 1438 (9th Cir.1996); United States v. D'Amore, 56 F.3d 1202 (9th Cir.1995); Bland v. California Dep't of Corrections, 20 F.3d 1469 (9th Cir.1994); United States v. Fagan, 996 F.2d 1009 (9th Cir.1993); United States v. Ono, 997 F.2d 651 (9th Cir.1993).

In reviewing a trial courts decision whether to grant a motion for a new counsel, the Ninth Circuit will consider the adequacy of the court's inquiry into the defendant's complaint about present counsel, the extent of the conflict, the time-lines and extent of resulting inconvenience or delay. The appellate court may reverse for not holding an evidentiary hearing on the conflict and exacerbating the conflict by having counsel contradict the defendant's statements in open court. United States v. Gonzalez, 113 F.3d 1026, 1028-29 (9th Cir.1997).

"The right to counsel is the right to effective assistance of counsel". Strickland v. Washington, 466 U.S. 668, 686, 80 L.Ed. 2d 674, 104 S.Ct. 2052 (1984). If the defendant claims before trial is rendering ineffective assistance of counsel, the trial court must, before trial, conduct an inquiry sufficient to determine the truth and scope of the defendant's allegations. On post-conviction review, if no pre-trial findings were made, the Government must prove by clear and convincing evidence that the defendant was accorded representation at trial by counsel who was prepared within the requisite range of competence.

Under Strickland, a defendant claiming ineffective assistance of counsel must demonstrate both that his attorney's performance fell below an objective standard of reasonable professional conduct and that the deficient performance resulted in prejudice to the defendant.

In cases where the trial judge erred by denying a request for substitute counsel, the Ninth Circuit has reported that the federal courts are nearly unanimous in their holding that an irreconcilable conflict between a defendant and his attorney

that leads to a breakdown in communications can prevent an attorney from serving as the type of advocate guaranteed by the Sixth Amendment, as interpreted in such cases as Anders v. California, 386 U.S. 738, 18 L.Ed. 2d 493, 97 S.Ct. 1396 (1967), and United States v. Cronic, 466 U.S. 648, 80 L.ED. 2d 657, 140 S.Ct. 2039 (1984). Plumlee v. Del Papa, No. 04-15101 (9th Cir.2005).

In cases which "counsel entirely fails to subject the prosecution's case to a meaningful adversarial testing", ineffectiveness will be presumed under Cronic.

Counsel's failure to file a motion to suppress evidence can provide the basis for a claim of ineffectiveness, but inorder to show prejudice the defendant must show that he would have prevailed on the suppression motion, and that there is a reasonable probability that the successful motion would have affected the outcome. Van Tran v. Lindsey, 212 F.3d 1143, 1145 (9th Cir.2000).

To demonstrate a Sixth Amendment violation where trial court fails to inquire in a potential conflict of interest about which it knew or reasonably should have known, the defendant must establish that a conflict of interest adversely affected counsel's performance.

Defendants who retain their own lawyers are entitled to no less protection under the Sixth Amendment then defendants from whom the state appoints counsel. Actual conflicts of interest, for Sixth Amendment purposes, is a conflict that adversely affects counsel's performance. The purpose of relieving the defendant of the need to show that defects in his attorney's a probable effect upon the outcome of the proceeding. In order to establish a Sixth Amendment violation in certain situations, such as when his attorney was actively representing conflicting interest, is not to enforce cannons of legal ethics, but to apply needed prophylaxis in situations where the ordinary requirements of Strickland are evidently inadequate to assure vindication of the defendant's Sixth Amendment right to counsel. Mickens v. Taylor, 535 U.S. 162, 122 S.Ct. 1237, 152 L.Ed. 2d 291 (2002).

18 U.S.C. 3500 (Jencks), clearly contemplates appellate review of a failure to

excise portions of Grand Jury testimony only if the defendant first objects before the district court. United States v. Moody, 778 F.2d 1380, 19 Fed.R.Evid.Serv. 1454 (9th Cir.1985), opinion amended, 791 F.2d 707 (9th Cir.1986).

In United States v. Hamilton, 391 F.3d 1066, 76 Crl 210 (9th Cir.2004). The Ninth Circuit relied on Holloway v. Arkansas, 543 U.S. 475 (1978). To hold that counsel's absence during a portion of a suppression motion was structual error. The Ninth Circuit quoted from Circuit case law stressing Holloway's, reliance on the idea that "[w]hen no counsel is provided, or counsel is prevented from discharging his normal functions, the EVIL lies in what the attorney does not do, and is either not readily apparent on the record, or occurs at a time when no record is made".

