IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00184 HG |
| | ) | |
| Plaintiff, | ) | DECLARATION OF COUNSEL |
| | ) | |
| vs. | ) | |
| | ) | |
| JORGE CASAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DECLARATION OF COUNSEL

JEFFREY T. ARAKAKI declares under penalty of law as follows:

1. Declarant is the court-appointed attorney representing defendant JORGE CASAS in the above-entitled matter.

2. That in August of 2006 Mr. Casas was found guilty of the charges in the instant case after a jury trial.

3. That at that trial, government's witness Felipe Ruiz-Castro gave testimony detrimental to Mr. Casas.

4. That with respect to Jenks grand jury transcripts of trial witnesses, the AUSA indicated there were none.

5. That this response by the government only leads us to infer that hearsay statements were made by other government witnesses to the grand jury which led said jurors to come the conclusion that probable cause existed to show that Mr. Casas committed the offenses for which he was charged.

6. That these hearsay statements are believed to have been made by DEA Special Agent Michael Rothermund to the grand jury and were substantially verbatim recitals of oral statements made to the agent by Felipe Ruiz-Castro and other government witnesses.

7. That these "hearsay statements" are statements which are subject to production under Rule 26.2(f)(2)&(3) of the Federal Rules of Penal Procedure.

8. That Mr. Casas believes that said "hearsay statements" may be exculpatory in nature and evidence that tends to impeach the credibility of government witnesses, including Felipe Ruiz-Castro.

9. That Mr. Casas believes he should have received these documents pursuant to Rules 16(a) and 26.2 (f)(2) & (3) of the Federal Rules of Criminal Procedure and 18 U.S.C. Section 3500.

10. That it would appear that defendant's request may also be granted

pursuant to Rule 6(a)(3)(C)(i) of the Federal Rules of Criminal Procedure.

11. That the Court can order the disclosure of the requested grand jury transcripts for the purpose of determining whether a new trial should be granted under Rule 33 of the Federal Rules of Criminal Procedure.

12. Accordingly, we respectfully ask the Court to grant the instant motion and allow for disclosure of the requested information or to inspect the materials requested in camera and decide whether any of it might be appropriately disclosed pursuant to 18 U.S.C. Section 3500 as Jencks material or pursuant to Federal Rules of Criminal Procedure (6)(e)(3)(C)(i) and / or 26.2(f)(2) & (3).

Declarant states under penalty of law that the foregoing is true and correct to the best of his knowledge and belief.

_____
JEFFREY ARAKAKI