IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>JORGE CASAS, (01) )<br>)<br>Defendant. )<br>)<br>_____ ) | CR. NO. 00-00184HG<br><br>MEMORANDUM IN<br>SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

Evidence that tends to impeach the credibility of government witnesses, including government informants, is exculpatory and must be disclosed under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150, 153-55 (1972).

In Bernal-Obeso, the Ninth Circuit cautioned:

> By definition, criminal informants are cut from untrustworthy cloth and must be managed and carefully watched by the government and the courts to prevent them from falsely accusing the innocent, from manufacturing evidence against those under suspicion of crime, and from lying under oath in the courtroom . . . . A prosecutor who does not appreciate the perils of using rewarded criminals as witnesses risks compromising the truth-seeking mission of our criminal justice system. Because the government decides whether and when to use such witnesses, and what, if anything, to give them for their service, the government stands

> uniquely positioned to guard against perfidy. By its actions, the government can either contribute to or eliminate the problem. Accordingly, we expect prosecutors and investigators to take all reasonable measures to safeguard the system against treachery. This responsibility includes the duty as required by <u>Giglio</u> to turn over to the defense in discovery all material information casting a shadow on a government witness's credibility.

<u>United States v. Bernal-Obeso,</u> 989 F.2d 331, 333 (9th Cir. 1993).

New evidence in the form of agent Michael Rothermund's rough notes of his interview with Felipe Ruiz-Castro was provided by the AUSA. The AUSA's response regarding Jenks grand jury transcripts of trial witnesses is also revealing as it leads us to reasonably infer that the grand jury was led to a finding of probable cause that Mr. Casas committed the offenses for which he was charged by hearsay testimony most likely provided to the grand jury by agent Rothermund.

Besides the possibility that the requested material will contain exculpatory information, it is also needed for the purpose of impeaching the government's witnesses, discrediting their testimony, and are discoverable because they would be used on cross-examination to demonstrate bias and to impeach the informant's credibility. <u>United States v. Bernal-0beso,</u> <u>United States v. Bernal-Obeso,</u> 989 F.2d 331 (9th Cir. 1993)

The government's discovery obligation includes any information that may help impeach the credibility of its informants. United States v. Butler, 567 F.2d 885, 888 (9th Cir. 1978)

The inherent unreliability of an accomplice or government informant underscores the need for complete disclosure of information relating to credibility. See U.S. v. Caldwell, 446 F.2d 611 (9th Cir. 1972) Failure to disclose impeachment evidence requires a new trial, but only if undisclosed evidence was "material" such that disclosure would, within "reasonable probability," affect the result of the proceeding. Delaware v. Van Arsdall, 475 U.S. 673 (1986) (harmless error analysis applied to denial of cross-examination of informant for bias); U.S. v. Bagley, 473 U.S. 667 (1985)

The disclosure of the requested transcripts of grand jury testimony would assist in determining whether a new trial should be granted. This would be particularly so if the requested materials were exculpatory, or if its impeachment value was "material" and could have affected the result of the relevant trial.

At a minimum, the government should be required "to demonstrate whether it discharged its obligations under Brady v. Maryland and Giglio to provide the defense with material exculpatory evidence within the

government's possession, including evidence that [can] be used to impeach the informant's credibility." Bernal-Obeso, 989 F.2d at 332.

The better view is to have the government submit the requested materials to this Court for an in camera review so that the Court can determine for itself whether said materials are discoverable.

    Dated: Honolulu, Hawaii, April 4, 2007.

                                                        JEFFREY ARAKAKI