IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00184HG |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN |
| vs. | ) | SUPPORT OF MOTION |
| JORGE CASAS, (01) | ) | |
| Defendant. | ) | |

MEMORANDUM IN SUPPORT OF MOTION

Evidence that tends to impeach the credibility of government witnesses, including government informants, is exculpatory and must be disclosed under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150, 153-55 (1972).

In Bernal-Obeso, the Ninth Circuit cautioned:

> By definition, criminal informants are cut from untrustworthy cloth and must be managed and carefully watched by the government and the courts to prevent them from falsely accusing the innocent, from manufacturing evidence against those under suspicion of crime, and from lying under oath in the courtroom . . . . A prosecutor who does not appreciate the perils of using rewarded criminals as witnesses risks compromising the truth-seeking mission of our criminal justice system.  Because the government decides whether and when to use such witnesses, and what, if anything, to give them for their service, the government stands

uniquely positioned to guard against perfidy. By its actions, the government can either contribute to or eliminate the problem. Accordingly, we expect prosecutors and investigators to take all reasonable measures to safeguard the system against treachery. This responsibility includes the duty as required by <u>Giglio</u> to turn over to the defense in discovery all material information casting a shadow on a government witness's credibility.

<u>United States v. Bernal-Obeso,</u> 989 F.2d 331, 333 (9th Cir. 1993).

The government's discovery obligation includes any information that may help impeach the credibility of its informants. <u>United States v. Butler,</u> 567 F.2d 885, 888 (9th Cir. 1978)

The conviction of Mr. Casas was due in large measure to the testimony of government's witness Felipe Ruiz-Castro. Of substantial significance was the credibility of this witness.

New evidence in the form of agent Michael Rothermund's rough notes of his interview with Ruiz-Castro was provided by the AUSA. The AUSA's response regarding Jenks grand jury transcripts of trial witnesses is also revealing as it leads us to reasonably infer that the grand jury was led to a finding of probable cause that Mr. Casas committed the offenses for which he was charged by hearsay testimony most likely provided by the agent.

If the hearsay testimony of agent Rothermund to the grand jury was a verbatim oral recitation of what Felipe Ruiz-Castro said to him and if these

statements were inconsistent with what Mr. Ruiz-Castro testified to at trial, then this requested information would be impeachment material and could be exculpatory evidence as well.

Besides the possibility that the requested material will contain exculpatory information, it is also needed for the purpose of impeaching the government's witnesses, discrediting their testimony, and are discoverable because they would be used on cross-examination to demonstrate bias and to impeach the informant's credibility. United States v. Bernal-Obeso, 989 F.2d 331 (9th Cir. 1993)

At a minimum, the government should be required "to demonstrate whether it discharged its obligations under Brady v. Maryland and Giglio to provide the defense with material exculpatory evidence within the government's possession, including evidence that [can] be used to impeach the informant's credibility." Bernal-Obeso, 989 F.2d at 332.

The better view is to have the government submit the requested materials to this Court for an in camera review so that the Court can determine for itself whether said materials are discoverable.

Dated: Honolulu, Hawaii, April 4, 2007.

_____
JEFFREY ARAKAKI