EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

SUSAN CUSHMAN
Assistant U.S. Attorney
PJKK Federal Bldg., Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: 541-2850
Facsimile: 541-2958
E-mail: susan.cushman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00184-01 HG |
| | ) | |
| Plaintiff, | ) | UNITED STATES' RESPONSE TO |
| | ) | DEFENDANT'S MOTION FOR |
| vs. | ) | RECONSIDERATION OF COURT'S |
| | ) | DENIAL OF DEFENDANT'S REQUEST |
| JORGE CASAS, | ) | FOR GRAND JURY TRANSCRIPTS |
| | ) | AND TO COMPEL DISCOVERY |
| Defendant. | ) | |
| | ) | Date:      4/12/3007 |
| | | Time:      3:00 p.m. |
| | | Chief Judge:  Helen Gillmor |

UNITED STATES' RESPONSE TO DEFENDANT'S
MOTIONS FOR RECONSIDERATION OF COURT'S DENIAL OF DEFENDANT'S
REQUEST FOR GRAND JURY TRANSCRIPTS AND TO COMPEL DISCOVERY

The United States, by and through its attorney, the

United States Attorney for the District of Hawaii, respectfully

submits the following response to Defendant's motions for

reconsideration and to compel discovery.  The following is alleged in support of this motion.

    1.   The government seeks leave of this Court to submit one response to Defendant's motions since the issues overlap.

    2.   On July 24, 2006, this Court denied Defendant's request for the grand jury testimony of DEA Special Agent Michael Rothermund.  The Court's order correctly stated that access to grand jury transcripts "may not be ordered unless the defendant demonstrates with particularity the existence of a compelling need that is sufficient to outweigh the policy of grand jury secrecy."  United States v. DeTar, 832 F.2d 1110, 1113 (9th Cir. 1987).  Here, Defendant still has failed to come forward with any concrete allegations of government misconduct.

    3.   It is well established that the grand jury may consider hearsay and other evidence that would be inadmissible at trial.  Fed. R. Evid. 1101(d)(2) and United States v. Williams, 504 U.S. 36 (1992).  The practice of presenting hearsay evidence through a government agent/summary witness is accepted practice in federal court.  United States v. Al Mudarris, 695 F.2d 1182, 1185 (9th Cir. 1983).  Defendant attempts to argue that Agent Rothermund's grand jury testimony relies exclusively on his "rough notes" which are verbatim transcriptions of Felipe Ruiz' oral statements and are discoverable under Rule 26 and /or Jencks.  Defendant is wrong.  The "rough" notes are merely a

summary of Agent Rothermund's interviews with Felipe Ruiz and do not contain verbatim statements of the interview.  Furthermore, in United States v. Kamerud, 326 F.3d 1008, 1015 (8th Cir. 2003) the court held that an officer's testimony to grand jury which summarized testimony of another witness was not covered by Jencks and therefore not subject to discovery.  Finally, Defendant's vague belief that these hearsay statements made to the grand jury may be exculpatory in nature does not constitute prejudice given that the "rough" notes are consistent with the typed DEA 6 and both are consistent with Mr. Ruiz' trial testimony. See United States v. Congdon, 54 F. App'x. 636, 638 (9th Cir. 2002) (holding that "mere suspicion" that informants have information which will prove relevant and helpful is not a particularized need).

      4.   Defendant also seeks production of grand jury material under Fed. R. Crim. P. 6.  A party seeking disclosure under Rule 6 must demonstrate a particularized need.  See United States v. Perez, 67 F.3d 1371, 1381 (9th Cir. 1995) (a particularized need is not shown by speculative claims that Assistant U.S. Attorney, rather than the witness testified before the grand jury, and that the DEA agent recited beliefs rather than facts), withdrawn on other grounds, 116 F.3d 840 (9th Cir. 1997).  To meet the particularized need standard, a party must establish that (1) the material sought is necessary to avoid a possible injustice in another judicial proceeding; (2) the need

for disclosure outweighs the need for continued secrecy; and (3) the request is structured narrowly to cover only the material needed. Defendant's motion does not articulate a particularized need.

    5.  The government remains aware of its continuing obligations under Brady and/or Giglio. Government counsel has made every effort to comply with those obligations including adopting an open discovery policy in this case. Government counsel fully intends to continue that policy and has even invited Mr. Arakaki to review the government's copies of discovery previously turned over to prior defense counsel.

    6.  It is true that Felipe Ruiz' cooperation assisted the government. However, the government's case did not rest exclusively on Mr. Ruiz' testimony. Some of the other evidence that the jury considered before returning a guilty verdict included wire tap evidence, the testimony of Brian Joshua Jones, Defendant's fingerprints, and Defendant's flight and subsequent efforts to conceal his identity when he was caught re-entering the United States. See United States v. Service Deli, Inc., 151 F.3d 938, 943 (9th Cir. 1998)(holding that Brady violation exists only if the withheld information would have altered the outcome of the proceeding).

WHEREFORE, it is respectfully requested that Defendant's motions are denied.

DATED: April 10, 2007, at Honolulu, Hawaii.

                          EDWARD H. KUBO, JR.
                          United States Attorney
                          District of Hawaii

                            /s/ Susan Cushman
By_____
     SUSAN CUSHMAN
     Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing document was served on the following at their last known addresses:

Served by First Class Mail:

| | |
|---|---|
| Jeffrey T. Arakaki, Esq.<br>1188 Bishop Street, Suite 1604<br>Honolulu, Hawaii 96813 | April 10, 2007 |
| | /s/ Patricia L. Redondo<br>_____ |