```
              IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,       )  CRIMINAL NO. 00-00184 HG
                                )
            Plaintiff,          )
                                )
      vs.                       )
                                )
JORGE CASAS,                    )
                                )
            Defendant.          )
_____)
```

**ORDER GRANTING DEFENDANT'S MOTION TO EXTEND MOTIONS DEADLINE;
AND
DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY RE: FELIPE RUIZ;
AND
DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT'S DENIAL
OF DEFENDANT'S REQUEST FOR GRAND JURY TRANSCRIPTS;
AND
GRANTING DEFENDANT'S MOTION TO CONTINUE SENTENCING**

On August 17, 2006, a jury convicted Defendant Jorge Casas of various narcotics violations. Since that time, Defendant has made numerous requests to the Court regarding discovery matters, for the appointment of new counsel, and for the continuance of his sentencing date.

## PROCEDURAL HISTORY

On February 15, 2007, the Court granted in part Defendant's Motion for Appointment of New Counsel, dated February 13, 2007, (Doc. 799). The Court appointed Defendant new counsel. The Court reserved ruling on the remaining issues raised in

1

Defendant's February 13, 2007 filing and gave Defendant's new counsel until March 15, 2007 to raise any additional issues not raised in the February 13, 2007 filing.

On March 13, 2007, Defendant filed a Motion to Extend Motions Deadline(Doc. 803), requesting an extension of the March 15, 2007 deadline.

On March 14, 2007, the Court entered a Minute Order addressing Defendant's Motion to Extend Motions Deadline in two parts.  First, to the extent Defendant intended to extend the deadline to file a motion for new trial, the Court made clear that any motion for new trial was governed by Federal Rule of Criminal Procedure 33.

Second, to the extent Defendant requested an extension of the motions deadline beyond March 15 to file motions regarding other matters, the Court indicated that it was willing to extend the deadline for Defendant to submit written materials in support of the remaining issues raised in his February 13, 2007 filing.

In his Motion to Extend Motions Deadline, the Defendant had also requested that the Government disclose certain materials pursuant to Fed. R. Crim. Pro. 16(a) and 18 U.S.C. § 3500.  The Court ordered the Government to respond to the request for disclosure in writing by March 21, 2007.  The Court reserved ruling on the Defendant's Motion to Extend Motions Deadline (Doc. 803) until after receipt of the Government's disclosures.

On March 21, 2007, the Government filed a response to the Defendant's request for disclosures.  The Government provided Defendant with a copy of Agent Rothermund's notes from the debriefing of Felipe Ruiz.  The Government also responded by stating that there were no Jencks grand jury trial transcripts.

On March 27, 2007, the Government filed a Response to Defendant's February 13, 2007 filing.  On that same date, the Government also filed a supplemental response to Defendant's February 13, 2007 filing.

On April 5, 2007, Defendant filed a Motion for Reconsideration of Court's Denial of Defendant's Request for Grand Jury Transcripts (Doc. 808) and a Motion to Compel Discovery Re: Felipe Ruiz (Doc. 809.)  Both of these motions involve the same issues.  On April 10, 2007, the Government filed a consolidated response to Defendant's motions.

## ANALYSIS

### DEFENDANT'S MOTION TO EXTEND MOTIONS DEADLINE (Doc. 803) is GRANTED.

Defendant's MOTION TO EXTEND MOTIONS DEADLINE (Doc. 803) is **GRANTED**.  Defendants motions filed April 5, 2007 are considered timely.

### DEFENDANT'S MOTION TO COMPEL DISCOVERY RE: FELIPE RUIZ (Doc. 809) is DENIED.

Defendant's motion requests the Government to produce discovery related to Government trial witness Felipe Ruiz-Castro,

3

including, but not limited to:

    (1) Transcript of grand jury testimony of DEA Special Agent Michael Rothermund; and

    (2) Transcript of the grand jury testimony of any Government witness who mentioned either Jorge Casas or Felipe Ruiz in their representations.

Alternatively, the Defendant asks the Government to re-examine the materials to determine whether they should be disclosed under Brady or Giglio, or, if the Government is unsure, for the Court to do so.

Throughout the case, the Government has maintained an "open file" policy, allowing defense counsel to come to the office and look through the evidence against Defendant. On March 21, 2007, the Government also provided defense counsel with Agent Rothermund's rough notes. Prior to trial, the Government had provided defense counsel with Agent Rothermund's DEA debriefing report. In response to defense counsel's oral request at the hearing, the Government agreed to provide Defendant with any debriefing reports or notes regarding Brian Jones.

At the trial, government witness Felipe Ruiz-Castro gave trial testimony detrimental to Defendant. Ruiz-Castro did not testify before the grand jury. The Government has indicated that there are no Jencks grand jury transcripts for trial witnesses. From this, Defendant infers that other (non-trial testifying) government witnesses made hearsay statements to the grand jury.

4

Defendant focuses on the grand jury testimony of Agent Rothermund and infers that Agent Rothermund must have made substantially verbatim recitals of oral statements made by Felipe Ruiz-Castro and other government witnesses to the grand jury.  Defendant contends that Agent Rothermund's "hearsay statements" are subject to production under Rule 26.2(f)(2) and (3) of the Federal Rules of Criminal Procedure and as Jencks material.[1]  Defendant believes that the "hearsay statements" may be exculpatory in nature and evidence that tends to impeach the credibility of government trial witness Ruiz-Castro.

