

ORIGINAL

JEFFREY T. ARAKAKI 4093
ATTORNEY AT LAW
1188 Bishop Street, Ste. 1604
Honolulu, Hawaii 96813

Attorney for Defendant

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 2 5 2007

at ____ o'clock and ____ min. ____ M
SUE BEITIA, CLERK

IN THE  UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 00-00184HG |
| ) | |
| Plaintiff, ) | |
| ) | SUPPLEMENT TO |
| vs. ) | DEFENDANT JORGE CASAS' |
| ) | SENTENCING STATEMENT; |
| ) | EXHIBIT A; CERTIFICATE |
| JORGE CASAS, (01) ) | OF SERVICE |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |
| ) | Date: June, 2007 |
| ) | Time: 2:30 p.m. |
| ) | Judge: HELEN GILLMOR |
| ) | |
| _____ ) | |

SUPPLEMENT TO DEFENDANT
JORGE CASAS' SENTENCING STATEMENT

COMES NOW the defendant, JORGE CASAS, by and through his

court appointed counsel, Jeffrey Arakaki,  and respectfully submits the

following supplement to his Sentencing Statement filed on January 10, 2007.

As to Paragraphs 49 and 50 of the Presentence Report, the jury's verdict is that the evidence establishes beyond a reasonable doubt that the defendant is responsible for 774.4 grams of d-methamphetamine hydrochloride and 6,011 grams of cocaine hydrochloride.  The report is remiss, however, in its conclusion that the jury found beyond a reasonable doubt that the 774.4 grams of methampheamine  was "ice".  The Jury made no such determination or finding of fact. (See Transcript of verdict 08/17/06).

The jury found the defendant guilty of all counts except as to Count 16.  As to the special verdict form, under A, methamphetamine, the following box is checked:

"500 grams or more of methamphetamine."

As to B, the following box is ehecked:

"500 grams or more of methamphetamine."

As to C, the following box is checked:

"5,000 grams or more of cocaine."

As to Count 11, the following box is checked:

"500 grams or more of methamphetamine."

And, as to Count 14: "5,000 grams or more of cocaine," is the box

which is checked.

No verdict is ever made as to any quantity of "ice".

Furthermore, a review of the trial transcript and in particular the testimony of Tina Wu Chang, a senior forensic chemist with the Drug Enforcement Administration's Western Laboratory, reveals that the jury received no testimonial evidence as to the purity of the 774.4 grams of a mixture which contained d-methamphetaime hydrocholoride. (See Trial Transcripts 08/11/06 pp. 140-179 and 08/14/06 pp. 163-199)

While the Government might argue that the admission into evidence of Exhibit 63 (The Amended DEA Laboratory Report reflecting the analysis of Tina Wu Chang) provides the jury with information regarding the purity of the relevant methamphetamine mixture, the fact remains that the jury did not find beyond a reasonable doubt that the 774.4 grams of d-methamphetamine hydrochloride was anything but methamphetamine. We cannot speculate that the jury even considered this evidence in determining its verdict, and even if they did, they were not asked to find whether the 774.4 grams of d-methamphetamine hydrochloride was anything but methamphetamine.

Mr. Casas argues that under <u>Apprendi</u> and <u>Buckland,</u> 289 F.3d 558, drug type and quantity must be determined by the jury beyond a reasonable doubt not only to satisfy the aggravated penalty provision under Section 841(b)(1), but where any fact other than the fact of a prior conviction is used to enhance a defendant's sentence and that a determination that the relevant controlled substance in the instant case was "ice" without the jury's finding of such does in fact enhance his sentencing beyond the statutory maximum range as established in <u>Blakely</u>.

Accordingly, in a calculation of a single offense level for offenses involving different types and quantities of drugs as in the instant case, there should be no enhancement based on a finding that the relevant 774.4 gram mixture was "ice" with a marijuana equivalent of 7,744 kilograms where there has been no finding beyond a reasonable doubt by a jury that the relevant mixture was "ice."  The total marijuana equivalent of 6,011 grams of cocaine hydrochloride and 774.4 grams of d-methamphetamine hydrochloride should be 1,202.2 kilograms of marijuana for the cocaine and 1,548.8 kilograms of marijuana for the methamphetamine for a total of 2,751 kilograms of marijuana.

The base offense level in the instant case should be 32.

-4-

As to Paragraph 53 Adjustment for Role in Offense a similar argument exists as to a lack of a finding beyond a reasonable doubt by the jury that the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," pursuant to U.S.S.G. Section 3B1.1(a).

The defendant argues that neither his indictment nor the jury's verdict forms acknowledges the fact stated in the Presentence Report which holds him accountable as a leader/organize. Mr. Casas offers Exhibit A (Felipe Ruiz-Castro's testimony in the Marino trial) as evidence that Mr. Ruiz-Castro was the leader/organized of the conspiracy which defendant is alleged to have been a part of. He also cites Justice Thomas' dissent in Booker, "The Fifth Amendment requires proof beyond a reasonable doubt, not by preponderance of the evidence, of any fact that increases the sentence beyond what could have been lawfully imposed on then basis of facts found by the Jury or admitted to by the defendant". Booker, 125 S.Ct. at 798 (Thomas, J. dissenting)

DATED:  Honolulu, Hawaii, May 24, 2007.

JEFFREY ARAKAKI