EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

SUSAN CUSHMAN
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Susan.Cushman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00184 HG |
|  | ) |  |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE |
|  | ) | TO SUPPLEMENT TO DEFENDANT'S |
| vs. | ) | SENTENCING STATEMENT; |
|  | ) | CERTIFICATE OF SERVICE |
| JORGE CASAS, | ) |  |
|  | ) | Date: June 29, 2007 |
| Defendant. | ) | Time: 10:30 a.m. |
|  | ) | Chief Judge: Helen Gillmor |

GOVERNMENT'S RESPONSE TO SUPPLEMENT TO
DEFENDANT'S SENTENCING STATEMENT

Comes now the United States of America, by and through its undersigned counsel, and hereby submits the following response to the supplement to Defendant's sentencing statement.

1. Counts 1 and 11 of the Second Superseding Indictment charges that, Defendants Jorge Casas and others did knowingly and intentionally distribute and possess with intent to distribute a quantity of crystal methamphetamine-"ice," a

schedule II controlled substance. The jury was instructed that as a matter of law "ice" means a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity. See jury instruction no. 23. The special verdict form first required the jury to make a finding with respect to the weight of the methamphetamine (any purity) in Count 1. The jury was then required to consider section B of the special verdict form and to to make a finding with regard to weight and purity of the crystal methamphetamine. The jury was also asked to make a similar finding with respect to Count 11. Given the jury's verdict, they not only followed the Court's instructions but considered exhibit 63.

      2.  Defendant was appropriately awarded the four (4) level upward adjustment for leader pursuant to U.S.S.G. § 3B1.1. Such an adjustment may be applied if the government shows by a preponderance of the evidence that the Defendant exercised some control over others involved in the commission of the offense or [was] responsible for organizing others for the purpose of carrying out the crime. See U.S. v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). The preponderance of the evidence standard is met by showing that a relevant fact is more likely true than not. See U.S. v. Collins, 109 F.3d 1413, 1420 (9th Cir. 1997). Based on the testimony at trial of Felipe Ruiz-Castro and Brian Joshua

Jones, there is no doubt that Defendant was the leader of the conspiracy.

DATED: June 18, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By  /s/ Susan Cushman
   SUSAN CUSHMAN
   Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing document was served on the following at their last known addresses:

Served by First Class Mail:

    Jeffrey Arakaki, Esq.
    1188 Bishop Street, Suite 1604
    Honolulu, HI   96813

    DATED:  June 18, 2007, at Honolulu, Hawaii.


                                            /s/ Dawn M. Aihara