# MINUTES

CASE NUMBER:    CR 00-00184HG-001

CASE NAME:      UNITED STATES OF AMERICA v. (01) JORGE CASAS

ATTYS FOR PLA:  Susan Cushman, AUSA

ATTYS FOR DEFT: (01) Jeffrey T. Arakaki, Esq.

SPANISH INTERPRETER: Patricia J. Harpstrite (previously sworn in)

JUDGE:    Helen Gillmor

DATE:     July 2, 2007

COURT ACTION: MOTION REQUESTING COURT TO INVOKE ITS SUPERVISORY POWERS TO SET-ASIDE VERDICT AND ORDER A NEW TRIAL -

## MINUTE ORDER

On June 27, 2007, Defendant Jorge Casas filed a "Motion Requesting Court to Invoke Its Supervisory Powers to Set-Aside Verdict and Order a New Trial". (Doc. 826, "Motion")

On June 28, 2007, the United States filed a response to Defendant's Motion. (Doc. 828.)

The Court heard Defendant's Motion on June 29, 2007. Defendant was present in custody.

Defendant is represented by counsel. Defendant, as opposed to Defendant's counsel, drafted the Motion. In filing the Motion on Defendant's behalf, Defendant's counsel, Jeffery T. Arakaki, submitted a Declaration. In his Declaration, Defendant's counsel states that he "adopts Mr. Casa[']s motion to the extent that it preserves his Rule 33 rights as to newly discovered evidence."

Defendant's Motion is a Motion for new trial, pursuant to Fed. R. Crim. P. 33, which he contends is based on newly discovered evidence. At the hearing, Defendant

provided the Court with a copy of the exhibits referenced in Defendant's Motion which the Court marked as Court Exhibit 1. The Court reviewed Court Exhibit 1 and made it part of the record.

Much of Defendant's Motion involves government witness Felipe Ruiz-Castro. At trial, government witness Felipe Ruiz-Castro gave trial testimony detrimental to Defendant. Prior to trial, the Government gave defense counsel Agent Rothermund's DEA debriefing report regarding his interview with Ruiz.

One of the principal arguments raised in Defendant's Motion is that Felipe Ruiz's testimony in previous trials as to the amount of money Defendant gave Ruiz as an "investment" constitutes newly discovered evidence. Defendant has attached excerpts of Ruiz's trial testimony from separate trials which took place in 2001 and 2004. In 2001, Ruiz testified that Casas invested approximately $50,000 or $60,000, but, in 2004, Ruiz testified that Casas invested approximately $40,000.

Evidence concerning Ruiz's prior trial testimony is not newly discovered evidence. Indeed, at trial, Defendant's trial counsel extensively cross-examined Ruiz with the very same prior trial testimony identified by Defendant in his Motion. (Trial Transcript, dated Aug. 11, 2006, at p. 23-27.) Defense counsel's cross-examination of Ruiz brought out the inconsistencies in Ruiz's testimony regarding the amount of Defendant's investment. The jury heard and was able to make credibility determinations based upon this evidence.

This Court has previously ruled on all other issues raised in Defendant's Motion. Defendant has not pointed to any newly discovered evidence or otherwise raised any grounds to support his request for a new trial.

Finally, because Defendant is represented by counsel, he is not permitted to file motions pro se. Both Defendant and Defendant's counsel are put on notice that the Court will strike any future motions or other filings prepared by Defendant, as opposed to Defendant's counsel, so long as Defendant is represented by counsel.

Defendant's "MOTION REQUESTING COURT TO INVOKE ITS SUPERVISORY POWERS TO SET-ASIDE VERDICT AND ORDER A NEW TRIAL" (Doc. 826) is **DENIED**.

IT IS SO ORDERED.

Submitted by: Mary Rose Feria, Courtroom Manager