IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 00-00184 HG-01 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JORGE CASAS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR A REDUCTION/MODIFICATION OF FEDERAL SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) BASED ON THE RETROACTIVE APPLICATION OF USSG AMENDMENT 782 (ECF No. 952)**

Defendant Jorge Casas, proceeding pro se, has filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. Defendant is not eligible to receive a sentence reduction.

Defendant's MOTION FOR A REDUCTION/MODIFICATION OF FEDERAL SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) BASED ON THE RETROACTIVE APPLICATION OF USSG AMENDMENT 782 (ECF No. 952) is **DENIED**.

## PROCEDURAL HISTORY

On June 6, 2001, the grand jury returned a twenty-count Second Superseding Indictment against Defendant. Defendant was charged as follows:

1

**Count 1:** conspiracy to distribute and possess with intent to distribute cocaine, heroin, crystal methamphetamine, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846;

**Counts 3, 4, 7, 8, 10, 13, 15-20:** use of a telephone to facilitate the possession with intent to distribute cocaine, heroin, crystal methamphetamine, and marijuana in violation of 21 U.S.C. § 843(b);

**Count 11:** possession with intent to distribute 50 grams or more of crystal methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2;

**Count 14:** aiding and abetting in the possession with intent to distribute 5000 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (ECF No. 323).

On August 17, 2006, after an eight-day jury trial, Defendant was found guilty as to all Counts, except Count 16, one of the charges for use of a telephone to facilitate drug possession with intent to distribute. (ECF Nos. 752, 754-56).

On June 29, 2007, Defendant was sentenced to 200 months imprisonment as to Counts 1, 11, 14. (ECF No. 835). Defendant was sentenced to 48 months imprisonment as to Counts 3, 4, 7, 8, 10, 13, 15, 17, 18, 19, and 20, all sentences to be served concurrently. (ECF No. 835).

On July 3, 2007, Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Ninth

Circuit. (ECF No. 831).

On July 20, 2011 the Ninth Circuit Court of Appeals affirmed Defendant's conviction and sentence. (ECF No. 910).

On July 27, 2011, Defendant filed a Petition for Panel Rehearing and Rehearing En Banc. (U.S.C.A. Dkt. Sht. 9th Cir. No. 07-10367, Entry No. 89).

On September 7, 2011, the Ninth Circuit Court of Appeals denied the Petition for Rehearing and Rehearing En Banc. (ECF No. 912).

On December 10, 2012, Defendant filed with the District Court a "Motion for Relief" pursuant to 28 U.S.C. § 2255. (ECF No. 917).

On November 25, 2013, the District Court issued an Order Denying Petitioner Jorge Casas's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF No. 935).

On March 10, 2014, Defendant filed a Notice of Appeal and an Application for Issuance of a Certificate of Appealability with the Ninth Circuit Court of Appeals. (ECF Nos. 937, 938).

On June 24, 2014, the Ninth Circuit Court of Appeals denied Defendant's Application for a Certificate of Appealability. (U.S.C.A. Dkt. Sht. 9th Cir. No. 14-15854, Entry No. 3).

On November 17, 2014, Defendant, proceeding pro se, filed with the District Court a "LETTER OF INQUIRY IE: APPLICATION OF AMEND. 782". (ECF No. 941). Defendant requested the assistance

of counsel in seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. (Id.)

On November 24, 2014, the District Court issued a Minute Order appointing the Federal Public Defender's Office to assist Defendant in seeking a sentence reduction. (ECF No. 942).

On December 1, 2014, the Federal Public Defender's Office sent a letter to the Court stating that Defendant advised their Office that he believes there is a conflict of interest with the Federal Public Defender's Office representing him and requested appointment of new counsel. (ECF No. 943).

On December 2, 2014, Attorney Harlan Y. Kimura was appointed as Defendant's new counsel to assist him in seeking a sentence reduction. (ECF No. 945).