If a party fails to raise an objection to an issue before judgement, it waives the right to challenge an issue on appeal. Doi v. Halekulani Corp., 276 F.3d 1131, 1140 (9th Cir.2002). Plain error standards applies to issues not raised before the district court. United States v. Garcia-Sanchez, 189 F.3d 1143, 1147 (9th Cir.1999). While the "clear error doctrine has most often applied to factual determination as well". Van Trans, at 1145.

If the defendant claims that counsel is rendering ineffective counsel before or during trial, then timely objections must be made on the "record" to preserve the issues for direct appeal or a section 2255 proceeding.

"The Rule barring federal habeas corpus review of a Fourth Amendment claim, where the state involved has provided an opportunity for full and fair litigation of that claim, does not apply to Sixth Amendment claims of ineffective assistance of counsel which are founded primarily on incompetent representation with respect to a Fourth Amendment issue". Kimmelman v. Morrison, 477 U.S. 365, 91 L.Ed. 2d 305, 308 106 S.Ct. 2574 (1986).

A different standard of review applies to motions base on evidence that was in the possession of the Government at the time of trial. Fed.R.Crim.P. Rules 12, 16, U.S.C. 3500, 26.2, Local Rules of the United States District Court (Crim LR 16.1) and

relevant Court decisions. Known as the discovery Rule, <u>Brady v. Maryland,</u> 373 U.S. 83, 10 L.Ed. 2d 215, 83 S.Ct. 1194 (1963), enacted to assure criminal defendant's are afforded procedural due process.

Criminal prosecutors have long been presumed to operate under enhanced ethical duties. As stated in <u>Berger v. United States,</u> 295 U.S. 78, 88, 19 L.Ed. 1314 55 S.Ct. 629 (1935). a prosecutor "is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that Justice shall be done".

Recognizing this ethical duty, the <u>ABA Model Rules of Professional Conduct</u> includes a special standard, Model Rule 3.8, that applies to prosecutors in criminal cases. The comment to Rule 3.8 observes that "[a] prosecutor has the responsibility of a minister of Justice and not simply as an advocate. This responsibility carries with it specific obligations to see that the defendant is accorded procedural Justice and that guilt be decided upon the basis of sufficient evidence".

Prosecutorial misconduct is a systematic problem and criminal defendants and defense counsel must take this into consideration when considering a trial strategy or plea agreement. If the defendant alleges prosecutorial misconduct based on actions that occurred during trial and trial counsel did not object at the time, the defendant may be procedurally barred from raising the claim under a section 2255 motion unless the misconduct was not discovered until after trial.

Some defendants have obtained relief when able to demonstrate trial counsel's failure to object demonstrated ineffective assistance of counsel. Generally this occurs on direct appeal rather than through a section 2255 motion. Most prosecutorial misconduct claims that could have been raised on direct appeal will result in procedural default. The defendant must demonstrate prejudice because of the alleged violation or show that the failure to consider the claims will result in a substantial miscarriage of Justice.

The "Cause and Justice" standard is a critical determining factor for trial error issues raised under 2255 motions or habeas corpus. <u>United States v. Frady,</u> 456 U.S. 152, 71 L.Ed. 2d 816, 102 S.Ct. 1584 (1982). The defendant must demonstrate a legally valid reason why? an error at trial was not preserved by objection, not raised on direct appeal and prove he was prejudiced by the error.

The Sixth Amendment right to understand the nature and cause of accusations is a right that must be protected by the judicial system. "[the] statutory requirement that a translator in Federal Court be qualified as an expert", the court made clear. [T]he court pointed out that the use of interpreters, who have been certified under the Court Interpreter"s Act, 28 U.S.C. §§ 1827-28, helps ensure that criminal defendants understand the proceedings, including a waiver of the right to a Jury trial. To be certified, an interpreter "must pass a rigorous written and oral examination", the court noted. "Many people claim 'fluency' in a foreign language", it said, "but '[t]here are few persons in the United States who can interpret with the degree or precision and accuracy required at the Federal Court level'". <u>United States v. Bailon-Santana,</u> (9th Cir., No. 04-50079) 12/06/05.

### CONCLUSION

In light of the facts and law in the instant case, the defendant has been deprived of his Fifth and Sixth Amendment right of due process and effective representation of counsel. The Government is also in violation of Fed.R.Crim.P. Rules 12, 16, U.S.C. 3500, Local Rules of the District Court (Crim LR 16.1), and relevant court decisions pertaining to the pre-trial discovery request. Based on the forgoing, in the interest of Justice, the defendant prays this Honorable Court grant this motion for appointment of new counsel, to assure he is afforded the same Constitutional Provisions and protections that he is due and thus far been deprived of. Thank You.

DATED: In Honolulu, Hawaii,   02-11-07

Jorge Casas #94250-198
Defendant.

-10-