Defendant's argument rests on two assumptions.  Defendant assumes that Agent Rothermund testified to the grand jury verbatim as to what Ruiz-Castro said to him.  Defendant also assumes that, at trial, he could have used Agent Rothermund's grand jury "hearsay" testimony to impeach Ruiz-Castro's trial testimony.

Essentially, Defendant has come up with a new theory for the

---

[1] The Jencks Act, 18 U.S.C. § 3500(b), provides:

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

5

disclosure of Agent Rothermund's grand jury testimony.  In its July 24, 2006 "Order Denying Appeal and Request to the District Court to Reconsider Pretrial Matter Determined by the Magistrate Judge Order Denying Defendant Casas' Motion to Compel Production of Grand Jury Transcripts", the Court held that Defendant had not shown a compelling need for any grand jury materials, including the transcript of Agent Rothermund's grand jury testimony. (See Order at p. 5.)  Absent showing of a particularized need, disclosure of a grand jury matter under Federal Rule of Criminal Procedure 6 is not warranted.

The fact that an agent (Agent Rothermund) may have recounted testimony by a government trial witness (Felipe Ruiz-Castro) to the grand jury does not change the Court's prior holding.  Contrary to Defendant's contention, Agent Rothermund's grand jury testimony is not discoverable under Federal Rule of Criminal Procedure 26.2 or the Jencks Act.

The court in United States v. Kamerud, 326 F.3d 1008 (8th Cir. 2003) addressed this issue.  The defendant argued that a "grand jury transcript should be 'fair game' under the Jencks Act so long as anyone whose testimony [the agent] summarized to the grand jury testified at trial." Id. at 1015.  The court rejected the defendant's argument, noting that it is well settled that hearsay testimony is admissible in grand jury proceedings and that "the Jencks Act only required disclosure of the grand jury

transcript if it contained statements by [the testifying agent] that related to the subject matter of his own trial testimony, not some other witness's trial testimony." Id.

This Court agrees with the Eighth Circuit Court of Appeals reasoning in Kamerud. The Jencks Act applies only to the disclosure of "statements". The definition of "statement" under the Jencks Act does not include hearsay statements by a grand jury witness as to what a witness who later testifies at trial said to him. 18 U.S.C. § 3500(e).[2] It is apparent from a review of Agent Rothermund's notes that they are not a substantial verbatim recital of a statement made by Ruiz-Castro to him.

Nine months have passed since the conclusion of the trial

---

[2]   18 U.S.C.A. § 3500 provides:

The term "statement", as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means--

(1) a written statement made by said witness and signed or otherwise adopted or approved by him;

(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or

(3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

and the Court has not been presented with any evidence of irregularities or unfairness in the trial.

Defendant's MOTION TO COMPEL DISCOVERY RE: FELIPE RUIZ (Doc. 809) is **DENIED**.

**DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT'S DENIAL OF DEFENDANT'S REQUEST FOR GRAND JURY TRANSCRIPTS (Doc. 808) is DENIED.**

Defendant seeks reconsideration of the Court's July 24, 2006 Order denying his request for production of grand jury transcripts. Defendant's motion for reconsideration is based on the same grounds as his motion to compel.

Defendant's MOTION FOR RECONSIDERATION OF COURT'S DENIAL OF DEFENDANT'S REQUEST FOR GRAND JURY TRANSCRIPTS (Doc. 808) is **DENIED**.

**DEFENDANT'S MOTION TO CONTINUE SENTENCING (Doc. 816) is GRANTED.**

Defendant's MOTION TO CONTINUE SENTENCING (Doc. 816) is **GRANTED**. Defendant shall file his Sentencing Statement by **May 25, 2007**.

Sentencing as to Defendant Jorge Casas is continued from May 17, 2007 to **June 14, 2007 at 2:30 p.m.**

### CONCLUSION

(1) Defendant's MOTION TO EXTEND MOTIONS DEADLINE (Doc. 803) is **GRANTED**.

(2) Defendant's MOTION TO COMPEL DISCOVERY RE: FELIPE RUIZ (Doc. 809) is **DENIED**.

8

(3) Defendant's MOTION FOR RECONSIDERATION OF COURT'S DENIAL OF DEFENDANT'S REQUEST FOR GRAND JURY TRANSCRIPTS (Doc. 808) is **DENIED**.

(4) Defendant's MOTION TO CONTINUE SENTENCING (Doc. 816) is **GRANTED**.  Defendant shall file his Sentencing Statement on or before **May 25, 2007**.  Sentencing as to Defendant Jorge Casas is continued from May 17, 2007 to **June 14, 2007 at 2:30 p.m.**

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 16, 2007.



/S/ Helen Gillmor
_____
Helen Gillmor
Chief United States District Judge

_____
United States v. Casas; Crim. No. 00-00184; **ORDER GRANTING DEFENDANT'S MOTION TO EXTEND MOTIONS DEADLINE; AND DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY RE: FELIPE RUIZ; AND DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT'S DENIAL OF DEFENDANT'S REQUEST FOR GRAND JURY TRANSCRIPTS; AND GRANTING DEFENDANT'S MOTION TO CONTINUE SENTENCING**