On January 28, 2015, Defendant, proceeding pro se, filed "MOVANT'S MEMORANDUM IN SUPPORT MOTION FOR A REDUCTION/MODIFICATION OF FEDERAL SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) BASED ON THE RETROACTIVE APPLICATION OF USSG AMENDMENT 782." (ECF No. 946).

On February 3, 2015, Attorney Kimura filed a MOTION TO WITHDRAW AS COUNSEL. (ECF No. 947).

On February 5, 2015, the Government filed a MOTION TO STRIKE PLEADING. (ECF No. 950). The Government sought to strike Defendant's pro se filing from January 28, 2015.

On February 9, 2015, the Court held a hearing on Attorney Kimura's Motion to Withdraw and the Government's Motion to Strike. (ECF No. 951). The Court granted the Government's Motion to Strike Defendant Casas' January 28, 2015, pro se filing (<u>Id.</u>) The Court denied Attorney Kimura's Motion to Withdraw. (<u>Id.</u>)

On March 24, 2015, Defendant, proceeding pro se, filed "MOVANT'S MEMORANDUM IN SUPPORT MOTION FOR A REDUCTION/MODIFICATION OF FEDERAL SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) BASED ON THE RETROACTIVE APPLICATION OF USSG AMENDMENT 782." (ECF No. 952).

Also on March 24, 2015, Defendant filed "DEFENDANT'S EX-PARTE MOTION TO DISMISS OR OTHERWISE WITHDRAW HARLAN Y. KIMURA AS ATTORNEY FOR THE ABOVE LISTED COURT PROCEEDINGS." (ECF No. 953). Defendant requested to dismiss Attorney Kimura and to proceed pro se on his Motion for a Reduction/Modification of Sentence.

On April 9, 2015, the Court issued a Minute Order granting the Defendant's requests to dismiss Attorney Kimura and to allow Defendant to proceed pro se. (<u>Id.</u>) The Court ordered the Government to respond to Defendant's pro se Motion for Reduction/Modification of Sentence and elected to decide Defendant's Motion without a hearing. (<u>Id.</u>)

On April 29, 2015, the Government filed UNITED STATES' MEMORANDUM REGARDING DEFENDANT JORGE CASAS' ELIGIBILITY FOR

SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 782 TO THE UNITED STATES SENTENCING GUIDELINES. (ECF No. 955).

## ANALYSIS

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013); see also 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826-27 (2010).

First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced. 28 U.S.C. §§ 994(o),(u). The Court is required to examine Section 1B1.10 of the Sentencing Guidelines and the applicable policy statements issued by the Sentencing Commission to determine if the defendant is eligible for a reduction in sentence. Dunn, 728 F.3d at 1155.

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective. The Sentencing Commission provided that Amendment 782 would apply retroactively

to previously-sentenced defendants.  U.S.S.G. §§ 1B1.10(d),
(e)(1).  Amendment 782 reduced by two levels some, but not all,
of the base offense levels in the Drug Quantity Tables at
U.S.S.G. §§ 2D1.1 and 2D1.11.

The Court determines eligibility for a sentence reduction by
examining the amended guideline range that would have been
applicable to the defendant if Amendment 782 to the United States
Sentencing Guidelines had been in effect at the time the
defendant was sentenced.  U.S.S.G. § 1B1.10(b)(1).

Second, the Court must consider whether a reduction is
warranted pursuant to the sentencing factors set forth in 18
U.S.C. § 3553(a).  U.S.S.G. § 1B1.10 Commentary, Application Note
1(B)(i)-(iii); Dillon, 560 U.S. at 826-28.

Here, the Court does not reach the second step in the
inquiry.  Defendant is not eligible for a sentence reduction.
Defendant was already sentenced below the range of his amended
sentencing guidelines pursuant to Amendment 782 to the United
States Sentencing Guidelines.  Defendant would only be eligible
for a further reduction in sentence if he had been sentenced
below the guideline range applicable at sentencing pursuant to a
Government motion based on his substantial assistance to
authorities.  U.S.S.G. § 1B1.10(b)(2)(A).  There was no motion
for substantial assistance made by the Government at Defendant's
sentencing.

**I.  Calculations at Defendant's Sentencing on June 29, 2007**

On August 17, 2006, Defendant was found guilty after a jury trial to Counts 1, 3, 4, 7, 8, 10, 11, 13, 14, 15, 17, 18, 19, 20 in the Second Superseding Indictment.  (Verdict Form, ECF No. 755).

Counts 1, 11, and 14, to which Defendant was found guilty, subjected him to a mandatory statutory minimum of 120 months incarceration.  21 U.S.C. § 841(b)(1)(A)(viii).

Defendant's Presentence Investigation Report reflected that at the time of sentencing on June 29, 2007, Defendant had a criminal history category of II and a total offense level of 38 for a guideline range of 262 to 327 months.

The Court sentenced Defendant to 200 months imprisonment as to Counts 1, 11, and 14.[1]  Defendant's 200 month sentence was below his advisory sentencing guideline range of 262 to 327 months.

Defendant's sentence below the sentencing guideline range was not pursuant to a motion by the Government for his substantial assistance to authorities.

---

[1] Defendant was also sentenced to 48 months imprisonment as to Counts 3, 4, 7, 8, 10, 13, 15, 17, 18, 19, and 20, with all sentences to be served concurrently.  (ECF No. 835).  Defendant may not challenge his 48 month sentence as it has already been served.  U.S.S.G. § 1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.")

**II.  Defendant's Sentencing Guidelines Were Lowered Pursuant to Amendment 782 to the United States Sentencing Guidelines**

Amendment 782 to the United States Sentencing Guidelines, which became effective on November 1, 2014, altered the drug quantities provided in U.S.S.G. § 2D1.1.

Amendment 782 lowered the base offense level applicable to Defendant by two levels.  Defendant was found responsible for 8,946.2 kilograms of marijuana for sentencing purposes, which is now subject to a base offense level two points lower than at the time of his sentencing.  U.S.S.G. § 2D1.1(c)(4) (2014).

At his June 29, 2007 sentencing, Defendant had a total offense level of 38 for a guideline range of 262 to 327 months.

Defendant now has a total offense level of 36 for an amended guideline range of 210 to 262 months.

**III. Defendant is Not Eligible for a Sentence Reduction Because He Was Already Sentenced Below His Amended Guideline Range and Did Not Receive a Lower Sentence Based on a Government Motion for Substantial Assistance to Authorities**

United States Sentencing Guideline 1B1.10(b)(2)(A) provides:

Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(b)(2)(A).

The exception is found in U.S.S.G. § 1B1.10(b)(2)(B).  The

exception to this rule involves cases in which the defendant received a sentence below the guidelines applicable at sentencing pursuant to a government motion for downward departure based on the defendant's substantial assistance to authorities.

Here, Defendant Casas was sentenced to 200 months imprisonment on June 29, 2007. (Judgment at p. 3, ECF No. 835). Defendant's 200 month sentence is below Defendant's amended guideline range of 210-262 months. The Court is unable to reduce Defendant's sentence below the minimum term provided by the amended guideline range pursuant to U.S.S.G. § 1B1.10(b)(2)(A); United States v. Tedesco, 2015 WL 3408118, *1 (D. Nev. May 26, 2015).

Defendant's Motion seeking a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines (ECF No. 952) is **DENIED.**

//

//

//

//

//

//

//

## <u>CONCLUSION</u>

Defendant's "MOTION FOR A REDUCTION/MODIFICATION OF FEDERAL SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) BASED ON THE RETROACTIVE APPLICATION OF USSG AMENDMENT 782" (ECF No. 952) is **DENIED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 30, 2015.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge